# Case No. 24-6058; 25-2028

## In the United States Court of Appeals For the Ninth Circuit

**Ashley M. Gjovik**, *an individual*,

*Plaintiff-Appellant*

v.

**Apple Inc.**, *a corporation,*

*Defendant-Appellee.*

On Appeal from the United States District Court

for the Northern District of California

No. 3:23-CV-04597

The Honorable Judge Edward M. Chen

## Appellant's Motion to Consolidate Cases

**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# Plaintiff-Appellant's Motion to Consolidate Related Appeals for Procedural Efficiency

## I. INTRODUCTION

1. Pursuant to Federal Rule of Appellate Procedure 3(b)(2) and Ninth Circuit Rule 3-3(b), Plaintiff-Appellant Ashley M. Gjovik respectfully moves this Court to consolidate Case Nos. 24-6058 and 25-2028 into a single appellate proceeding. These appeals arise from identical district court proceedings, stem from the same underlying claims, and involve overlapping legal and procedural issues concerning Rule 54(b) certification and appellate jurisdiction. Consolidation will serve the interests of judicial efficiency, procedural uniformity, and the avoidance of duplicative litigation.

## II. RELEVANT BACKGROUND

2. Plaintiff-Appellant filed Appeal No. 24-6058 in 2024, challenging dismissals of her claims.

3. **Case No. 24-6058** was filed following the district court's dismissal of certain claims. However, this Court sua sponte dismissed the appeal on jurisdictional grounds, citing the absence of Rule 54(b) certification. A motion for reconsideration remains pending.

4. **Case No. 25-2028** was filed after further dismissals in the district court. Simultaneously, Plaintiff-Appellant sought Rule 54(b) certification to clarify the finality of the dismissed claims and ensure appealability. A hearing on this motion is scheduled for June 12, 2025 in the district court.

## III. LEGAL STANDARD FOR CONSOLIDATION

5. Federal Rule of Appellate Procedure 3(b)(2) provides that when two or more parties have filed separate timely notices of appeal, the court may join or

consolidate the appeals. The Ninth Circuit routinely grants consolidation where cases share common legal and factual issues and where it would promote efficiency. See *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) (consolidation warranted where claims arise from the same set of facts and involve overlapping legal questions).

6. The Supreme Court has emphasized that consolidation is appropriate where it prevents wasteful duplication of effort and ensures consistent and efficient judicial review. See *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015). Likewise, appellate courts have inherent authority to manage their dockets in a manner that preserves judicial resources and prevents piecemeal litigation. See *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

7. Additionally, the Ninth Circuit has repeatedly endorsed consolidation where fragmentation would undermine judicial economy and procedural consistency. See *Matter of Search Warrant Executed on March 25, 2022,* 69 F.4th 1213, 1220 (9th Cir. 2023).

## IV. ARGUMENT

### A. Consolidation Will Prevent Contradictory Rulings and Promote Judicial Economy.

8. These appeals involve the same underlying litigation, legal questions, and procedural posture. Allowing them to proceed separately risks inconsistent outcomes on the jurisdictional issue, which would create confusion and inefficiency. As this Court has observed, fragmented litigation of essentially identical issues undermines uniformity and judicial efficiency. *AmerisourceBergen*, 465 F.3d at 951.

### B. Consolidation Eliminates Duplicative Briefing and Unnecessary Costs.

9. If these appeals proceed separately, the parties must file duplicative

briefs, repeat oral arguments, and incur unnecessary litigation costs on identical legal issues. Consolidation would allow for a single, streamlined briefing schedule, avoiding redundancy and unnecessary litigation expenses.

### C. Consolidation Will Not Prejudice Either Party.

10. Consolidation will not alter the substantive rights of either party, nor will it affect the district court's pending adjudication of the Rule 54(b) certification motion. The only effect of consolidation is to ensure that both appeals are considered in a coordinated manner, rather than through piecemeal litigation. As the Ninth Circuit has emphasized, courts should favor consolidation where it results in greater efficiency and consistency without creating undue delay or prejudice. *Hall v. Hall,* 138 S. Ct. 1118, 1128 (2018).

## V. REQUESTED RELIEF

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court:

- **Consolidate Case Nos. 24-6058 and 25-2028** into a single appellate proceeding; and
- **Establish a unified briefing schedule** to streamline litigation and avoid procedural inefficiencies.

Should the Court grant this motion, Plaintiff-Appellant respectfully requests guidance on any modifications to existing deadlines to reflect the consolidated status of the cases.

Dated: March 28 2025

**/s/ Ashley M. Gjovik**

*Pro Se Plaintiff*

**Email**: legal@ashleygjovik.com
**Physical Address**: Boston, Massachusetts
**Mailing Address:** 2108 N St. Ste. 4553 Sacramento, CA, 95816
**Phone**: (408) 883-4428

— 5 —