No. 25-2028

IN THE

# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,

*Plaintiff-Appellant,*

*v.*

APPLE INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

**DEFENDANT-APPELLEE APPLE INC.'S
MOTION TO STAY APPEAL
PENDING RULE 54(b) DETERMINATION
OR ALTERNATIVELY TO DISMISS APPEAL**

Jeffrey T. Quilici
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................ i

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION .............................................................................. 2

BACKGROUND ................................................................................ 3

ARGUMENT ..................................................................................... 8

    I.    No Basis For Jurisdiction Exists Absent A Rule 54(b) Certification.............................................................................. 8

        A.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1291. ..................................................................... 8

            1.    The Dismissal Order is not a final decision. ....... 9

            2.    Ms. Gjovik Cannot Meet The Stringent Requirements Of The Collateral Order Doctrine.............................................................. 11

        B.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1292. ..................................................................... 14

        C.    This Court Cannot Issue A Rule 54(b) Certification In The First Instance............................. 15

    II.    This Court Should Stay This Appeal Pending The Outcome Of The Rule 54(b) Motion. .................................... 17

    III.    If It Does Not Issue A Stay, This Court Should Dismiss The Appeal For Lack Of Jurisdiction. ................................. 18

CONCLUSION .................................................................................. 19

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguirre v. S.S. Sohio Intrepid,*
    801 F.2d 1185 (9th Cir. 1986)........................................................ 17, 18

*Casey v. Albertson's Inc.,*
    362 F.3d 1254 (9th Cir. 2004) ............................................................ 9

*Cohen v. Benefit Indus. Loan Corp.,*
    337 U.S. 541 (1949) .................................................................... 8, 11

*Coopers & Lybrand v. Livesay,*
    437 U.S. 463 (1978) ...................................................................... 12

*Curtiss-Wright Corp. v. Gen. Elec. Co.,*
    446 U.S. 1 (1980) ......................................................................... 16

*Digit. Equip. Corp. v. Desktop Direct, Inc.,*
    511 U.S. 863 (1994) ...................................................................... 11

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.,*
    375 F.3d 861 (9th Cir. 2004) ......................................................... 9, 13

*Fontana Empire Ctr., LLC v. City of Fontana,*
    307 F.3d 987 (9th Cir. 2002) ............................................................ 12

*Galaza v. Wolf,*
    954 F.3d 1267 (9th Cir. 2020) ...................................................... 15, 17

*Gupta v. Thai Airways Int'l, Ltd.,*
    487 F.3d 759 (9th Cir. 2007) ............................................................ 12

*Lazy Y Ranch Ltd. v. Behrens,*
    546 F.3d 580 (9th Cir. 2008) ............................................................ 12

*Malone v. Baca-Cook,*
    No. 24-4677, 2024 WL 4723325 (9th Cir. Sept. 20, 2024).................. 16

*Meredith v. Oregon*,
  321 F.3d 807 (9th Cir. 2003), *amended*, 326 F.3d 1030 (9th Cir. 2003) ............................................................................... 12

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ............................................................... 11

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018) ................................................. 16

*Parker v. Learn the Skills Corp.*,
  No. 03-6936, 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. Oct. 25, 2004) ................................................................................. 4

*Prout v. EEOC*,
  No. 24-3972, 2024 WL 4449438 (9th Cir. July 18, 2024) .................. 16

*Quach v. Cross*,
  216 F. App'x 666 (9th Cir. 2007) ........................................... 17

*S.E.C. v. Cap. Consultants LLC*,
  453 F.3d 1166 (9th Cir. 2006) ............................................... 15

*Swint v. Chambers Cnty. Comm'n*,
  514 U.S. 35 (1995) ............................................................... 11

*Thompson v. Frank*,
  599 F.3d 1088 (9th Cir. 2010) ............................................... 11

*United States v. Lummi Indian Tribe*,
  235 F.3d 443 (9th Cir. 2000) ................................................... 9

*Williamson v. UNUM Life Ins. Co. of Am.*,
  160 F.3d 1247 (9th Cir. 1998) ............................................... 13

**Statutes**

28 U.S.C. § 1291 ................................................... 2, 8, 9, 10

28 U.S.C. § 1292 ................................................... 2, 3, 14, 19

28 U.S.C. § 1292(a)(1) ................................................... 14

iv

28 U.S.C. § 1292(a)(2)................................................................14

28 U.S.C. § 1292(a)(3)................................................................14

28 U.S.C. § 1292(b).....................................................................14

Cal. Lab. Code § 6310....................................................................5

