No. 24-6058; 25-2028

In The

# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,

*Plaintiff-Appellant,*

*v.*

APPLE INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

## DEFENDANT-APPELLEE APPLE INC.'S RESPONSE TO APPELLANT'S MOTION TO CONSOLIDATE

| | |
|---|---|
| Jeffrey T. Quilici | Jessica R. Perry |
| ORRICK, HERRINGTON & | Melinda S. Riechert |
|   SUTCLIFFE LLP | ORRICK, HERRINGTON & |
| 200 West 6th Street, Suite 2250 |   SUTCLIFFE LLP |
| Austin, TX  78701 | 1000 Marsh Road |
| | Menlo Park, CA  94025 |
| | (650) 614-7400 |
| | |
| | Kathryn G. Mantoan |
| | ORRICK, HERRINGTON & |
| |   SUTCLIFFE LLP |
| | 405 Howard Street |
| | San Francisco, CA  94105 |

*Counsel for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

i

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ................................................................... iii

BACKGROUND ...................................................................................... 2

ARGUMENT ............................................................................................ 5

    I.    If This Court Stays This Appeal Pending The Rule 54(b) Motion, Consolidation of Appeals May Promote Judicial Efficiency. ................................................................. 5

    II.   Consolidation Is Not Otherwise Appropriate. ........................ 6

CONCLUSION ...................................................................................... 10

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
  465 F.3d 946 (9th Cir. 2006) .......................................................... 8, 9

*Gelboim v. Bank of America Corp.*,
  574 U.S. 405 (2015) ............................................................................ 8

*Hall v. Hall*,
  138 S. Ct. 1118 (2018) ...................................................................... 10

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .......................................................................... 10

*Orr v. Plumb*,
  884 F.3d 923 (9th Cir. 2018) .............................................................. 6

*Ramirez v. Paradies Shops, LLC*,
  69 F.4th 1213 (11th Cir. 2023) ........................................................... 9

*United States v. Hayes*,
  No. 2:24-CR-0280-DJC, 2025 WL 235531 (E.D. Cal. Jan.
  17, 2025) ............................................................................................. 9

*United States v. State of Wash.*,
  573 F.2d 1121 (9th Cir. 1978) ............................................................ 7

**Statutes**

28 U.S.C. § 1407 ....................................................................................... 8

**Rules**

9th Cir. Rule 27-10(b) ............................................................................... 3

Fed. R. Civ. P. 42 .................................................................................... 10

Fed. R. Civ. P. 54(b) ........................................................... 1, 2, 5, 6, 7, 10

Relying on a mixture of inapposite cases and at least one case that does not appear to exist, Plaintiff-Appellant Ashley M. Gjovik moves this Court to consolidate this improper interlocutory appeal with a prior appeal (from a separate interlocutory order in the same district court case against Defendant-Appellee Apple Inc.) that this Court has already dismissed for lack of appellate jurisdiction. As Apple explains more fully in other filings, (*see* Dkt. 5),[1] appellate jurisdiction is equally lacking here. Unless and until the district court enters a final judgment in response to Ms. Gjovik's pending motion under Rule 54(b), there is no judgment for this Court to review. Ms. Gjovik's present appeal also improperly seeks review of other unspecified interlocutory orders dismissing some, but not all, of the claims she has spread across a total of six complaints throughout the last eighteen months. (*See* ECF 190 ¶ 1, Ex. 1.). And it is unclear whether Ms. Gjovik intends to include among those orders the one from which she improperly appealed in her

---

[1] Within this motion, references to "Dkt.__" are to this Court's docket for Ms. Gjovik's newly-filed appeal, No. 25-2028. References to "No. 24-6058, Dkt. __" are to this Court's docket for Ms. Gjovik's previous interlocutory appeal, which this Court dismissed *sua sponte*. *See* No. 24-6058, Dkt. 7. References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

1

prior visit to this Court, even though that appeal remains pending on a motion for rehearing.

In response to the procedural morass Ms. Gjovik has created, this Court should stay proceedings in this appeal until the district court rules on her Rule 54(b) motion, as Apple has requested in its concurrently filed motion. (*See* Dkt. 5.) If this Court grants that stay *and* the district court certifies any of the issues raised in No. 24-6058, Apple does not oppose consolidation of the appeals at that time. Under such circumstances, this appeal would proceed *only* on the issues—if any—that the district court identifies as appropriate for an immediate appeal and includes in a final judgment, saving judicial resources. However, Apple opposes consolidation under any other circumstances, and specifically opposes any attempt by Ms. Gjovik to evade this Court's prior rulings by briefing issues this Court has already dismissed.

