No. 24-6058; 25-2028

IN THE
# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,
     *Plaintiff-Appellant,*

*v.*

APPLE INC.,
     *Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

**DEFENDANT-APPELLEE APPLE INC.'S RESPONSE
TO APPELLANT'S MOTION FOR CLARIFICATION**

| | |
|---|---|
| Jeffrey T. Quilici<br>ORRICK, HERRINGTON &<br> SUTCLIFFE LLP<br>200 West 6th Street, Suite 2250<br>Austin, TX  78701 | Jessica R. Perry<br>Melinda S. Riechert<br>ORRICK, HERRINGTON &<br> SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>(650) 614-7400<br><br>Kathryn G. Mantoan<br>ORRICK, HERRINGTON &<br> SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA  94105 |

*Counsel for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

i

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i
TABLE OF AUTHORITIES ................................................................. iii
ARGUMENT ........................................................................................ 1
CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Galaza v. Wolf*,
    954 F.3d 1267 (9th Cir. 2020) .............................................................. 2

**Rules**

9th Cir. Rule 27-11(a)(1) ........................................................................ 1

Fed. R. Civ. P. 54(b) ............................................................................... 2

## ARGUMENT

While Apple does not oppose Ms. Gjovik's request to clarify this Court's briefing schedule in the abstract, that request is moot. Apple filed alongside this Response a motion that seeks, at least in the alternative, dismissal of her appeal. As a result, the briefing schedule is automatically suspended, pending this Court's disposition of Apple's motion. 9th Cir. Rule 27-11(a)(1). There is no current briefing schedule to clarify.

In any case, Apple agrees that this Court should account for Ms. Gjovik's subsequent filings in the district court when it next considers whether and when to institute a briefing schedule. But despite Ms. Gjovik's protests, this Court should either stay this appeal pending further action by the district court, or dismiss it.

Specifically, as Apple explains more fully in its motion, this Court presently lacks jurisdiction over this appeal because it is taken from a non-final order[1] that disposes of only some of Ms. Gjovik's claims for

---

[1] Ms. Gjovik's notice of appeal also purports to cover other unspecified dismissal orders which, like the one she identifies, do not dispose of her entire action. (ECF 190 ¶ 1, Ex. 1.) But even if those other orders were final—which they are not—Ms. Gjovik cannot show that her notice of appeal was timely as to any of them. (*See* Dkt. 5 at n.7.)

1

relief, while leaving others for later decision. (*See* Dkt. 5 at 8-17; ECF 179, Ex. 2.)[2] However, Ms. Gjovik has moved the district court to determine whether any of its dismissals, or partial dismissals, of Ms. Gjovik's claims are suitable for immediate appeal, and if so to certify those issues under Federal Rule of Civil Procedure 54(b) and enter a final judgment. (ECF 189, Ex. 3.). Until and unless Ms. Gjovik receives a favorable ruling on that motion, no final judgment exists.

As a result, this Court should at the least stay any briefing pending the district court's resolution of Ms. Gjovik's pending Rule 54(b) motion, so that this appeal proceeds, if at all, only on issues over which this Court can properly exercise jurisdiction. *See, e.g.*, *Galaza v. Wolf*, 954 F.3d 1267, 1271 (9th Cir. 2020) (noting "the well-settled rule that entry of a final judgment by the district court is still needed to make appealable an order that otherwise would have been non-final"). If it elects not to do so, this Court should instead dismiss this appeal for lack of jurisdiction.

---

[2] References to "Dkt.__" are to this Court's docket for Ms. Gjovik's newly-filed appeal, No. 25-2028. References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

2

April 7, 2025

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Respectfully submitted,

*/s/ Melinda S. Riechert*

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee Apple Inc.*

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. 32(g), this response complies with the type-volume limitation of 9th Cir. R. 27-1, because this response contains 2 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*
