No. 25-2028

I<small>N</small> T<small>HE</small>
# United States Court of Appeals for the Ninth Circuit

A<small>SHLEY</small> M. G<small>JOVIK</small>,
*Plaintiff-Appellant,*

*v.*

A<small>PPLE</small> I<small>NC</small>.,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

**DEFENDANT-APPELLEE APPLE INC.'S
REPLY IN SUPPORT OF ITS
MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION**

| | |
|---|---|
| Jeffrey T. Quilici<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>200 West 6th Street, Suite 2250<br>Austin, TX  78701 | Jessica R. Perry<br>Melinda S. Riechert<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>(650) 614-7400<br><br>Kathryn G. Mantoan<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>405 Howard Street<br>San Francisco, CA  94105 |

*Counsel for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

i

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i

ARGUMENT .................................................................................................. 2

    I.    This Court Lacks Jurisdiction ................................................ 2

    II.   Ms. Gjovik's Arguments To The Contrary Are Misdirected, Irrelevant, And Wrong ...................................... 4

        A.    Apple's Motion is not inconsistent with its filings in the district court ........................................................ 5

        B.    Apple's Motion is not redundant or procedurally improper ........................................................................ 7

        C.    Apple's filings are not excessive .................................... 8

        D.    Ms. Gjovik's policy arguments are misdirected and cannot establish jurisdiction ................................. 9

        E.    Apple's well-founded Motion does not constitute "harassment" or "weaponization." ................................. 9

CONCLUSION ............................................................................................ 10

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Badgerow v. Walters*,
  596 U.S. 1 (2022) .................................................................................. 9

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
  375 F.3d 861 (9th Cir. 2004) ............................................................... 2

*Galaza v. Wolf*,
  954 F.3d 1267 (9th Cir. 2020) ......................................................... 4, 5

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) ............................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) .............................................................................. 9

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .............................................................................. 6

*Richardson v. United States*,
  943 F.2d 1107 (9th Cir.1991) .............................................................. 4

*United States v. Ceja-Prado*,
  333 F.3d 1046 (9th Cir. 2003) ............................................................ 4

**Statutes**

28 U.S.C. § 1291 ................................................................................ 2, 3, 7

28 U.S.C. § 1292 ....................................................................................3, 7

**Other Authorities**

9th Cir. Rule 30-1 ..................................................................................... 8

9th Cir. Rule 30-2 ..................................................................................... 8

Fed. R. Civ. P. 54(b) ........................................................................ *passim*

As Apple demonstrated in its Motion, this Court lacks jurisdiction over this appeal. Under black-letter law, there is not yet any "final decision[] of the district court[]": Ms. Gjovik appealed from interlocutory orders that dismiss some, but not all, of her claims and no exceptions to the final-judgment rule apply. And while she moved under Rule 54(b) at the district court, the district court denied that motion earlier today and declined to enter any partial final judgment.

Ms. Gjovik offers no coherent argument about these jurisdictional flaws. Rather, her omnibus filing largely argues—incorrectly—that Apple's Motion conflicts with its arguments below, and she instead apparently seeks to justify a favorable Rule 54(b) decision that this Court cannot provide her. The remainder consists of a mixture of spurious procedural objections, irrelevant lectures on formal logic, misdirected policy arguments, and *ad hominem* attacks.

Because this Court now conclusively lacks jurisdiction over this interlocutory appeal, it should dismiss the appeal.

1

## ARGUMENT

### I. This Court Lacks Jurisdiction.

As Apple has shown, the order from which Ms. Gjovik appealed is not a "final decision[] of the district court[]" under controlling law. 28 U.S.C. § 1291; (Dkt. 5.1 at 8-17 ("Mot.")).[1] The Dismissal Order, ECF 179, Ex. 2, addresses Apple's motion for *partial* dismissal of Ms. Gjovik's claims. (*See* Dismissal Order at 2-3 (noting Apple did not move for dismissal of two of the live complaint's seven counts)). Nor did the court grant even that relief in full; two counts were dismissed only in part. (Dismissal Order at 34.). As a result, the Dismissal Order is not one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," as required for an appealable final order. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004) (*DRAC*). Nor does it "clearly evidence[] the judge's intention that it be the court's final act in the matter," not least because the court has continued to oversee discovery in the case. *Id.*; (*see, e.g.*, Dismissal Order at 33; ECF 181, Ex. 12).

---

[1] As with Apple's Motion, references to "Dkt.\_\_" are to this Court's docket for this appeal. References to "ECF \_\_" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

2

Apple's motion also explained why none of the exceptions to the final-judgment rule apply. Specifically, Apple showed that the Dismissal Order is not an appealable collateral order and does not fall within any of the limited grants of jurisdiction under § 1292 unless Ms. Gjovik had obtained a favorable ruling on her then-pending (and now denied) motion for certification under Federal Rule of Civil Procedure 54(b). (Mot. at 11-17.)