**Rules**

9th Cir. R. 27................................................................................1

9th Cir. R. 27-1(2).........................................................................1

9th Cir. R. 27-10(b).......................................................................1

9th Cir. R. 27-11(a)(1)...................................................................1

Fed. R. App. P. 1(a)(1)................................................................15

Fed. R. App. P. 4(a)(1)..................................................................8

Fed. R. Civ. P. 1.........................................................................15

Fed. R. Civ. P. 12(b)(6)..............................................................12

Fed. R. Civ. P. 54(b).............................1, 3, 7, 8, 10, 13, 15, 16, 17, 18, 19

For the second time in less than a year, Plaintiff-Appellant Ashley M. Gjovik has filed an improper, premature appeal from a non-final order granting dismissal of some, but not all, of her claims against Defendant-Appellee Apple Inc. Pursuant to Ninth Circuit Rule 27, Apple respectfully moves to stay this appeal pending the district court's ruling on Ms. Gjovik's motion to the district court under Federal Rule of Civil Procedure 54(b).[1] In the alternative, Apple respectfully moves to dismiss this appeal for lack of appellate jurisdiction.[2][3] Apple has conferred with Ms. Gjovik, *see* 9th Cir. R. 27-1(2), who indicated she opposes the relief requested in this Motion.

---

[1] Within this motion, references to "Dkt.__" are to this Court's docket for Ms. Gjovik's newly-filed appeal, No. 25-2028. References to "No. 24-6058, Dkt. __" are to this Court's docket for Ms. Gjovik's previous interlocutory appeal, which this Court dismissed *sua sponte*. *See* No. 24-6058, Dkt. 7. References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

[2] In this appeal, No. 25-2028, Ms. Gjovik's opening brief is due May 6, 2025. Dkt 2. Apple's answering brief is due June 5, 2025. *Id.* Because this motion requests dismissal, it automatically stays the briefing schedule. 9th Cir. R. 27-11(a)(1). This is Apple's first motion to dismiss No. 25-2028.

[3] This court dismissed Ms. Gjovik's previous premature interlocutory appeal for lack of jurisdiction. *See* No. 24-6058, Dkt. 7. Ms. Gjovik's motion for reconsideration remains pending, *see* No. 24-6058, Dkt. 8, but this Court has not requested a response. *See* 9th Cir. R. 27-10(b).

1

## INTRODUCTION

As with Ms. Gjovik's first appeal, this Court presently lacks jurisdiction over Ms. Gjovik's second premature appeal from a non-final order granting partial dismissal of some of her claims.

In general, federal courts have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. But Ms. Gjovik has once again noticed an appeal from a district court order that is transparently non-final.  The district court's order ruled on Apple's *partial* motion to dismiss, which did not challenge two of Ms. Gjovik's causes of action and challenged only portions of two others.  And while the district court dismissed several claims in their entirety, other claims remain pending in full or in part.  As a result, no final order exists.

Nor can Ms. Gjovik establish jurisdiction under any other provision of law at this time.  For example, the common-law exception for a limited class of collateral orders does not apply because the issues decided in the district court order go directly to the merits of her claims and are easily reviewable on appeal from a final judgment. Ms. Gjovik also has neither sought or obtained certification of any portion of the district court's orders under 28 U.S.C. § 1292, nor do any of the narrow

grants of jurisdiction in § 1292—such as for receivership orders, admiralty cases, or denial of motions seeking an injunction—apply here. And while Ms. Gjovik has requested that the district court determine that "there is no just reason for delay" in appealing certain issues under Federal Rule of Civil Procedure 54(b), the district court has neither issued any such determination not directed entry of a final judgment. Indeed, it is not scheduled even to hear the motion until after the first two briefs in this appeal are due.

Because this Court lacks jurisdiction to review the dismissal order absent entry of a final judgment, it should at a minimum stay this appeal until the district court rules on Ms. Gjovik's pending Rule 54(b) motion. Alternatively, this Court should simply dismiss this appeal for lack of jurisdiction.

## BACKGROUND

The present appeal arises from the district court's order granting in part and denying in part Apple's motion for partial dismissal of Ms. Gjovik's Fifth Amended Complaint. (ECF 145, Ex. 1 ("Partial MTD"); ECF 179, Ex. 2 ("Dismissal Order").)