## BACKGROUND

Ms. Gjovik, proceeding pro se[2] following her termination from employment at Apple, filed her initial complaint against Apple on

---

[2] Ms. Gjovik "appears to have a J.D. from Santa Clara University" and chose to represent herself in the district court. (Dismissal Order at 1 &

2

September 7, 2023. (ECF 1, Ex. 2.) As the district court has correctly noted, "Ms. Gjovik's case is essentially a retaliation case." (ECF 179 at 34, Ex. 3 ("Dismissal Order").). Nevertheless, in the course of six separate complaints, Ms. Gjovik has attempted to assert claims under, among other things, the Dodd-Frank Act, the Sarbanes-Oxley Act, California's Unfair Competition Law, environmental regulations, and civil RICO. (*See, e.g.*, ECF 47, Dkt. 5 Ex. 7.) In a corresponding series of partial dismissal orders, the district court eliminated these extraneous claims. (*See, e.g.*, ECF 73 at 46-48.). But Ms. Gjovik's core employment claims remain pending (*see* ECF 179 at 2-3, 34, Ex. 3.)

On October 1, 2024, Ms. Gjovik noticed an appeal, No. 24-6058, from the district court's interlocutory order dismissing eight of thirteen claims in her Fourth Amended Complaint, in whole or in part, with leave to amend concerning several claims. (ECF 112, Ex. 4; ECF 113, Ex. 5.) This Court *sua sponte* dismissed that appeal for lack of appellate jurisdiction. (No. 24-6058, Dkt. 7.1.)[3]

---

n.1; *see also* ECF 128 ¶¶ 8, 13, Ex. 6). She appears to have done the same before this Court in both her appeals.

[3] Ms. Gjovik filed a motion for reconsideration (No. 24-6058, Dkt. 8.1), which remains pending. This Court has not requested a response from Apple. *See* 9th Cir. Rule 27-10(b).

3

After Ms. Gjovik filed her Fifth Amended Complaint, the district court again granted in part and denied in part Apple's motion for partial dismissal. (Dismissal Order, Ex. 3.). Specifically, the district court dismissed three claims for public nuisance and intentional infliction of emotional distress and dismissed only in part two retaliation claims. (Dismissal Order at 2-3, 34.) Two other claims—which Apple did not challenge in its motion to dismiss—also remain pending. (Dismissal Order at 2-3, 34.).

After the district court denied Ms. Gjovik's motion to reconsider these rulings, (*see* ECF 181, Ex. 7), Ms. Gjovik filed two documents on March 23, 2025. The first was a motion requesting that the district court enter final judgment on various claims dismissed in the Dismissal Order and earlier rulings, and certify under Federal Rule of Civil Procedure that those claims should be appealable in advance of a full disposition of the district court case. (ECF 189, Ex. 8). Despite that tacit recognition that the Dismissal Order was non-final, Ms. Gjovik's second filing was a "protective" notice of appeal from what she styles "the final judgment and related dismissal orders entered by [the district] [c]ourt," specifically identifying only the Dismissal Order.

4

(ECF 190 ¶ 1 ("NOA"), Ex. 1.) The district court set a hearing for the Rule 54(b) motion on June 12, 2025. (ECF 191, Ex. 9.)

## ARGUMENT

**I.  If This Court Stays This Appeal Pending The Rule 54(b) Motion, Consolidation of Appeals May Promote Judicial Efficiency.**

While Apple opposes Ms. Gjovik's Rule 54(b) motion in the district court, Apple does not seek to multiply appellate proceedings needlessly. If the district court denies Ms. Gjovik's motion below, as it should, no further basis for jurisdiction could arise and this Court can dismiss this appeal at that time without further briefing. (*See* Dkt. 5.). Similarly, this Court could deny Ms. Gjovik's motion for rehearing in her prior appeal, as no further basis for appellate jurisdiction could possibly arise. The same is true if the district court certifies some issues, but none of the ones Ms. Gjovik incorrectly attempted to raise in her previous visit to this Court. In either case, consolidation is inappropriate.

However, if the district court instead determines that some issues raised here, and others raised in No. 24-6058, are suitable for immediate appeal, there is little sense in reviewing parts of that ruling

5

in two separate appeals. Rather, this Court can simply consolidate the two appeals at that time and direct the parties to focus a single set of briefs solely on the issues decided in whatever final judgment the district court elects to enter. This approach avoids wasting the time, effort, and resources of both the parties and this Court.

But those savings are contingent on actually knowing what issues, if any, are addressed in the district court's final judgment. That knowledge will be available during briefing only if (a) this Court stays these proceedings pending the outcome of the Rule 54(b) motion below, and (b) the district court in fact certifies at least one issue raised in No. 24-6058. As a result, Apple's does not oppose consolidation if—and only if—this Court issues such a stay and the district court rules in Ms. Gjovik's favor on at least one issue in her prior appeal.

## II. Consolidation Is Not Otherwise Appropriate.

Ms. Gjovik has not shown that consolidation of her appeals is appropriate under any other circumstance.

As a threshold matter, this Court can consolidate appeals "only if each of the separate notices of appeal is timely *and the appeals are subject to our jurisdiction.*" *Orr v. Plumb*, 884 F.3d 923, 931 (9th Cir.