Ms. Gjovik's opposition contests none of this. Her 22-page response[2] does not cite § 1291 or acknowledge it as controlling law. It does not mention the collateral order doctrine, much less make an argument that it is met. Nor does it deny that, as matters then stood, none of the jurisdictional grants in § 1292 apply and that the district court had entered no judgment under Rule 54(b).

The district court has now removed any lingering doubt. Earlier today, the district court denied Ms. Gjovik's Rule 54(b) motion. (ECF 204, Ex. 16.) That order moots the request for a stay in Apple's Motion and eliminates the only potential basis for this Court to exercise

---

[2] Ms. Gjovik styled her oversize filing as an omnibus (a) opposition to Apple's Motion and (b) replies in support of two other motions which Apple separately addressed. (Dkt. 10-1 ¶ 1 ("Opp.").)

3

jurisdiction here. (*See* Mot. at 15-17.); *Galaza v. Wolf*, 954 F.3d 1267, 1271 (9th Cir. 2020) ("If Galaza wanted to appeal the dismissal of [one] claim while she kept [others] alive, she needed the district court's permission to do so."). This Court should dismiss this appeal.

## II. Ms. Gjovik's Arguments To The Contrary Are Misdirected, Irrelevant, And Wrong.

Nothing in Ms. Gjovik's opposition casts any doubt on this straightforward outcome. Instead, rather than address the fundamental problems with this Court's jurisdiction over her appeal, Ms. Gjovik recounts a host of alleged misdeeds she claims Apple has committed against her or, improbably, the courts. But even were her claims not baseless—which they are—Ms. Gjovik fails to explain how any supposed misstep would grant this Court the *power* to hear her appeal. Nor could she. "Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of estoppel and waiver do not apply." *Richardson v. United States,* 943 F.2d 1107, 1113 (9th Cir.1991); *see also, e.g.*, *United States v. Ceja-Prado*, 333 F.3d 1046, 1049-50 (9th Cir. 2003) (collecting cases). Nevertheless, Apple addresses Ms. Gjovik's arguments in turn below.

4

### A. Apple's Motion is not inconsistent with its filings in the district court.

Much of Ms. Gjovik's opposition consists of various assertions that Apple's Motion is inconsistent with positions it has taken in the district court. (*See, e.g.*, Opp. ¶¶ 19-41.) Ms. Gjovik is mistaken.

Apple's Motion is about one thing, and one thing only: this Court's jurisdiction to entertain this appeal. As discussed above, Apple based its Motion on the statutes and cases governing appellate jurisdiction. Nowhere does Apple's Motion ask this Court to decide whether the Dismissal Order should or should not be certified under Rule 54(b). Nor can Ms. Gjovik challenge the district court's *denial* of certification in this proceeding. As this Court has repeatedly made clear, an interlocutory order is not appealable unless a district court certifies it by "direct[ing] entry of a final judgment" under Rule 54(b). (Mot. at 16-17); *Galaza*, 954 F.3d at 1271 ("entry of a final judgment" is required); *see also, e.g.*, No. 24-6058, Dkt. 7.1. Only if the district court had ruled favorably on Ms. Gjovik's pending motion and Apple challenged that decision on appeal could this Court then review it. Thus, the lengthy sections in Ms. Gjovik's opposition apparently intended to justify a favorable ruling under Rule 54(b) are misdirected.

5

Similarly, judicial estoppel does not apply. Judicial estoppel occurs only when a litigant prevails in one proceeding, then takes a "clearly inconsistent position" in another. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001); *see also New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (to apply estoppel, "a party's later position must be 'clearly inconsistent' with its earlier position" (citations omitted)). But Apple can consistently argue, for example, that Ms. Gjovik is not entitled to discovery relevant only to her dismissed claims (as it has below), and also that the order dismissing those claims is not appealable before the end of the case absent a Rule 54(b) certification (as it has here). Nor did Apple argue in its Motion that her dismissed claims are "critical, intertwined, and essential to ongoing proceedings." (Opp. ¶ 29.) In asserting otherwise, Ms. Gjovik vainly attacks a strawman. (*See* Opp. ¶¶ 38-43.) For the same reason, Ms. Gjovik's extended lecture on formal logic (*see* Opp. ¶¶ 27-37) is also misplaced.[3]

Apple's position here is simple. Because the district court has now denied Ms. Gjovik's Rule 54(b) motion and declined to enter judgment,

---

[3] Ms. Gjovik's citations in this section are also dubious. For example, she references four authorities through *supra* cites in her opposition, without ever citing authorities by those names. (Opp. ¶¶ 23, 26.)

6

no basis for appellate jurisdiction exists. (Mot. at 8-17.) Apple has never contradicted that position in the district court.

### B. Apple's Motion is not redundant or procedurally improper.

Despite Ms. Gjovik's protests, Apple's Motion did not duplicate her earlier motions. (Opp. ¶¶ 11-14.) In those motions, Ms. Gjovik made abundantly clear that she "[did] not seek a stay of briefing," much less dismissal of her appeal (Dkt. 4.1 ¶ 2; *see also* Opp. ¶ 46.), while Apple's motion requested both forms of relief in the alternative. Nor did Ms. Gjovik's motions address § 1291, § 1292, or indeed any basis for jurisdiction other than her undecided Rule 54(b) motion. (*See generally*, Dkt. 3.1, 4.1.)