3

Ms. Gjovik, proceeding pro se[4] following her termination from employment at Apple, filed her initial 155-page complaint against Apple on September 7, 2023.  (ECF 1, Ex. 3 ("Complaint").)  In the wake of Apple's repeated motions to dismiss, and the district court's orders dismissing various claims—including one that *sua sponte* dismissed the "more than 650 page[]; … 1,620 paragraph[]" Second Amended Complaint in full for violating Rule 8 due to "excessive length compounded by a lack of clarity"—Ms. Gjovik has thus far amended her complaint five separate times, most recently on November 17, 2024. (*Amended Complaint, ECF 17, Ex. 4 ("FAC"); Second Amended Complaint, ECF 32, Ex. 5 ("SAC"); Order Denying Plaintiff's Motion For Judicial Notice And Dismissing Plaintiff's Second Amended Complaint, ECF 46 at 2-3, Ex. 6 (quoting *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *4-5 (E.D. Pa. Oct. 25, 2004); Third Amended Complaint, ECF 47, Ex. 7 ("TAC"); Fourth Amended

---

[4] Ms. Gjovik "appears to have a J.D. from Santa Clara University" and chose to represent herself in the district court. (Dismissal Order at 1 & n.1; *see also* 5AC ¶¶ 8, 13.)  She appears to have done the same before this Court.

Complaint, ECF 76, Ex. 8 ("4AC"); Fifth Amended Complaint, ECF 128, Ex. 9 ("5AC").)

On January 7, 2025, Apple moved to dismiss portions of the 5AC. (Partial MTD.)  Specifically, Apple's Partial MTD did not challenge the 5AC's Count 1 (termination in violation of public policy) or Count 3 (violation of California Labor Code § 6310). (*See generally* Partial MTD; *see also* Dismissal Order at 2-3.). In addition, Apple's Partial MTD challenged two of the remaining five counts only in part.  (Partial MTD at 15-16 (seeking to dismiss only parts of Count 2 as time-barred), 21-22 (same as to parts of Count 4); Dismissal Order at 3 (noting that Apple moved to dismiss "part of [these] two retaliation claims").)

Ms. Gjovik opposed the Partial MTD,[5] and Apple replied.  (ECF 150, Ex. 10 ("MTD Opp."); ECF 152, Ex. 11 ("MTD Reply").)

On February 27, 2025, the district court issued a 34-page order granting in part and denying in part Apple's Partial MTD.  (Dismissal Order.)  Noting that Apple again had not challenged Counts 1 or 3, the district court then carefully analyzed the merits of each of Apple's

---

[5] Ms. Gjovik filed "an untimely and oversized opposition" to Apple's MTD.  Dismissal Order at 4.  Although striking her filing would have been proper, the district court elected to rule on the merits.  *Id.*

5

challenges.  It dismissed, in their entirety and with prejudice, Ms.

Gjovik's claims for public nuisance and intentional infliction of

emotional distress, Counts 5-7.  (Dismissal Order at 5-22.) It also

dismissed portions—but not the whole—of Count 2 (violation of

§ 1102.5) and Count 4 (violation of § 98.6) based on Ms. Gjovik's failure

to show that the statute of limitations should be tolled, despite

receiving leave to amend for that purpose.  (*Id.* at 22-32.) The district

court also struck portions of the 5AC as outside the scope of the

amendments permitted by the court's prior order.  (*Id.* at 32-33.)

Finally, the district court denied Ms. Gjovik's request to amend her

complaint yet again.  (*Id.* at 33-34.)

After the district court denied Ms. Gjovik's motion to reconsider

these rulings, (*see* ECF 181, Ex. 12), Ms. Gjovik filed two documents on

March 23, 2025.  The first was a motion requesting that the district

court enter final judgment on various claims dismissed in the Dismissal

Order and earlier rulings, and certify under Federal Rule of Civil

Procedure that those claims should be appealable in advance of a full

disposition of the district court case.  (ECF 189, Ex. 13.)  Despite that

tacit recognition that the Dismissal Order was non-final, Ms. Gjovik's

second filing was a "protective" notice of appeal from what she styles "the final judgment and related dismissal orders entered by [the district] [c]ourt," specifically identifying only the Dismissal Order. (ECF 190 ¶ 1, Ex. 14 ("NOA").)  The district court set a hearing for the Rule 54(b) motion on June 12, 2025.  (ECF 191, Ex. 15.)

This Court docketed this appeal on March 27, 2025. (Dkt. 2.)  The following morning, Ms. Gjovik filed two motions.[6]  The first requested consolidation of this appeal with her already-dismissed first interlocutory appeal.  (Dkt. 3.1.)  The second requested "clarification of the briefing schedule" given that the Rule 54(b) motion is not set for hearing in the district court until after two initial briefs are due in this appeal.  (Dkt. 4.1.)