2018) (emphasis added); *United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978). Ms. Gjovik neither acknowledges this requirement nor addresses how she can meet it. For good reason: this Court has already determined that it lacks jurisdiction over one of the appeals Ms. Gjovik seeks to consolidate. (No. 24-6058, Dkt. 7.1.) As a result, consolidation is unavailable unless the district court grants relief under Rule 54(b) and enters a final judgment that includes both a claim dismissed from Ms. Gjovik's Fourth Amended Complaint, and another claim dismissed in the order she appeals from here.

Ms. Gjovik is also incorrect that her appeals involve "overlapping legal and procedural issues" in advance of any Rule 54(b) ruling below.

And to the extent that Ms. Gjovik is concerned by any duplication, confusion, or fragmentation of her appeals, those issues are of her own making. Ms. Gjovik insists on filing improper and premature interlocutory appeals from non-final orders that dismiss only certain claims or parts of claims, rather than from a final judgment that fully disposes of her district court case. *Supra* 3-4. She can avoid any such concerns in the future by taking an appeal in the normal course from the final judgment at the end of the district court case.

7

As a result, if it denies the stay Apple has requested, this Court should also deny consolidation.

Ms. Gjovik offers no authority to the contrary. Indeed, Ms. Gjovik's Motion repeatedly relies on inapposite case citations, and in at least one case an apparently invented one. Perhaps the most innocuous example is *Gelboim v. Bank of America Corp.*, which does not "emphasize[]" that consolidating appeals "is appropriate where it prevents wasteful duplication of effort and ensures consistent and efficient judicial review," as Ms. Gjovik asserts. (Dkt. 3.1 ¶ 6). In fact, it discusses transfer of disparate district court cases to an MDL panel for pretrial proceedings under 28 U.S.C. § 1407. *See* 574 U.S. 405, 410 (2015). Elsewhere, Ms. Gjovik cites to authority that is completely unrelated to the issues at hand. For example, Ms. Gjovik twice cites *AmerisourceBergen Corp. v. Dialysist W., Inc.*: once to support her assertion that "[t]he Ninth Circuit routinely grants consolidation where cases share common legal and factual issues and where it would promote efficiency," and again for the proposition that "this Court has observed [that] fragmented litigation of essentially identical issues undermines uniformity and judicial efficiency." (Dkt. 3.1 ¶¶ 5, 8.). But

8

while *AmerisourceBergen* exists, it nowhere discusses consolidation of appeals, fragmented litigation, or judicial efficiency. Instead, the page Ms. Gjovik identifies discusses setoff of monetary claims and a denial of leave to amend a complaint. *See* 465 F.3d 946, 951 (9th Cir. 2006).

Most troubling, one case Ms. Gjovik offers—*Matter of Search Warrant Executed on March 25, 2022*—does not appear to exist at all. Ms. Gjovik cites it to show that "the Ninth Circuit has repeatedly endorsed consolidation where fragmentation would undermine judicial economy and procedural consistency." (Dkt. 3.1 ¶ 7.). However, the citation Ms. Gjovik provides leads instead to a discussion by the *Eleventh* Circuit of the sufficiency of a negligence claim in a differently-captioned case unrelated to any search warrant or to consolidation of appeals. *See Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1220 (11th Cir. 2023); *see generally id.* (discussing consolidation nowhere). And undersigned counsel have not located any decision of this Court bearing the caption Ms. Gjovik provides. At the very least, this last citation bears "all the markings of a hallucinated case created by generative artificial intelligence (AI) tools." *United States v. Hayes*, No. 2:24-CR-0280-DJC, 2025 WL 235531, at *8 (E.D. Cal. Jan. 17, 2025).

9

These unhelpful citations aside, Ms. Gjovik offers only hoary platitudes concerning this Court's power to manage its docket, (*see, e.g.*, Dkt. 3.1 ¶ 6 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))), or cases evaluating consolidation in significantly different contexts, (*see* Dkt. 3.1 ¶ 10 (citing *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018), which concerns consolidation of district court cases under Rule 42)). Neither of these authorities sheds light on this Court's criteria for consolidating appeals, much less establishes how she can consolidate her present appeal with one already dismissed for lack of jurisdiction.

## CONCLUSION

A favorable Rule 54(b) ruling below is the only way Ms. Gjovik can establish jurisdiction over either of the appeals she seeks to consolidate. Therefore, if this Court grants Apple's motion to stay these proceedings pending the outcome of her Rule 54(b) motion, it should consolidate Ms. Gjovik's appeals and proceed, if at all, only on issues certified by the district court in a forthcoming final judgment. Otherwise, it should deny the motion.

| | |
|---|---|
| April 7, 2025 | Respectfully submitted, |
| | */s/ Melinda S. Riechert* |
| Jeffrey T. Quilici | Jessica R. Perry |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Melinda S. Riechert |
| 200 West 6th Street, Suite 2250 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Austin, TX 78701 | 1000 Marsh Road |
| | Menlo Park, CA 94025 |
| | (650) 614-7400 |
| | |
| | Kathryn G. Mantoan |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 405 Howard Street |
| | San Francisco, CA 94105 |

*Counsel for Defendant-Appellee Apple Inc.*

11

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. 32(g), this response complies with the type-volume limitation of 9th Cir. R. 27-1, because this response contains 10 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*