Ms. Gjovik's procedural objections are equally unfounded. For example, she offers no authority for the perplexing claim that Apple cannot file its own motion in this court before responding to her pending motions here minutes later. (*See* Opp. ¶ 12.)[4] Nor does she offer any authority requiring Apple to respond to certain district court motions

---

[4] Ms. Gjovik also overlooks the mundane, if not obvious, explanation that Apple's responses to her motions cited to Apple's Motion, making it logical to file the Motion first. (*See, e.g.*, Dkt. 6.1 at 1; Dkt. 7.1 at 1.)

7

(both of which were due under local rules on April 10, 2025) before filing its responses to her motions here (due on April 7, 2025). (Opp. ¶ 57.)

### C. Apple's filings are not excessive.

Apple's filings also do not violate this Court's rules, contrary to Ms. Gjovik's suggestion. (*See* Opp. ¶¶ 15-18.) Ninth Circuit Rule 30-1 does not govern motions, but rather the Excerpts of Record to be filed with briefs, and in any case directs parties to include the documents cited in the briefing, including record materials, for the convenience of the Court. Apple did exactly that, and no more. Her reliance on 9th Cir. Rule 30-2 is even further misplaced, as that rule was abrogated more than four years ago.

Ms. Gjovik's separate suggestion that Apple's exhibits are meant to "overwhelm" her (Opp. ¶ 56) is disingenuous at best. The vast majority of the pages attached to Apple's filings are the series of overlarge complaints drafted by Ms. Gjovik herself. She does not explain how merely providing documents *that she wrote* to this Court for easy reference could possibly "exhaust her limited resources." (*Id.*)

8

### D. Ms. Gjovik's policy arguments are misdirected and cannot establish jurisdiction.

Next, Ms. Gjovik insists that Apple cannot meet the general legal standard for a stay of proceedings, but ignores the cases cited in Apple's Motion where this Court stayed appeals specifically to await Rule 54(b) determinations. (*Compare* Opp. ¶¶ 48-50, *with* Mot. at 17.).[5] Her policy arguments seeking a different result (*see* Opp. ¶¶ 51-52) are simply misplaced; "the jurisdiction Congress confers may not 'be expanded by judicial decree,'" for policy reasons or otherwise. *Badgerow v. Walters*, 596 U.S. 1, 11 (2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

### E. Apple's well-founded Motion does not constitute "harassment" or "weaponization."

As her last gasp, Ms. Gjovik launches various *ad hominem* attacks, attempting to paint Apple's run-of-the-mill motion practice as seeking to intimidate or harass an impoverished pro se plaintiff. (Opp. ¶¶ 56-65.) Again, she is mistaken. That Ms. Gjovik dislikes this Court's or the district court's rulings does not transform Apple's conventional litigation into "harassment." Apple's Motion does no more

---

[5] In addition, as noted above, Apple's request for a stay is now moot.

9

than explain why the orders Ms. Gjovik insists on appealing are not ones which Congress has given this Court the power to review at this time. Indeed, this Court has an independent responsibility to examine its own jurisdiction, even if Apple did not raise it—and it did so, *sua sponte*, in dismissing Ms. Gjovik's prior appeal. No. 24-6058, Dkt. 7.1.

Similarly, Ms. Gjovik does not, and cannot, explain why Apple may not hire attorneys of its choice or raise reasonable arguments in its own defense. And it goes without saying that Ms. Gjovik's speculative (not to mention highly inaccurate) estimates of attorneys' fees are not relevant to this Court's jurisdiction. (*See, e.g.*, Opp. ¶¶ 58-60, 64, 68.).

Finally, to the extent that Ms. Gjovik complains about the hardship of paying multiple filing fees (*see, e.g.*, Opp. ¶ 64), an easy solution is available: she can cease filing premature appeals from non-final orders, and await the final judgment at the end of her district court case.

## CONCLUSION

This Court should dismiss this appeal for lack of jurisdiction.

|  |  |
|---|---|
| April 15, 2025 | Respectfully submitted, |
|  | /s/*Melinda S. Riechert* |
| Jeffrey T. Quilici | Jessica R. Perry |
| ORRICK, HERRINGTON & | Melinda S. Riechert |
|   SUTCLIFFE LLP | ORRICK, HERRINGTON & |
| 200 West 6th Street, Suite 2250 |   SUTCLIFFE LLP |
| Austin, TX 78701 | 1000 Marsh Road |
|  | Menlo Park, CA 94025 |
|  | (650) 614-7400 |
|  |  |
|  | Kathryn G. Mantoan |
|  | ORRICK, HERRINGTON & |
|  |   SUTCLIFFE LLP |
|  | 405 Howard Street |
|  | San Francisco, CA 94105 |

*Counsel for Defendant-Appellee Apple Inc.*

11

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. P. 32(g), this reply complies with the type-volume limitation of 9th Cir. R. 27-1, because this motion contains 10 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*