---

[6] Although Ms. Gjovik listed the case number of this appeal *and* her previous appeal, No. 24-6058, on both filings, she does not appear to have filed either one in No. 24-6058.

7

## ARGUMENT

### I.    No Basis For Jurisdiction Exists Absent A Rule 54(b) Certification.

#### A.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1291.

The Dismissal Order[7] is not appealable as a final decision of the

district court because two claims and parts of two others remain

pending and the district court plainly contemplates further proceedings.

Neither is the Dismissal Order appealable under the narrow exception

to § 1291's final judgment rule: the collateral order doctrine set forth in

*Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541 (1949). The issues

determined in the Dismissal Order go directly to the merits of the

action, and they are easily reviewable from the eventual final judgment

in this case.

---

[7] To the extent that Ms. Gjovik purports to appeal from earlier interlocutory orders dismissing some of her claims, she cannot.  Even if those unspecified orders were final judgments—and they are not—the most recent dismissal order other than ECF 179 issued in October 2024, and others are even further in the past.  Thus, Ms. Gjovik cannot show that her notice of appeal was filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).  Thus, this Motion discusses only the Dismissal Order.

8

### 1. The Dismissal Order is not a final decision.

This Court lacks jurisdiction under 28 U.S.C. § 1291 because the only order identified in Ms. Gjovik's NOA—the Dismissal Order—is not a "final decision of the district court[]." A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004) (*DRAC*) (quoting *United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir. 2000)). Specifically, "[a] decision is 'final' within the meaning of § 1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" *Id.* (quoting *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1258 (9th Cir. 2004)).

The Dismissal Order meets none of these requirements. The Dismissal Order plainly does not adjudicate all issues in the case or end the litigation on the merits. Apple's Partial MTD did not even seek dismissal of two claims included in the 5AC, and sought only dismissal in part for two others. *Supra* 5. In addition, the district court denied Apple's motion as to parts of two of the claims Apple challenged. *Supra* 5-6. Indeed, the Federal Rules explicitly recognize that an order "that

9

adjudicates fewer than all the claims … does not end the action as to any of the claims or parties" unless the district court "expressly determines that there is no just reason for delay" and "direct[s] entry of a final judgment." Fed. R. Civ. P. 54(b). At the time Ms. Gjovik noticed her appeal—and as of this writing—the district court has not entered a final judgment nor made the required determination, and it is not scheduled even to hear Ms. Gjovik's request for that determination for over two months.

It is equally clear that the district court intends to conduct further proceedings in the matter. For example, the district court expressly noted that discovery will proceed on certain claims that it did not dismiss. (Dismissal Order at 33.) And after the Dismissal order, the district court resolved pending discovery disputes, directed the parties to meet and confer on a protective order, and indicated that it intends to adopt the court's model order if they cannot agree. (ECF 181, Ex. 12.)

Because the Dismissal Order is not a final decision of the district court, this Court lacks jurisdiction under § 1291.

## 2.    Ms. Gjovik Cannot Meet The Stringent Requirements Of The Collateral Order Doctrine.

The collateral order doctrine permits federal courts of appeal to exercise jurisdiction over a small class of decisions "that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (citations omitted). Specifically, the collateral order doctrine applies only to orders that (1) are conclusive, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from final judgment. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (citing *Cohen*, 337 U.S. at 546); *Thompson v. Frank*, 599 F.3d 1088, 1090 (9th Cir. 2010) (holding appellate court had no jurisdiction to review order that would be addressable on appeal after final judgment). The Supreme Court has cautioned that this doctrine "must never be allowed to swallow the general rule that a party is entitled to a single appeal" after a final judgment. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Digit. Equip. Corp*, 511 U.S. at 868).

As a result, the classes of orders appealable under the collateral order doctrine are small and strictly circumscribed. For example, this

11

Court will exercise jurisdiction under the collateral order doctrine over a denial of *immunity from suit* under the doctrine of qualified immunity (but only "to the extent that it raises an issue of law," not fact), *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 587-88 (9th Cir. 2008), or the Foreign Sovereign Immunity Act, *Gupta v. Thai Airways International, Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007). Similarly, jurisdiction is available over orders granting dismissal under the *Rooker-Feldman* doctrine or *Burford* abstention, *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 991 (9th Cir. 2002), though not *Younger* abstention, *Meredith v. Oregon*, 321 F.3d 807, 811-12 & n.4 (9th Cir. 2003), *amended*, 326 F.3d 1030 (9th Cir. 2003). But it does not extend to commonplace orders granting dismissal of some, but not all, claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Dismissal Order illustrates why that is so—it fails two of *Swint*'s requirements. To satisfy the second prong of the collateral order doctrine, Ms. Gjovik must show that appellate review will "resolve an important issue completely separate from the merits of the action[.]" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). She cannot.

12

The district court extensively analyzed the merits of each of the challenged counts in Ms. Gjovik's 5AC, determined whether Apple's challenges had merit and whether Ms. Gjovik's response answered Apple's critique, and rendered a determination. *Supra* 5-6. Those determinations thus go directly to the merits of the dismissed claims.

Neither can Ms. Gjovik satisfy *Swint*'s third prong; she will not lose her opportunity to appeal the district court's decision. Once the remaining claims are decided and the district court enters final judgment, this Court will have jurisdiction to review the merits of the Dismissal Order. *See, e.g.*, *DRAC*, 375 F.3d at 872 (jurisdiction lacking over an order dismissing one party but available after the district court subsequently dismissed the remaining parties and entered final judgment). The same will be true if the district court grants any part of Ms. Gjovik's Rule 54(b) motion: she may appeal from whatever final judgment the district court enters as a result. *See, e.g.*, *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1251, 1253 (9th Cir. 1998) ("Because the district court has not yet … directed the entry of a judgment … pursuant to Rule 54(b) … review of the district court's orders will not be foreclosed if this appeal is dismissed.").

13

Because Ms. Gjovik cannot establish two of the requirements for the collateral order doctrine, this Court lacks jurisdiction on that alternative basis.

**B.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1292.**

In 28 U.S.C. § 1292, Congress granted federal appellate courts additional jurisdiction in a small handful of particular circumstances, none of which applies here.  On its face, the Dismissal Order is not an admiralty case.  *See* 28 U.S.C. § 1292(a)(3).  Nor does it "appoint[] receivers, or refus[e] … to wind up receiverships or to take steps to accomplish the purposes thereof."  28 U.S.C. § 1292(a)(2).  And none of the claims addressed in the Dismissal Order requested injunctive relief.  28 U.S.C. § 1292(a)(1).  Finally, while this Court can choose, in its discretion, to hear an interlocutory appeal where jurisdiction is otherwise unavailable, Ms. Gjovik has neither sought nor obtained the required determination from the district court that the Dismissal Order "involves a controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

14

**C.    This Court Cannot Issue A Rule 54(b) Certification In The First Instance.**

Ms. Gjovik appears to assert that this Court can itself transform an interlocutory order into an appealable final judgment under Rule 54(b), without the district court ruling on her motion. (*See* Dkt. 4.1 ¶ 8 (claiming that "appellate courts may grant Rule 54(b) certification independently of the district court's ruling"). If so, she is mistaken. Rule 54(b), like all Federal Rules of Civil Procedure, governs "civil actions and proceedings in the United States *district* courts" (emphasis added), not the Courts of Appeals. Fed. R. Civ. P. 1; *compare id.*, *with* Fed. R. App. P. 1(a)(1). Thus, Rule 54(b) authorizes only the district court to direct entry of a final judgment and determine whether there is "no just reason for delay" in appealing only part of a case. *See, e.g.*, *Galaza v. Wolf*, 954 F.3d 1267, 1271 (9th Cir. 2020) (noting "the well-settled rule that entry of a final judgment *by the district court* is still needed to make appealable an order that otherwise would have been non-final" (emphasis added)); *S.E.C. v. Cap. Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006). This Court may then review the propriety of that decision, but before the district court acts on Ms. Gjovik's Rule 54(b) motion, no final judgment exists to be reviewed. Even the cases

15

Ms. Gjovik cites confirm as much, and both arose only after a district court granted a Rule 54(b) motion. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5, 8 (1980) (district court acts as "dispatcher" exercising "sound judicial discretion" to determine when a claim is ready for appeal); *Pakootas v. Teck Cominco Metals, Ltd.,* 905 F.3d 565, 571, 576 (9th Cir. 2018) (same). Ms. Gjovik cites no authority—and undersigned counsel have located none—permitting this Court to assign the original decision under Rule 54(b) to itself.

Ms. Gjovik is equally mistaken in asserting this Court has "repeatedly exercised this discretion" where a district court has denied a Rule 54(b) motion. (*See* Dkt. 4.1 ¶ 8.) Rather, as this Court correctly noted in its order dismissing Ms. Gjovik's prior appeal, this Court reviews a district court's decision to *enter* a final judgment under Rule 54(b) without disposing of the entire action. No. 24-6058, Dkt. 7.1 (interlocutory order is "not immediately appealable *unless district court directs entry of judgment*" under Rule 54(b) (emphasis added)); *see also Malone v. Baca-Cook*, No. 24-4677, 2024 WL 4723325, at *1 (9th Cir. Sept. 20, 2024) (same); *Prout v. EEOC*, No. 24-3972, 2024 WL 4449438, at *1 (9th Cir. July 18, 2024) (same). Where the district court denies a

16

Rule 54(b) motion, again no final judgment exists to be reviewed. *See, e.g.*, *Galaza*, 954 F.3d at 1271 ("entry of a final judgment" is required).

## II. This Court Should Stay This Appeal Pending The Outcome Of The Rule 54(b) Motion.

Unless the district court grants Ms. Gjovik's Rule 54(b) motion, there is no final judgment and this Court lacks jurisdiction. *Supra* 8-17.

However, this Court has, in some circumstances, stayed proceedings on a premature notice of appeal to permit the district court to determine whether to enter a final judgment under Rule 54(b). *See, e.g.*, *Quach v. Cross*, 216 F. App'x 666, 667 (9th Cir. 2007). If—and only if—the district court elects to do so, this Court may then permit the appeal to proceed. *See, e.g.*, *id.* ("An order containing a Rule 54(b) certification is sufficient to validate a prematurely filed notice of appeal if neither party is prejudiced."); *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) (same).

The Court should do so here. While Apple opposes Ms. Gjovik's motion in the district court, Apple does not seek to multiply appellate proceedings needlessly. If the district court denies Ms. Gjovik's motion below, as it should, no further basis for jurisdiction could arise and this

17

Court can dismiss this appeal at that time without further briefing. But if the district court enters a final judgment on certain issues despite Apple's well-founded opposition, little purpose likely would be served by forcing the filing of yet another appeal.[8] Rather, this Court could lift the stay and direct the parties to focus their attention solely on the issues decided in that judgment. Indeed, while she professes not to seek a stay, Ms. Gjovik appears to agree that the pending Rule 54(b) motion may warrant "adjustments to the briefing schedule." (Dkt. 4.1 ¶ 13.)

Delaying proceedings until it is clear what issues, if any, exist in a final judgment would best serve judicial economy. This Court should stay the appeal.

## III. If It Does Not Issue A Stay, This Court Should Dismiss The Appeal For Lack Of Jurisdiction.

However, if this Court does not issue a stay, it should recognize that no basis for jurisdiction over this appeal presently exists. As noted above, the Dismissal Order is not a final judgment because it does not resolve all of Ms. Gjovik's claims and the district court has already

---

[8] Apple notes that subsequent events can validate a premature appeal only if "neither party is prejudiced." *Aguirre*, 801 F.2d at 1189. While Apple does not presently anticipate prejudice from a Rule 54(b) ruling, Apple reserves the right to object on that basis later.

18

embarked on additional discovery proceedings on the remaining claims. *Supra* 9-10. Nor do any of the exceptions to the final judgment rule, or any alternative basis for jurisdiction under 28 U.S.C. § 1292, apply here. *Supra* 11-14. Thus, without a judgment entered under Rule 54(b), Ms. Gjovik cannot show that this Court has jurisdiction over her appeal.

Because no appellate jurisdiction exists at this time, if this Court elects not to issue a stay pending the district court's ruling on the Rule 54(b) motion, it should dismiss this appeal.

## CONCLUSION

Because the Dismissal Order did not end Ms. Gjovik's litigation against Apple in the district court and none of the handful of exceptions that would allow her to appeal a non-final order apply, this Court lacks jurisdiction absent entry of a final judgment and a determination under Rule 54(b). This Court should stay the appeal pending the district court's resolution of the Rule 54(b) motion. Alternatively, this Court should dismiss this appeal for lack of appellate jurisdiction.

April 7, 2025

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX  78701

Respectfully submitted,

/s/ Melinda S. Riechert

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Defendant-Appellee Apple Inc.*

## CERTIFICATE OF COMPLIANCE

1.  Pursuant to Fed. R. App. 32(g), this motion complies with the type-volume limitation of 9th Cir. R. 27-1, because this motion contains 19 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*