# CASE NO. 25-2028

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**ASHLEY M. GJØVIK**, *an individual*,
*Plaintiff-Appellant*

v.

**APPLE INC.**, *a corporation*,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-CV-04597
The Honorable Judge Edward M. Chen

---

# APPELLANT'S EXCERPTS OF RECORD
# INDEX VOLUME

---

**Ashley M. Gjøvik, JD**
*In Propria Persona*
2108 N. St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# Index

| Document | File Date | USDC Dkt. No. | ER No. |
|---|---|---|---|
| **Volume 1 of 6** | | | |
| PACER WRITTEN DECISION REPORT | 2025-05-09 | n/a | 3 |
| ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT | 2025-04-15 | 204 | 8 |
| ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION | 2025-03-11 | 181 | 13 |
| ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTION TO AMEND | 2025-02-27 | 179 | 16 |
| ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY | 2025-02-24 | 175 | 51 |
| CIVIL MINUTES | 2025-02-21 | 173 | 55 |
| ORDER TERMINATING PLAINTIFF'S UNILATERAL DISCOVERY LETTERS | 2025-02-20 | 170 | 57 |
| ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO STAY; AND DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO STAY | 2025-02-05 | 160 | 59 |
| ORDER DENYING PLAINTIFF'S MOTION TO STAY | 2024-12-04 | 144 | 62 |
| ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION | 2024-11-20 | 140 | 64 |
| ORDER DENYING DEFENDANT'S MOTION TO DISMISS; AND FINDING DEFENDANT'S MOTION TO SHORTEN TIME MOOT | 2024-11-19 | 137 | 68 |
| ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION | 2024-10-25 | 123 | 73 |

2

| | | | |
|---|---|---|---|
| ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE; AND GRANTING PLAINTIFF'S MOTION TO STRIKE | 2024-10-01 | 112 | 78 |
| CIVIL MINUTES | 2024-08-28 | 104 | 120 |
| ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY | 2024-08-22 | 98 | 122 |
| CIVIL MINUTES | 2024-07-16 | 80 | 126 |
| ORDER OF REFERENCE TO MAGISTRATE JUDGE FOR DISCOVERY | 2024-07-26 | 83 | 124 |
| ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE; AND GRANTING PLAINTIFF'S MOTION TO STRIKE | 2024-05-20 | 73 | 128 |
| ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE; AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT | 2024-01-30 | 46 | 178 |
| ***Please note there were several additional orders / decisions written text only on the docket as well.*** | | | |
| **Volume 2 of 6** | | | |
| PLAINTIFF'S CIVIL LOCAL RULE 7-11 ADMINISTRATIVE MOTION | 2025-03-21 | 187 | 3 |
| PLAINTIFF 'S MOTION REQUESTING CERTIFICATION OF APPE AL ABILITY UN DE R FE D. R. CIV. P. 54 (B) | 2025-03-23 | 189 | 9 |
| PLAINTIFF 'S REPLY IN SUPPORT OF HER MOTION F OR CERT. OF FINAL JUDGMENT UNDER RULE 54(B) | 2025-04-14 | 202 | 33 |

3

| | | | |
|---|---|---|---|
| PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE MOTION TO AMEND & SUPPLEMENT THE COMPLAINT | 2025-01-31 | 155 | 51 |
| PLAINTIFF 'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISQUALIFY | 2025-01-31 | 156 | 87 |
| PLAINTIFF 'S REQUEST FOR JUDICIAL NOTICE | 2025-01-31 | 155-2 | 112 |
| PLAINT IFF 'S REP LY | 2025-02-21 | 172 | 121 |
| ASHLEY GJOVIK'S DECLARATION IN SUPPORT OF PLAINTIFF 'S REPLY | 2025-02-24 | 174 | 140 |
| EMERGENCY ADMINISTRATIVE MOTION | 2024-10-22 | 115 | 180 |
| PLAINTIFF'S OMNIBUS MOTION FOR LEAVE TO FILE SUR-REPLY AND OBJECTIONS. SUR-REPLY AND OBJECTIONS | 2024-08-18 | 93 | 198 |
| PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO DISMISS | 2024-11-15 | 134 | 276 |
| **VOLUME 3 OF 6** | | | |
| PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FILING AT DKT. 178 RE: DISCOVERY DISPUTES | 2025-02-28 | 180 | 3 |
| PLAINTIFF'S NOTICE OF INTENTION TO FILE A MOTION TO STRIKE & OBJECTIONS RE: DKT 176 | 2025-02-27 | 177 | 10 |
| PLAINTIFF'S MOTION FOR RECONSIDERATION | 2025-02-20 | 171 | 12 |
| PLAINTIFF'S DECLARATION & REQUEST FOR TELEPHONIC CONFERENCE | 2025-02-11 | 162 | 16 |

| | | | |
|---|---|---|---|
| DISCOVERY DISPUTE PLAINTIFF'S LETTER 1/3 | 2025-02-11 | 163 | 23 |
| DISCOVERY DISPUTE PLAINTIFF'S LETTER 2/3 | 2025-02-11 | 164 | 30 |
| DISCOVERY DISPUTE PLAINTIFF'S LETTER 3/3 | 2025-02-11 | 165 | 37 |
| PLAINTIFF'S OPPOSITION TO DEFENDANT'S FIFTH MOTION TO DISMISS. (FINAL) | 2025-01-22 | 150 | 44 |
| EXHIBIT E: U.S. EPA NOTICE OF VIOLATIONS | 2025-01-22 | 151 | 88 |
| PLAINTIFF'S MOTION TO STRIKE IMPROPER AMICUS DECLARATION | 2024-08-27 | 101 | 118 |
| PLAINTIFF 'S REQUEST FOR JUDICIAL NOTICE & OPPOSITION TO DEFENDANTS' REQUEST F OR JUDICIAL NOTICE | 2025-01-31 | 154 | 126 |
| PLAINT IFF 'S OPP OSIT ION T O DEF EN DANT 'S EMERG ENC Y MOT ION TO DISMISS | 2024-11-15 | 134 | 139 |
| REQUEST FOR JUDICIAL NOTICE: GJOVIK *V. STATE*, 2:22-CV-00807-RAJ-BAT (W.D. WASH. JUN. 28, 2022). | 2024-08-19 | 96 | 161 |
| PLAINTIFF'S MOTION TO STRIKE IMPROPER NON-PARTY AMICUS BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE | 2024-02-11 | 64 | 178 |
| RE: PLAINTIFF'S MOTION TO STRIKE IMPROPER NON-PARTY AMICUS DECLARATION | 2024-05-01 | 67 | 173 |
| PLAINTIFF'S MEMORANDUM | 2024-08-27 | 101-1 | 199 |

| | | | |
|---|---|---|---|
| OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO STRIKE IMPROPER AMICUS DECLARATION | | | |
| DECLARATION OF ASHLEY GJOVIK | 2024-08-18 | 94 | 231 |
| **VOLUME 4 OF 6** | | | |
| TRANSCRIPT OF MOTION HEARING | 2025-02-21 | 90 Day Protection | 3 |
| ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION AND CORRECTION | 2024-10-24 | 122 | 32 |
| ADMIN. MOTION & DECLARATION REQUESTING INFORMATION. | 2024-10-23 | 116 | 37 |
| TRANSCRIPT OF MOTION HEARING | 2024-08-28 | Restricted | 58 |
| TRANSCRIPT OF MOTION HEARING | 2024-07-16 | 88 | 84 |
| TRANSCRIPT OF MOTION HEARING | 2024-05-16 | 75 | 107 |
| **VOLUME 5 OF 6** | | | |
| PLAINTIFF'S NOTICE OF PENDENCY | 2025-04-15 | 203 | 2 |
| GJOVIK/APPLE/U.S. GOVERNMENT NLRB NATIONAL SETTLEMENT AGREEMENT | 2025-04-15 | 203 | 16 |
| 3250 SCOTT BLVD U.S. EPA RCRA PUBLIC ECHO REPORT | 2025-03-23 | 189 | 37 |
| PLAINTIFF'S NOTICE OF PENDENCY | 2025-01-22 | 151 | 41 |
| PLAINTIFF'S NOTICE OF PENDENCY | 2025-03-28 | 194 | 28 |
| PLAINTIFF'S NOTICE OF PENDENCY | 2024-09-30 | 111 | 51 |
| PLAINTIFF'S NOTICE OF PENDENCY | 2024-08-27 | 100 | 80 |

| | | | |
|---|---|---|---|
| PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE & NOTICE OF NEW NINTH CIRCUIT PRECEDENT | 2024-08-19 | 96 | 96 |
| PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE | 2024-08-18 | 95 | 135 |
| PLAINTIFF'S "*I THOUGHT I WAS DYING…*" ARTICLE (3/26/21) | 2024-08-18 | 95 | 143 |
| PLAINTIFF'S POLICE REPORT ABOUT BURGLARIES AND SURVEILLANCE | 2024-08-18 | 95 | 153 |
| 3250 SCLOTT BLVD U.S. EPA RCRA INSPECTION REPORT (4/30/2024) | 2024-07-31 | 86 | 223 |
| PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE | 2024-07-31 | 86 | 158 |
| PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE | 2024-01-02 | 37 | 270 |
| PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE | 2023-12-25 | 35 | 280 |
| **VOLUME 6 OF 6** | | | |
| FIFTH AMENDED COMPLAINT | 2024-11-07 | 128 | 3 |
| FOURTH AMENDED COMPLAINT | 2024-06-18 | 76 | 82 |
| THIRD AMENDED COMPLAINT | 2024-02-27 | 47 | 157 |
| SECOND AMENDED COMPLAINT | 2023-12-21 | 32 | 233 |
| FIRST AMENDED COMPLAINT | 2023-10-25 | 17 | 239 |
| ORIGINAL COMPLAINT | 2023-09-07 | 1 | 245 |
| NINTH CIRCUIT 24-6058 DOCKETING | 2024-10-25 | n/a | 249 |
| NINTH CIRCUIT 25-2028 DOCKETING | 2025-03-27 | n/a | 256 |
| CAND DOCKET REPORT | 2025-05-09 | n/a | 259 |

CASE NO. 25-2028

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

**ASHLEY M. GJØVIK**, *an individual*,
*Plaintiff-Appellant*

v.

**APPLE INC.**, *a corporation*,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-CV-04597
The Honorable Judge Edward M. Chen

---

## APPELLANT'S EXCERPTS OF RECORD
## INDEX VOLUME (DECLARATION)

---

**Ashley M. Gjøvik, JD**
*In Propria Persona*
2108 N. St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

## ATTEMPTED COORDINATION WITH DEFENSE COUNSEL

Plaintiff-Appellant Ashley Gjovik respectfully apologizes for her delay in filing the Excerpts of Record, and her declarations, and her requests for judicial notice. The Excerpts of Records are now filed, and the Declarations and Requests for Judicial Notice should be filed over the weekend.

Plaintiff-Appellant attempted to coordinate the creation of a joint Excerpts of Record with Defense counsel, but was unsuccessful. Appellee's defense counsel communicated that Apple believes there is currently nothing due to the court generally, that the Appellant did not need to file a brief or Excerpts, and that Apple currently has no deadline to file a response to the Opening Brief. Appellant objected. The email exchange is attached as Exhibit A.

Another factor exacerbating Plaintiff-Appellant's current delay is that Apple's U.S. District Court and U.S. Dept. of Labor defense counsel are making new and renewed threats against the Plaintiff-Appellant including about attempts to obtain an unlawful gag-order against her specifically about her protected disclosures. That email exchange is attached as Exhibit B.

Appellant ensured that opposing counsel was aware of all of the exhibits she planned to file, to put them on notice, due to her delay and they are aware and did not object to the delay. Thank you for your patience. Apologies for any inconvenience.

Dated: May 9 2025

**Ashley M. Gjøvik**
/s/ Ashley M. Gjovik
Pro Se Appellant

2

# EXHIBIT A

## Re: Gjovik v. Apple Inc. 25-2028 - 013 - Opening Brief Submitted for Filing

| From | Ashley Gjovik <ashleymgjovik@protonmail.com> |
|---|---|
| To | Quilici, Jeffrey <jquilici@orrick.com> |
| CC | Perry, Jessica R. <jperry@orrick.com>, Riechert, Melinda <mriechert@orrick.com>, Mantoan, Kathryn G. <kmantoan@orrick.com> |
| Date | Thursday, May 8th, 2025 at 8:20 PM |

Hi Mr. Quilici,

Please see the attached letter memorandum, which I am also filing with the Ninth Circuit in support of my Motion for Injunction Pending Appeal.

As reflected in the record, I contacted you on May 7 2025 in a good-faith effort to coordinate on the Excerpts of Record and supporting exhibits, consistent with Ninth Circuit guidance encouraging cooperation to reduce the burden on the Court. You declined to collaborate, refused to provide any examples of materials you believed appropriate or necessary for the record, and expressly stated that you would not participate further in the process.

You also acknowledged my same-day notice that the exhibits would be filed separately, and substantively engaged with that plan—confirming receipt and stating you believed no additional materials were needed. This demonstrates both timely notice and your opportunity to raise any objections, which you declined.

Separately, I requested clarification regarding who should be included on communications, after Melinda informed me she was not involved in the appeal. You responded that I should include "everyone who has noticed an appearance," but then selectively copied three attorneys—excluding Ryan Booms, who has in fact filed a notice of appearance and remains listed on the docket. Meanwhile, you included Melinda, despite her earlier refusal to confer. Please clarify which counsel are actively involved and in what capacity.

As for the pending filings before the Ninth Circuit, I understand that you have declined further engagement, and I will proceed independently from this point forward.

Respectfully,
Ashley M. Gjovik
Pro Se Appellant

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Thursday, May 8th, 2025 at 4:14 PM, Quilici, Jeffrey <jquilici@orrick.com> wrote:

> Ms. Gjovik,
>
> Thanks for reaching out. I'll try to walk through the issues you raise below in a sensible order. One initial matter, though: in the future, please copy all of the Orrick attorneys listed on the Ninth Circuit matter, as I've done here.
>
> I want to start with a small point at the end of your email, because it relates to much of what I'll say below. You noted that you lost sleep in order to file your opening brief "on time," and I confess I was surprised you chose to file an opening brief now. As Apple noted, the briefing schedule was automatically stayed under circuit rules when Apple filed its motion requesting dismissal of the appeal. See Dkt. 5.1 at 1 n.2 (citing 9th Cir. Rule 27-11(a)(1)). No opening brief was due until the court acts on that motion and, if appropriate, issues a new briefing schedule. Neither has happened yet. For the same reason, Apple does not presently "have a deadline … to respond" to your brief, as you suggest.

You also asked about the contents of an "Appendix" you plan to file.  I agree that as a pro-se filer you were not required to file Excerpts of Record (which this court requires instead of an Appendix, see 9th Cir. Rule 30-1) alongside your brief.  That said, if you choose to file Excerpts anyway, they—like all of your filings—must conform to the court's rules, including 9th Cir. Rule 30-1.4, which dictates the contents of the Excerpts.  You haven't identified exactly what you plan to include, but you say below that it's at least "all orders, complaints/answer, joint case mgmt statements, hearing transcripts, and hearing minutes," plus additional "excerpts of exhibits and other filings."

I disagree that most of that very broad list is appropriate.  Your notice of appeal states that it is taken from "the final judgment and related dismissal orders" entered by the district court, including DE 179.  Leaving aside that there is no final judgment (as the district court again confirmed in denying your Rule 54(b) motion below), only orders dismissing claims arguably fall within that notice.  And with the exception of the most recent partial dismissal order (DE 179), all the dismissal orders issued far more than 30 days before your notice of appeal, so the Ninth Circuit lacks jurisdiction over them at this time.  See Dkt. 5.1 at 8 n.7 (citing Fed. R. App. P. 4(a)(1)).  For the same reason, the earlier complaints and other papers are not "parts … of the record that are relevant to deciding the appeal."  9th Cir. R. 30-1.4(b).

In short, the only order from which you've timely noticed an appeal is DE 179.  And as Apple explained in its motion to dismiss, that order is plainly interlocutory on its face, and thus not appealable at this time.  The denial of your Rule 54(b) motion only confirms that conclusion.  So at this point, if you do intend to file something, I would ask only that you include DE 179 itself, the briefing that led to it, the Fifth Amended Complaint to which it pertains, and the denial of your Rule 54(b) motion.  But I think the better course would be to save the effort and wait until the motions panel rules on the pending motion to dismiss—there may be no reason to file Excerpts at all, and there are no deadlines at present.  Apple will consider what to include in a Supplemental Excerpts of Record if and when filing one ever becomes necessary.

Finally, as to your Motion for Injunction, I won't comment on the merits at this stage, but I will point out one thing: I think you say below that you plan to include materials in the "Appendix" that relate only to the Motion, such as a declaration, materials from other proceedings, and so on.  That's not permitted; anything you rely on to support your motion, such as exhibits or declarations, "must be served and filed with the motion."  Fed. R. App. P. 27(a)(2)(B)(2).

I also appreciate your offer to provide materials; that won't be necessary.


Sincerely,
Jeff Q.


Jeff Quilici
Of Counsel

Orrick
Austin
T +1-512-582-6916
jquilici@orrick.com



Confidential. May contain privileged or work-product information.

On May 7, 2025, at 7:13 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

**[EXTERNAL]**

Hey Jeffrey,

I'm working my Appendix/Excerpts for the Ninth Circuit brief and targeting to file it tomorrow, along with declarations and request for judicial notice. (This is a lot of work!)

Last week Melinda said something like she has nothing to do with the appeal, so I'm just emailing you directly. If there's other Orrick counsel who filed notices and are actually working on the appeal, feel free to let me know or cc them yourself in a response.

It appears that because I'm *pro se* I don't have to file the formal appendix or follow the appendix creation procedures, but for sake of efficiency, I wanted to ask you if there's anything specific you want included in it when when I file it. I'm planning on including all orders, complaints/answer, joint case mgmt statements, hearing transcripts, and hearing minutes. Then I'll include some excerpts of exhibits and other filings as applicable to my arguments. If there's not anything in the above list that you want to include, let me know, and maybe we can file a final version this week -- I bet they'd like that.

As for the request for injunction I filed today, I plan to include some of the case records as noted above (as well as my filings requesting relief which were denied); and I will request judicial notice of case documents in *Lopez*, *Epic*, *eBay*, *Levoff*, *Moyer*, and *Raniere* (ie, indictments, orders, decisions, DOJ press releases, settlement agreements). My declaration will then include exhibits from the record, emails with counsel, meet/confer transcripts, and also Apple's privilege log from the district court litigation.

Because I will likely be a day late filing the exhibits (I didn't sleep for a few days trying to file on time and am still behind) and you have a deadline of which to respond that starts with the motion/brief, I wanted to ensure you were on notice as to what else was coming.

Let me know if you have any questions or if you need early copies of anything. I assume the district court counsel already provided you with emails/privilege log/etc.

-Ashley
*Pro Se* Plaintiff-Appellant

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: ACMS@ca9.fedcourts.us <ACMS@ca9.fedcourts.us>
Date: On Wednesday, May 7th, 2025 at 2:49 PM
Subject: Gjovik v. Apple Inc. 25-2028 - 013 - Opening Brief Submitted for Filing
To: ashleymgjovik@protonmail.com <ashleymgjovik@protonmail.com>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Ninth Circuit

### Notice of Docket Activity

The following transaction was entered on 05/06/2025 11:54:28 PM PDT and filed on 05/06/2025

**Case Name:** Gjovik v. Apple Inc.

**Case Number:** 25-2028

**Docket Text:**

**OPENING BRIEF** submitted for filing by Appellant Ashley M. Gjovik.--[COURT UPDATE: Attached addendum, filed at DE 14] [Entered: 05/06/2025 11:58 PM] [Edited: 05/07/2025 11:45 AM]

**Document:** Brief
**Document:** Addendum

**Notice will be electronically mailed to:**

Ashley M. Gjovik ; ashleygjovik@recap.email, ashleymgjovik@protonmail.com
Kathryn Mantoan ; kmantoan@orrick.com
Jessica R. Perry ; tmcbride@orrick.com, jperry@orrick.com
Melinda S. Riechert ; mriechert@orrick.com, jromero@orrick.com, casestream@ecf.courtdrive.com
Ryan Booms ; rbooms@orrick.com
Mr. Jeffrey Todd Quilici ; jquilici@orrick.com, phowell@orrick.com

**Case participants listed below will not receive this electronic notice:**

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at *https://www.orrick.com/Privacy-Policy* to learn about how we use this information.

**610.96 KB**    1 file attached    1 embedded image

Gjovik v Apple - Ninth Circuit - Letter to Jeff - Final.pdf  605.10 KB

Case No. 25-2028

---

In the United States Court of Appeals
For the Ninth Circuit

---

Ashley M. Gjøvik, *an individual*,

*Plaintiff-Appellant*

v.

Apple Inc., *a corporation*,

*Defendant-Appellee.*

On Appeal from the United States District Court

for the Northern District of California

No. 3:23-CV-04597

The Honorable Judge Edward M. Chen

---

Appellant's May 8 2025 Letter to Appellee

---

Ashley M. Gjøvik, JD
*In Propria Persona*
2108 N. St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

i

# TABLE OF CONTENTS

INTRODUCTION & PURPOSE............................................................2

PROCEDURAL BACKGROUND AND FILING TIMELINE ...............................2

MISCONDUCT AND LEGAL VIOLATIONS BY CATEGORY ...........................5

    I.    PROVISION OF UNAUTHORIZED LEGAL ADVICE TO AN UNREPRESENTED OPPOSING PARTY    5

    II.    MISREPRESENTATION OF PROCEDURAL STATUS AND JUDICIAL AUTHORITY ...... 6

    III.    IMPROPER EFFORTS TO DISSUADE OR CHILL COURT FILINGS .............................7

    IV.    DEMEANING AND RETALIATORY LANGUAGE TOWARD VICTIM AND LITIGANT .. 8

    V.    RETALIATION AND PROCEDURAL INTERFERENCE IN THE CONTEXT OF PROTECTED ACTIVITY    8

    I.    PRIOR INTERFERENCE WITH APPELLATE ACCESS ..................................... 9

EXPECTED CONDUCT UNDER ETHICAL  AND PROCEDURAL STANDARDS ..............9

CONSEQUENCES OF RELYING ON  OPPOSING COUNSEL'S REPRESENTATIONS .....11

CONCLUSION AND RESERVATION OF RIGHTS ......................................... 14

EXHIBIT A........................................................................... 16

1

## Introduction & Purpose

This memorandum responds formally to the email sent by Jeff Quilici (Of Counsel at Orrick, Herrington & Sutcliffe) at 5:02 PM on May 8, 2025 to Appellant — the same date Appellant had publicly declared to the Ninth Circuit as the scheduled submission of key appellate filings, including a Motion for Injunction, Request for Judicial Notice, and supporting materials. The timing, tone, and substance of counsel's message raise serious concerns under both procedural and ethical standards.

This response is necessary not only to correct the record, but also to document a pattern of conduct that may constitute procedural interference, unauthorized legal advisement to a pro se litigant, and retaliation against a crime victim asserting her rights under the Crime Victims' Rights Act (CVRA), Marsy's Law, the NLRA, and the Racketeer Influenced and Corrupt Organizations Act (RICO).

The conduct described herein is not isolated, but follows a now-documented pattern of threats, chilling communications, and dismissive commentary toward filings and legal rights central to the current appeal. For that reason, this memo will be entered into the court record as an attachment to today's filings, to ensure appropriate judicial scrutiny of the counsel's role and the broader procedural context in which this appeal is being litigated.

## Procedural Background and Filing Timeline

On March 27, 2025, the United States Court of Appeals for the Ninth Circuit issued a formal briefing schedule in the above-captioned appeal (DktEntry 2.1), establishing deadlines for the filing of Appellant's Opening Brief and subsequent submissions. That schedule has not been modified, vacated, or stayed by any subsequent order of the Court.

On April 7, 2025, Apple Inc. filed a motion titled "Motion to Stay Appeal Pending Rule 54(b) Determination or Alternatively to Dismiss Appeal", which the Court docketed as a "*Motion to Stay Proceedings*" (DktEntry 5). The primary relief

2

sought was a temporary stay of briefing pending resolution of a Rule 54(b) motion in the district court. Although the motion included a conditional request for dismissal in the alternative, it was neither captioned nor docketed as a motion to dismiss, and it was not styled under Federal Rule of Appellate Procedure 27 or 42(b).

Accordingly, it was treated procedurally—and responded to—as a stay request, not a dispositive motion. No order followed. The Court never construed or treated Apple's motion as a motion to dismiss, never stayed the briefing schedule, and subsequently accepted and docketed Appellant's Opening Brief in full on May 7-8, 2025. The Court did not issue any order treating the filing as a motion to dismiss, and briefing was neither suspended nor reset.

On April 29, 2025, Appellant notified the Court that the Rule 54(b) motion in the district court had been denied, and that she would proceed in accordance with the original briefing schedule set forth in DktEntry 2.1. In that notice, Appellant also reminded the Court that Rule 54(b) certification is not required for interlocutory appeal of injunction-related orders or for review of certain collateral decisions, citing controlling precedent. Appellant also recognized that Apple's motion was a Motion to Stay, not a Motion to Dismiss, and demanded a right to properly respond to any future Motion to Dismiss:

> Apple's filing also included a renewed request to dismiss the appeal. Should the Court choose to treat that request as an active motion to dismiss rather than a moot procedural filing, Appellant respectfully requests the opportunity to respond before any decision is made. In the prior related appeal, the Court dismissed without permitting Appellant to file a response. Appellant objects to any dismissal of the appeal without the opportunity to be heard, and preserves her objection under the Due Process Clause of the Fifth Amendment. If the Court intends to consider dismissal sua sponte or on the basis of Apple's motion, Appellant respectfully requests notice and the opportunity to respond in writing as required by law. (DktEntry 11.1, at 3-4)

In response, Apple filed a reply in which it accused Appellant of offering

3

"irrelevant lectures on formal logic" and engaging in "ad hominem attacks," and then shifted position — now insisting that their motion must be treated as a motion to dismiss, regardless of how it was originally framed or mooted by subsequent district court events. (DktEntry 12). That reply was procedurally improper as it attempted to recharacterize the original motion without a supporting motion or leave of court. Appellant, having no right to file a reply to the reply under the rules, had no further opportunity to respond.

Again, Appellant informed the Court that she would proceed according to the original briefing schedule. Then, on May 6, 2025, Appellant timely filed her Opening Brief, in compliance with the existing briefing schedule. The brief was formally accepted and docketed by the Clerk of the Court, and no action has been taken to strike or suspend it. In her Opening Brief and concurrently filed Motion for Injunction, Appellant advised the Court that she would file her Excerpts of Record, Request for Judicial Notice, and supporting Declaration by May 8, 2025.

Then, at 5:02 PM on May 8, 2025, counsel for Apple sent an unsolicited email to Appellant challenging the legitimacy of the Opening Brief, discouraging further filings, and asserting that no brief was due and that deadlines had been stayed. That communication was delivered within hours of Appellant's scheduled filing of exhibits, excerpts and motions - thereby introducing unnecessary confusion and creating a risk of delay or procedural disruption.

It is important to emphasize that Appellant's correspondence with opposing counsel on May 7, 2025, the day prior to the challenged communication, was framed in the spirit of cooperation. Appellant reached out to offer procedural clarity, reduce duplicative filings, and explore the possibility of submitting joint Excerpts of Record or other streamlined materials — all in an effort to minimize the burden on the Court and conserve judicial resources. That message was courteous, solution-oriented, and consistent with the expectations placed on all parties to act in good faith in appellate litigation. [Exhibit A]. The response Appellant received the following day was neither

4

collaborative nor proportional. Instead, it escalated matters, injected confusion on the eve of a critical deadline, and substituted dismissal for dialogue. [Exhibit A].

## MISCONDUCT AND LEGAL VIOLATIONS BY CATEGORY

The communication transmitted by counsel for Apple Inc. at 5:02 PM on May 8, 2025, presents several serious issues implicating both ethical obligations under the Rules of Professional Conduct and potential violations of federal and state law. The conduct detailed in that communication is especially concerning in light of Appellant's status as a pro se litigant, a recognized whistleblower, and a crime victim asserting rights under the Crime Victims' Rights Act (CVRA), Marsy's Law, and the National Labor Relations Act (NLRA). The specific categories of misconduct are addressed below.

The troubling nature of opposing counsel's conduct is further exacerbated by his professional background. Mr. Jeff Quilici is not a junior associate or newly admitted attorney. According to public records, he is a former law clerk to Justice Neil M. Gorsuch at the Supreme Court of the United States, as well as a prior clerk on the Tenth Circuit Court of Appeals. He is also an experienced appellate litigator at a major international law firm. Given this pedigree, Mr. Quilici is unquestionably familiar with the ethical boundaries governing communications with pro se parties, the limits of persuasive conduct, and the importance of upholding procedural integrity before a federal appellate court. That such conduct would originate from someone of Mr. Quilici's stature not only compounds the seriousness of the ethical concerns at issue — it undermines public confidence in the legal profession and in the fair administration of justice in high-stakes litigation.

### I.   PROVISION OF UNAUTHORIZED LEGAL ADVICE TO AN UNREPRESENTED OPPOSING PARTY

Opposing counsel repeatedly offered unsolicited legal interpretations and procedural assertions regarding the Ninth Circuit's briefing schedule, the status of Appellant's appeal, and the scope of the appellate record. Statements such as:

5

- *"As Apple noted, the briefing schedule was automatically stayed under circuit rules… No opening brief was due until the court acts…and, if appropriate, issues a new briefing schedule."* [Exhibit A]
- *"There may be no reason to file Excerpts at all."* [Exhibit A]

constitute impermissible legal advice directed at a pro se opposing party. Under ABA Model Rule 4.3, attorneys are expressly prohibited from providing legal advice to unrepresented parties adverse to their client, except for the limited instruction to obtain counsel. The repeated procedural assertions by opposing counsel violate this restriction and create a substantial risk of confusion and procedural prejudice to the pro se litigant.

## II.  MISREPRESENTATION OF PROCEDURAL STATUS AND JUDICIAL AUTHORITY

Opposing counsel repeatedly made definitive statements about the status of this appeal, procedural deadlines, and the content of Appellant's filings—none of which reflect the Ninth Circuit's rules, docket, or court orders. These statements were not presented as arguments to the Court, but instead as procedural assertions directed at a pro se party, which materially misrepresented the governing framework.

Counsel claimed, for example, that "*no opening brief was due*" and that "*Apple does not presently have a deadline… to respond.*" [Exhibit A]. This directly contradicts the Ninth Circuit docket, which reflects that the briefing schedule issued on March 27, 2025 (DktEntry 2.1) remained active and that Appellant's Opening Brief was formally accepted and docketed on May 7-8, 2025. At no time did the Court issue an order modifying, vacating, or suspending the schedule. In the absence of such an order, Ninth Circuit and FRAP procedures make clear that briefing deadlines remain in force and cannot be unilaterally disregarded by one party.

Counsel further asserted that briefing was "*automatically stayed*" under Ninth Circuit Rule 27-11(a)(1) upon the filing of Apple's April 7, 2025 motion. [Exhibit A]. That rule, however, applies only to motions for summary disposition or dismissal that

6

are expressly accepted as such by the Court. Apple's motion was docketed as a motion to stay and titled "Motion to Stay Appeal Pending Rule 54(b) Determination or Alternatively to Dismiss Appeal" (DktEntry 5). The Court never construed it as a dispositive motion under Rule 27-11, nor issued any order invoking the rule. As such, counsel's blanket invocation of Rule 27-11(a)(1) was legally inaccurate and misleading.

Counsel also misrepresented the standards governing the Excerpts of Record. He argued that Appellant's proposed appendix was overbroad and should include only the "*dismissal orders*" on appeal.  [Exhibit A]. However, Ninth Circuit Rule 30-1.4(b) explicitly allows parties to include *"all parts of the record… relevant to deciding the appeal,"* including hearing transcripts, prior pleadings, and procedural motions.

Moreover, as a pro se litigant, Appellant retains wide discretion in identifying what portions of the record are necessary to support her arguments and preserve context, especially in a RICO, CVRA, and public-interest appeal. Counsel's position attempts to impose a procedural limitation unsupported by any rule and directly at odds with the guidance provided to self-represented appellants.

Each of these statements—conveyed with an air of finality and authority—had no basis in law, were unsupported by the docket or any order of the Court, and served to distort Appellant's understanding of her procedural rights. In the context of ongoing efforts to discourage filings and narrow the scope of appellate review, these misrepresentations reflect not merely aggressive advocacy, but a strategic misuse of legal rules to suppress participation in the judicial process. Such conduct implicates ABA Model Rule 4.1, which prohibits attorneys from making false or misleading statements of material fact or law, and Rule 8.4(c), which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation.

## III.   **IMPROPER EFFORTS TO DISSUADE OR CHILL COURT FILINGS**

Opposing counsel's statements include:

- *"I think the better course would be to save the effort and wait until the motions*

7

*panel rules…"* [Exhibit A]

- *"There may be no reason to file Excerpts at all…"* [Exhibit A]

These remarks, made hours before Appellant's anticipated filing deadline, amount to a clear attempt to dissuade a pro se litigant from timely submitting filings to the Court. This conduct risks chilling Appellant's exercise of her rights under the Crime Victims' Rights Act (18 U.S.C. § 3771), Marsy's Law, and federal whistleblower protection statutes. It also contravenes ABA Model Rule 4.4(a), which prohibits attorneys from using means that have no substantial purpose other than to embarrass, delay, or burden a third party.

## IV. Demeaning and Retaliatory Language Toward Victim and Litigant

In reference to Appellant's statement about personal effort and strain associated with meeting her filing deadline, counsel stated:

- *"You noted that you lost sleep in order to file your opening brief 'on time,' and I confess I was surprised you chose to file an opening brief now."* [Exhibit A]

This remark trivializes the substantial physical and emotional burden placed on Appellant in the course of litigating a case involving retaliation, environmental harm, and protected disclosures. Such language is inconsistent with the requirement under 18 U.S.C. § 3771(a)(8) and Cal. Const. art. I, § 28(b)(1) (Marsy's Law) that crime victims be treated with dignity, fairness, and respect. It also reflects an unprofessional tone, particularly egregious when directed at a litigant asserting legally recognized trauma and harm.

## V. Retaliation and Procedural Interference in the Context of Protected Activity

Appellant's filings document multiple pending investigations, formal NLRB complaints, and ongoing statutory claims involving unlawful retaliation and obstruction. The timing, tone, and content of opposing counsel's email — particularly as it relates to discouraging filings, undermining Appellant's legal

8

standing, and attempting to redefine procedural posture without judicial input —
may support a claim for additional retaliation under:

- 18 U.S.C. § 1512(b) (obstruction of justice),
- 18 U.S.C. § 1513(e) (retaliation against parties for participating in official
  proceedings), and

Given the procedural history of this case and the context of federal whistleblower
and victim-protection statutes, counsel's conduct raises serious questions regarding
improper influence, coercion, and abuse of process.

## I.  PRIOR INTERFERENCE WITH APPELLATE ACCESS

This is not the first time Appellant's efforts to seek appellate review in this
matter have been met with procedural interference. In a prior attempt to appeal
deeply problematic decisions by the district court, Appellant was unable to file a full
appellate brief before opposing counsel filed a motion to dismiss.

Within hours, the appeal was dismissed — a pace of adjudication that strongly
suggests ex parte contact or informal communication with Court personnel. As a pro
se litigant, Appellant had no meaningful opportunity to respond, clarify, or brief the
jurisdictional questions. It is difficult to reconcile the speed and nature of that
dismissal with normal court process, and it raises the reasonable concern that counsel
may have contacted the Pro Se Unit or Clerk's Office directly to present an ex parte
narrative — potentially casting Appellant in a derogatory or disqualifying light.

When Appellant subsequently filed a motion for reconsideration, the appeal
remained open for more than six months, reflecting the Court's implicit recognition
that the dismissal may have been premature or inappropriate. Now, in a striking act
of procedural opportunism, opposing counsel argues that Appellant may not appeal
those same district court decisions because they are "too old" — after contributing
directly to their premature removal from review. This pattern reflects not zealous
advocacy, but bad-faith obstruction of the appellate process itself.

## EXPECTED CONDUCT UNDER ETHICAL

9

## AND PROCEDURAL STANDARDS

Opposing counsel's communication on May 8, 2025 fell far short of the professional and ethical standards governing attorneys practicing before the United States Court of Appeals for the Ninth Circuit, particularly in matters involving unrepresented parties asserting statutory rights under federal crime victim and whistleblower protection laws. If counsel had complied with his obligations under the ABA Model Rules of Professional Conduct, the Restatement of the Law Governing Lawyers, and relevant procedural norms, the substance and tone of his correspondence would have been markedly different.

First, rather than attempting to unilaterally interpret the Court's procedural rules or impose his own interpretation of the status of the briefing schedule, counsel would have acknowledged that the Court—not a party—has exclusive authority to determine whether briefing is stayed, whether filings are procedurally proper, and whether jurisdiction exists. Counsel would have refrained from making definitive assertions such as "no deadlines exist" or "briefing is stayed," particularly in light of the Court's clear acceptance and docketing of Appellant's Opening Brief. If Apple believed briefing should be suspended or filings limited, the appropriate avenue was a formal motion submitted to the Court for adjudication—not an informal communication directed at the opposing party.

Second, counsel would have responded with appropriate respect for Appellant's stated circumstances, including her acknowledgment of the effort and strain required to meet Court-imposed deadlines. Rather than mocking Appellant's reference to lost sleep or implying irrationality for complying with the briefing schedule, counsel would have avoided any commentary not directly related to procedural coordination or judicial economy. At minimum, he would have preserved a respectful tone, consistent with Appellant's pro se status and her asserted rights under the Crime Victims' Rights Act and Marsy's Law, which guarantee dignity, respect, and freedom from harassment throughout the legal process.

10

Third, counsel would have taken no steps—whether explicit or implied—to dissuade Appellant from submitting filings permitted by the rules of appellate procedure. Statements such as "*there may be no reason to file Excerpts at all.*" [Exhibit A], or suggestions that filings are futile are inappropriate in substance and especially coercive when directed at a self-represented party on the very day filings are due. A professionally appropriate response would have directed any disagreement over scope or content of filings to the Court through motion practice and would have acknowledged that only the Court can determine the relevance or propriety of such materials.

Fourth, counsel would have taken heightened care not to blur the line between advocacy and intimidation, particularly when communicating with a pro se opponent engaged in protected litigation activity. As required under Model Rule 4.3, counsel should have avoided giving any form of legal advice and ensured that his role as an advocate for Apple was clear and not confused with an advisory or evaluative function. When interacting with unrepresented parties, especially those asserting statutory rights as victims of crime or retaliation, the onus is on counsel to avoid overreaching, coercive, or misleading conduct.

Finally, counsel would have conducted himself with the level of decorum expected of an officer of the Court. The May 8 2025 communication, had it been consistent with these standards, would have been limited in scope, and procedural in tone. It would have avoided sarcasm, minimization, and late-hour timing, and instead would have modeled the professionalism and restraint that the legal system demands—particularly in a case involving public interest concerns, victim protections, and whistleblower retaliation.

## CONSEQUENCES OF RELYING ON OPPOSING COUNSEL'S REPRESENTATIONS

Had Appellant accepted opposing counsel's May 8, 2025 representations at face value and proceeded in accordance with the instructions and procedural

11

assessments he provided, the resulting consequences would have been materially adverse to Appellant's rights and could have prejudiced the outcome of this appeal.

First, Appellant would have failed to file the Excerpts of Record, the Request for Judicial Notice, and the supporting Declaration, despite having previously informed the Court—on the record—that such filings would be submitted by May 8, 2025. Under Federal Rule of Appellate Procedure 30 and Ninth Circuit Rule 30-1, the Excerpts of Record are generally required to accompany the Opening Brief. Failure to file these materials could have rendered the Opening Brief procedurally deficient, exposing Appellant to the risk of the brief being stricken or the appeal dismissed for noncompliance. Moreover, Appellant's Motion for Injunction could have been denied for failure to include supporting evidence or sworn declarations, thereby depriving Appellant of the opportunity to obtain urgent protective relief.

Next, following opposing counsel's direction would have led Appellant to improperly narrow the appellate record. Counsel asserted that portions of the case file, including earlier pleadings, motions, and district court orders, were not relevant or properly included. Had Appellant accepted this claim, she would have excluded from the record key evidence documenting retaliation, witness intimidation, and agency findings—evidence directly relevant to jurisdiction, the propriety of interlocutory relief, and the scope of Appellant's CVRA and RICO claims. The appellate record would have been materially incomplete, and Appellant would have been deprived of the ability to present a full, factual and legal basis for relief.

Finally, and perhaps most critically, accepting counsel's representations would have caused Appellant to proceed on the mistaken belief that a judicial panel was actively deliberating dismissal of the appeal and that any further filings would be premature or potentially improper. In fact, no such order has been entered, no such panel has been convened to Appellant's knowledge, and the Court has issued no directive suspending briefing. The result would have been a de facto abandonment of the appeal, not by judicial order but by reliance on an opposing party's informal

12

assertions of authority. This would have amounted to procedural forfeiture under false pretenses. This assertion also attempted to provoke Appellant to draft and file a formal Opposition to the Appellee's non-existent Motion to Dismiss in attempt to distract her from her current deadlines and deliverables, and to try to coerce her to legitimatize their incorrect procedural posture respective to their Motion to Stay.

Given the nature of this case—asserting claims under the Crime Victims' Rights Act, Marsy's Law, the National Labor Relations Act, and the Racketeer Influenced and Corrupt Organizations Act, the effect of such misdirection would not be limited to procedural harm. It would represent a direct interference with Appellant's statutory rights to participate in proceedings, to seek judicial relief, and to protect her safety, privacy, and dignity through lawful process. The fact that such interference originated from an officer of the Court, cloaked in the appearance of procedural instruction, only heightens the seriousness of the conduct.

Perhaps the most consistent and troubling feature of Apple's litigation conduct, across both the district and appellate proceedings, has been its apparent intent to prevent Appellant from exercising her right to file motions, present supporting exhibits, and develop the judicial record. In both forums, Apple's counsel has adopted a pattern of preemptively declaring Appellant's filings to be improper or futile, accusing her of misconduct for seeking relief expressly permitted under the Federal Rules, and threatening sanctions or procedural consequences should she proceed.

Last week, Apple's counsel at Orrick for this appeal and in the district court, warned that Appellant "needed to stop filing motions," threatened Appellant with unspecified reprisal and retaliation if she was to file any additional motions, refused to engage in a meet-and-confer on her objections to a proposed protective order, and denied access to withheld discovery unless she agreed to a confidentiality agreement under threat of contempt. In the appellate court, Apple's appellate counsel declared that Appellant should not file Excerpts of Record at all, claimed there were "*no*

13

*deadlines*," and asserted that Apple had no obligation to respond to a brief the Court had formally accepted.

This coordinated effort to suppress the procedural rights of a pro se litigant—particularly one asserting rights under the Crime Victims' Rights Act, Marsy's Law, and federal whistleblower statutes—raises serious questions under 18 U.S.C. § 1512(b) (obstruction of justice), § 1513(e) (retaliation for legal participation), and ABA Rule 4.4(a) (prohibiting conduct intended to burden or delay). Apple's repeated attempts to dissuade Appellant from filing materials critical to the adjudication of her claims—both informally, through intimidating correspondence, and procedurally, through opposition to record inclusion—threaten the fundamental fairness of these proceedings and cannot be dismissed as mere zealous advocacy.

## Conclusion and Reservation of Rights

The communication sent by Apple's counsel on May 8, 2025 — both in its timing and content — constitutes improper conduct under applicable ethical standards, and, when considered in the broader procedural and factual context of this matter, raises serious concerns regarding retaliation, obstruction, and interference with protected legal activity. Counsel's attempt to discourage Appellant from making filings expressly anticipated by both Court order and Appellant's prior declarations is particularly troubling given Appellant's pro se status and her ongoing efforts to assert statutory rights under the Racketeer Influenced and Corrupt Organizations Act (RICO), the Crime Victims' Rights Act (CVRA), Marsy's Law, and the National Labor Relations Act (NLRA).

This appeal, and the filings associated with it, do not merely concern Appellant's individual legal rights. Appellant is the named charging party in a National Labor Relations Board (NLRB) enforcement action brought against Apple Inc. on behalf of its entire U.S. workforce. That proceeding resulted in a formal complaint issued by the NLRB, charging Apple with multiple unlawful labor practices and coercive internal policies affecting hundreds of thousands of

14

employees. Following that action, Apple entered into a trilateral settlement agreement with Appellant and the United States government, which remains in effect.

Appellant is thus not merely asserting personal grievances, but is acting in a representative capacity tied to statutory enforcement obligations and public interest litigation. The integrity of this appellate proceeding — and the respect afforded to Appellant's standing — implicates not just individual fairness, but the rights of a national labor constituency. Conduct by Apple's counsel that interferes with, chills, or undermines this proceeding carries consequences far beyond a single appeal.

This memorandum is being preserved as part of the appellate record. Appellant expressly reserves all rights to:

- Seek judicial relief, sanctions, or protective orders under the Court's inherent and statutory authority.
- Refer this conduct to appropriate disciplinary authorities, including but not limited to the State Bar of Texas and/or California, the Ninth Circuit's Attorney Discipline Committee, and the National Labor Relations Board; and
- Supplement the factual record in support of her pending RICO claims and statutory retaliation claims based on this and related conduct.

Appellant respectfully submits that this pattern of behavior is incompatible with the professional responsibilities of an officer of the court, and further, that such conduct directly undermines the fairness and integrity of the appellate process in a matter that implicates significant public interest, whistleblower protections, and fundamental victim rights.

15

Dated: May 8 2025

**Ashley M. Gjøvik**
/s/ Ashley M. Gjovik
Pro Se Appellant
Boston, MA.

# Exhibit A

## Re: Gjovik v. Apple Inc. 25-2028 - 013 - Opening Brief Submitted for Filing

| | |
|---|---|
| From | jquilici@orrick.com <jquilici@orrick.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com> |
| CC | Perry, Jessica R.<jperry@orrick.com>, Riechert, Melinda<mriechert@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com> |
| Date | Thursday, May 8th, 2025 at 4:14 PM |

Ms. Gjovik,

Thanks for reaching out. I'll try to walk through the issues you raise below in a sensible order. One initial matter, though: in the future, please copy all of the Orrick attorneys listed on the Ninth Circuit matter, as I've done here.

I want to start with a small point at the end of your email, because it relates to much of what I'll say below. You noted that you lost sleep in order to file your opening brief "on time," and I confess I was surprised you chose to file an opening brief now. As Apple noted, the briefing schedule was automatically stayed under circuit rules when Apple filed its motion requesting dismissal of the appeal. See Dkt. 5.1 at 1 n.2 (citing 9th Cir. Rule 27-11(a)(1)). No opening brief was due until the court acts on that motion and, if appropriate, issues a new briefing schedule. Neither has happened yet. For the same reason, Apple does not presently "have a deadline … to respond" to your brief, as you suggest.

You also asked about the contents of an "Appendix" you plan to file. I agree that as a pro-se filer you were not required to file Excerpts of Record (which this court requires instead of an Appendix, see 9th Cir. Rule 30-1) alongside your brief. That said, if you choose to file Excerpts anyway, they—like all of your filings—must conform to the court's rules, including 9th Cir. Rule 30-1.4, which dictates the contents of the Excerpts. You haven't identified exactly what you plan to include, but you say below that it's at least "all orders, complaints/answer, joint case mgmt statements, hearing transcripts, and hearing minutes," plus additional "excerpts of exhibits and other filings."

I disagree that most of that very broad list is appropriate. Your notice of appeal states that it is taken from "the final judgment and related dismissal orders" entered by the district court, including DE 179. Leaving aside that there is no final judgment (as the district court again confirmed in denying your Rule 54(b) motion below), only orders dismissing claims arguably fall within that notice. And with the exception of the most recent partial dismissal order (DE 179), all the dismissal orders issued far more than 30 days before your notice of appeal, so the Ninth Circuit lacks jurisdiction over them at this time. See Dkt. 5.1 at 8 n.7 (citing Fed. R. App. P. 4(a)(1)). For the same reason, the earlier complaints and other papers are not "parts … of the record that are relevant to deciding the appeal." 9th Cir. R. 30-1.4(b).

In short, the only order from which you've timely noticed an appeal is DE 179. And as Apple explained in its motion to dismiss, that order is plainly interlocutory on its face, and thus not appealable at this time. The denial

of your Rule 54(b) motion only confirms that conclusion.  So at this point, if you do intend to file something, I would ask only that you include DE 179 itself, the briefing that led to it, the Fifth Amended Complaint to which it pertains, and the denial of your Rule 54(b) motion.  But I think the better course would be to save the effort and wait until the motions panel rules on the pending motion to dismiss—there may be no reason to file Excerpts at all, and there are no deadlines at present.  Apple will consider what to include in a Supplemental Excerpts of Record if and when filing one ever becomes necessary.

Finally, as to your Motion for Injunction, I won't comment on the merits at this stage, but I will point out one thing: I think you say below that you plan to include materials in the "Appendix" that relate only to the Motion, such as a declaration, materials from other proceedings, and so on. That's not permitted; anything you rely on to support your motion, such as exhibits or declarations, "must be served and filed with the motion."  Fed. R. App. P. 27(a)(2)(B)(2).

I also appreciate your offer to provide materials; that won't be necessary.

Sincerely,
Jeff Q.

Jeff Quilici
Of Counsel

Orrick
Austin
T +1-512-582-6916
jquilici@orrick.com



Confidential. May contain privileged or work-product information.

On May 7, 2025, at 7:13 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

**[EXTERNAL]**

Hey Jeffrey,

I'm working my Appendix/Excerpts for the Ninth Circuit brief and targeting to file it tomorrow, along with declarations and request for judicial notice. (This is a lot of work!)

Last week Melinda said something like she has nothing to do with the appeal, so I'm just emailing you directly. If there's other Orrick counsel who filed notices and are actually working on the appeal, feel free to let me know or cc them yourself in a response.

It appears that because I'm *pro se* I don't have to file the formal appendix or follow the appendix creation procedures, but for sake of efficiency, I wanted to ask you if there's anything specific you want included in it when when I file it. I'm planning on including all

orders, complaints/answer, joint case mgmt statements, hearing transcripts, and hearing minutes. Then I'll include some excerpts of exhibits and other filings as applicable to my arguments. If there's not anything in the above list that you want to include, let me know, and maybe we can file a final version this week -- I bet they'd like that.

As for the request for injunction I filed today, I plan to include some of the case records as noted above (as well as my filings requesting relief which were denied); and I will request judicial notice of case documents in *Lopez*, *Epic*, *eBay*, *Levoff*, *Moyer*, and *Raniere* (ie, indictments, orders, decisions, DOJ press releases, settlement agreements). My declaration will then include exhibits from the record, emails with counsel, meet/confer transcripts, and also Apple's privilege log from the district court litigation.

Because I will likely be a day late filing the exhibits (I didn't sleep for a few days trying to file on time and am still behind) and you have a deadline of which to respond that starts with the motion/brief, I wanted to ensure you were on notice as to what else was coming.

Let me know if you have any questions or if you need early copies of anything. I assume the district court counsel already provided you with emails/privilege log/etc.

-Ashley
*Pro Se* Plaintiff-Appellant

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: ACMS@ca9.fedcourts.us <ACMS@ca9.fedcourts.us>
Date: On Wednesday, May 7th, 2025 at 2:49 PM
Subject: Gjovik v. Apple Inc. 25-2028 - 013 - Opening Brief Submitted for Filing
To: ashleymgjovik@protonmail.com <ashleymgjovik@protonmail.com>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Ninth Circuit

### Notice of Docket Activity

The following transaction was entered on 05/06/2025 11:54:28 PM PDT and filed on 05/06/2025

**Case Name:** Gjovik v. Apple Inc.

**Case Number:** 25-2028

**Docket Text:**

**OPENING BRIEF** submitted for filing by Appellant Ashley M. Gjovik.--[COURT UPDATE: Attached addendum, filed at DE 14] [Entered: 05/06/2025 11:58 PM] [Edited: 05/07/2025 11:45 AM]

**Document:** Brief
**Document:** Addendum

**Notice will be electronically mailed to:**

Ashley M. Gjovik ; ashleygjovik@recap.email, ashleymgjovik@protonmail.com
Kathryn Mantoan ; kmantoan@orrick.com
Jessica R. Perry ; tmcbride@orrick.com, jperry@orrick.com
Melinda S. Riechert ; mriechert@orrick.com, jromero@orrick.com, casestream@ecf.courtdrive.com
Ryan Booms ; rbooms@orrick.com
Mr. Jeffrey Todd Quilici ; jquilici@orrick.com, phowell@orrick.com

**Case participants listed below will not receive this electronic notice:**

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**5.86 KB**      1 embedded image

4

# EXHIBIT B

## RE: Gjovik v. Apple - N.D. Cal. No. 3:23-cv-04597-EMC | Update Regarding Discovery, Productions, and Meet and Confer Agenda

| | |
|---|---|
| From | Riechert, Melinda <mriechert@orrick.com> |
| To | Ashley Gjovik<ashleymgjovik@protonmail.com>, jquilici@orrick.com |
| CC | Perry, Jessica R.<jperry@orrick.com>, Mantoan, Kathryn G.<kmantoan@orrick.com>, Luo, Ashley<aluo@orrick.com>, Booms, Ryan<rbooms@orrick.com>, Mahoney, Brian<brian.mahoney@morganlewis.com>, Stolzenburg, Mark L.<mark.stolzenburg@morganlewis.com>, harry.johnson<harry.johnson@morganlewis.com>, kelcey.phillips@morganlewis.com |
| Date | Thursday, May 8th, 2025 at 5:20 PM |

Ashley

Please add whatever you want to add to the attached document, being sure it meets the court's required page limits, and we can submit it to the Magistrate on May 12.

**Melinda Riechert**

Partner

Orrick

Silicon Valley  Ⓥ

T 650/614-7423

M 6507591929

mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Thursday, May 8, 2025 2:11 PM
**To:** Riechert, Melinda <mriechert@orrick.com>; Quilici, Jeffrey <jquilici@orrick.com>
**Cc:** Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Luo, Ashley
<aluo@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>;
Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry johnson <harry.johnson@morganlewis.com>;
kelcey.phillips@morganlewis.com
**Subject:** RE: Gjovik v. Apple - N.D. Cal. No. 3:23-cv-04597-EMC | Update Regarding Discovery, Productions, and Meet and
Confer Agenda

[EXTERNAL]

Dear Counsel,

I am in receipt of your May 7 email and Apple's proposed draft joint letter. I submit the following for the record, consistent with my May
7 Notice regarding discovery procedures and the current posture of this litigation.

The material Apple seeks to designate as confidential is central to my pending appeal and Motion for Injunction before the Ninth Circuit
in Case No. 25-2028. The so-called "Informed Consent Form / Agreement" that Apple has withheld is already referenced in the appellate
record. Under *Griggs v. Provident,* 459 U.S. 56 (1982), the district court is divested of jurisdiction over matters presently under review by
the Court of Appeals. (see also, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985)). Apple's proposed
protective order reaches the very evidence at issue on appeal, and the Court may not issue binding orders or sanctions over that
material.

Apple's stated basis for the protective order centers on this one document. During our May 2, 2025 meet and confer, Apple confirmed:

- It will not produce the "Informed Consent Agreement" unless a protective order is entered;
- It intends to use the document at my deposition and then designate both the document and my testimony as confidential;
- It would consider any public reference to the document or testimony a violation, subject to contempt;
- It declined to consider redactions, stipulations, or in-camera review;
- It refused to identify any additional documents it intends to designate under the proposed order.

As discussed, Apple previously submitted a different document—unrelated to the program at issue—to the U.S. Department of Labor
during a federal investigation. That document was dated 2018 and associated with a different platform. I obtained evidence of this
submission through a FOIA request to the Department of Labor, as Apple has repeatedly refused to produce the same evidence to me in
discovery. I have raised concerns that Apple's submission of an unrelated "Informed Consent Form" as material evidence to justify my
termination constitutes a false submission under 18 U.S.C. § 1519. Apple now seeks to conceal the actual document from public and
judicial review. This pattern raises serious concerns under federal obstruction statutes and RICO predicate acts (18 U.S.C. §§ 1512,
1513).

The proposed protective order is not aimed at protecting proprietary information—it is a pretext to suppress whistleblower-related testimony, obscure systemic unlawful conduct, and avoid public accountability. This conduct is part of the record on appeal and cannot be addressed through a local, limited discovery mechanism.

Apple's selective quotation from a March 25, 2025 meet and confer is also misleading. That meeting involved general discussion of the model protective order. The current dispute arises from the May 2, 2025 meet and confer, which focused on Apple's new attempt to designate whistleblower-related evidence as confidential. Between March 25 and May 2, Apple engaged in substantial conduct that I allege is retaliatory and unlawful, including submission of misleading documents and improper threats, as discussed during the May 2 call, my emails, and my court filing. Judge Westmore's Standing Order requires the meet and confer to occur within five business days of submitting a joint discovery letter. Citing a meet and confer from over two months prior to justify a new protective order is inconsistent with both the letter and intent of that rule.

I also object to Apple's continued failure to disclose the roles of Ashley Luo and now also Nick Weaver. Ms. Luo has professional affiliations with this Court and the U.S. Attorney's Office, and Apple has not filed a notice of appearance or otherwise explained her role in this litigation. She is in a position to make prejudicial statements about the Plaintiff to court staff without them knowing she is directly involved in this matter. Mr. Weaver, an eDiscovery defense specialist, has been included despite Apple's refusal to engage in any discovery planning, propose an ESI protocol, or identify document custodians. The introduction of litigation suppression specialists in a one-document dispute—with no supporting discovery plan—raises concerns about the true purpose of Apple's proposed order.

There are also two separate NLRB proceedings that directly relate to the issues underlying Apple's proposed protective order. First, the NLRB has already issued a nationwide complaint against Apple and entered into a formal settlement agreement concerning Apple's unlawful confidentiality and employment policies—including its misuse of overbroad confidentiality designations to suppress protected disclosures. That settlement confirms that employee speech regarding workplace conditions, including disclosures of potentially unlawful conduct, is protected under Section 7 of the NLRA and may not be restricted or penalized.

Second, the NLRB has issued a formal complaint in the currently pending case concerning Apple's termination of my employment. Apple's asserted basis for that termination—as reflected in its own communications and agency filings—relates directly to the same "Informed Consent Agreement" Apple now seeks to withhold and declare confidential in this litigation. The General Counsel has already found merit to my charge that Apple's justification was pretextual and retaliatory. At minimum, this means the NLRB has found substantial evidence that Apple's stated basis for termination was false. It also raises serious questions as to whether Apple has made false or misleading representations to the federal government—conduct that could constitute a separate violation under both labor and criminal law.

Accordingly, I reiterate that Apple's actions regarding this document and related disclosures violate the National Labor Relations Act, including but not limited to interference with protected concerted activity and retaliatory confidentiality practices. I am preparing additional charges with the NLRB as necessary. Apple has now intentionally removed its NLRB counsel from at least three separate email threads concerning this subject matter. Please ensure that Apple's labor counsel is included on all future communications relating to the "Informed Consent Agreement," NLRA-protected activity, or whistleblower disclosures. Kindly confirm that Apple will maintain labor

counsel on all such correspondence moving forward. As Apple is represented by multiple law firms in overlapping matters, including parallel NLRB proceedings, Apple's counsel has an ethical and procedural obligation to ensure all counsel of record are coordinated and that material representations or procedural positions are not selectively compartmentalized across matters. Its unclear why Orrick counsel continue to add apparently unrelated counsel to these emails, while concurrently removing directly involved counsel from other firms from the same emails.

Finally, Apple's May 7 email states that the joint letter deadline is May 12. However, in prior correspondence, Apple represented the deadline as May 9. Judge Westmore's Standing Order requires filing within five business days of the meet and confer, which occurred on May 2. Depending on how the calendar is applied, either date might be arguable—but the shift in Apple's position has not been acknowledged or explained. Please clarify whether Apple considers May 12 a revised or extended deadline. Regardless, I will provide my contribution to the joint letter by May 12.

Sincerely,

Ashley M. Gjovik

Pro Se Plaintiff

On Wednesday, May 7th, 2025 at 10:26 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> Pursuant to our meet and confer call last Friday and Section 3 on page 3 of your "Notice of Protective Discovery Pause Pending Appeal & Request for Injunction" we received today, Apple does intend to pursue a protective order concerning confidentiality and is willing to submit a joint letter to Judge Westmore in compliance with the Judge's Standing Order. Attached please find a draft of Apple's proposed language for its section of the joint letter together with 4 exhibits.  Please also note:
> - The first six lines is our proposal for the "section which sets forth the unresolved dispute and any pertinent factual background" per section 14(a)(ii) of the standing order.
> - After those six lines, each party has 67 lines for their position per section 14(a)(iii) of the standing order.
> - The parties may only attach 12 pages of exhibits per section 14(b)(ii) of the standing order; we intend to attach 6 pages of exhibits, so you may also include up to 6 pages of exhibits.
>
> We are anxious to move this case forward. Please send your additions to the Joint Letter by close of business Monday May 12, 2025.
>
> Melinda Riechert

Partner

Orrick

Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Wednesday, May 7th, 2025 at 9:06 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

**Subject: Discovery Notice and Objections**

Counsel,

Please see the attached notice and objections regarding civil discovery in light of the pending Ninth Circuit appeal and motion for injunctive relief.

Additionally, I acknowledge receipt of counsel's recent correspondence and notes. However, I have not yet had the opportunity to fully review or respond to their content, and I do not intend to formally engage on those points until after I complete my current Ninth Circuit filings. (I still need to file several critical motions and exhibits.)

For the avoidance of doubt: nothing in this message—or the timing of my response—should be construed as agreement with or waiver of any objections to the substance of counsel's communications.

Best regards,

Ashley Gjovik

(*Pro Se* Plaintiff-Appellant)

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, May 2nd, 2025 at 8:33 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Hi,

Thanks for sending your notes. I'm confirming receipt of your response, but I will read what you wrote later and respond after I file my appellate brief.

I reserve all rights to later object or clarify. Thanks. Have a good weekend.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Friday, May 2nd, 2025 at 8:18 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
> Your summary below is incorrect. I made no unlawful threats against you, nor any threats of any kind. You raised the issue of filing another motion to disqualify because you said the privilege log revealed that Jessica Perry was a witness in this case because she was consulted by Apple prior to your termination and the privilege log showed her declaration was inaccurate. I pointed out that (1) there were no inaccuracies in Jessica Perry's declaration (2) the privilege log did not reveal any inaccuracies in Jessica Perry's declaration (3) the Judge had already decided the motion for disqualification (4) there was no basis for you to file another motion for disqualification. I explained that Apple was entitled to consult with legal counsel on issues prior to your termination, which does not make the attorney a witness in the case and justify a motion to disqualify. I also pointed out that your motions contain cases that did not exist, as discussed in the fully briefed motions, and you needed to stop filing motions for which there was no basis (such as another motion to disqualify) and that contain citations that did not exist.
>
> I did not acknowledge that a protective order allows Apple to seek sanctions in court directly, rather than filing a separate breach of contract or trade secret suit. You were the one who raised this issue, and said Apple wanted to put you in jail, which I disputed.
>
> Here is a summary of what I recall we discussed based on my notes. I have not listened to the recording but will have my assistant send it to you by Liquid Files since it is too big to email.

**Regarding the protective order,** you first asked that I confirm whether we have additional documents to produce once a protective order is entered, and I confirmed we do. I explained why we feel it is appropriate to enter into a protective order which is the court's model order and standard in litigation. I explained that if we produced documents pursuant to the protective order that you did not feel were confidential, there was a process in the protective order to challenge the designations. You suggested that a protective order was not necessary because you had signed an IPA. I noted that this case was about your violation of your IPA. You suggested that instead of a protective order we could produce redacted documents. I said this would not be sufficient. You suggested that you review the documents at an Orrick office. I said that we wanted to use the documents at your deposition. I said we should write a letter to the Magistrate Judge explaining our respective positions on the protective order. You said you wanted to continue to meet and confer, and suggested I provide you with the number of documents that we were withholding until a protective order is entered, since that might cause you to change your mind on the entry of a protective order. I agreed to consider this request and get back to you. We agreed to file a joint letter with the Magistrate by May 9 if we were unable to resolve this issue before then. I will send you our portion of the letter.

**Regarding the discovery plan,** I advised that I believed that our prior Joint Case Management Conference Statement was sufficient, and no additional discovery plan was needed. You suggested we ask the court to hold a case management conference on June 12 and submit a joint case management conference statement in advance of that conference, containing the information required by the Court's rules on Case Management Conference statements, which includes a proposed trial date and other deadlines. I said this was fine with me. You said you still wanted to draft a discovery plan and would send one over for our review.

You asked if we were going to **amend our answer**, and I said that would be decided by the Judge on June 12.

**Regarding Initial Disclosures**, you asked if we intended to supplement them. I said we did not currently intend to supplement them, but may do so in the future as more information becomes available.

**Regarding the privilege log**, I explained why there can be privileged documents in the months before the termination and why there can be privileged documents between non-lawyers (who were acting at the direction of an attorney). We discussed that if you had specific questions regarding entries on the privilege log you would send them to me, but I thought the descriptions we provided were very detailed.

**Regarding depositions**, you said you wanted to take the depositions of:

- Debra Rubinstein.  I noted she was an attorney and what she would know is privileged. You said you wanted to ask her about a conversation you had with her in 2020 about Superfund sites which would not be privileged.
- Yannick Bertolus.  You noted he was a former employee and asked if Apple would be producing him voluntarily.
- Antonio Lagares. You said he was responsible for the suicide nets in Beijing.  I said I didn't understand what that had to do with this case. You noted he was a former employee and asked if Apple would be producing him voluntarily.
- Michael Steiger . You noted he was a former employee and asked if Apple would be producing him voluntarily

You asked if we intended to take the depositions of any of your hippie friends.  I said I had no information about what your hippie friends might know about the case but would learn more at your deposition.

**Regarding ESI**, you said you would include what you want regarding ESI in your draft discovery plan.

**You confirmed that you are not yet withholding any documents based on privilege.**

**Regarding discovery served by you on Apple**, you said that if we had issues with the discovery requests you served being overbroad, you would like us to discuss our concerns with you.

**You agreed to provide a verification to the interrogatory answers.**

**Regarding your response to Interrogatory number 2** regarding the medical providers you have seen related to counts 1-IV of the Fifth Amended Complaint, I noted that your response referred us to the initial disclosures which might be overbroad since those health care providers may not all relate to the remaining issues in the case. You said it would be hard to distinguish between which medical providers related to the remaining claims. You also said Apple has your medical records through Apple Health, which I disputed. You said you would produce medical records. I said we wanted to subpoena records from the relevant medical providers.  You suggested that instead we take an IME.  I noted that the physician performing the IME would want to see your medical records.  You agreed to consider this issue further.

**Regarding your response to Interrogatory No. 3**, for the names of all individuals and entities you have worked for since Apple, I noted this interrogatory was not premature, as your response claims.

Now that full discovery has opened up, there is no phased discovery, so the interrogatory is not premature.  You agreed to send names, dates worked, and amounts received by May 9.

**Regarding interrogatory No. 4 and 5** for information regarding your social networks, you agreed to provide this information for the period June 1 to September 10, 2021.

**Regarding Apple's response to your discovery requests**, you stated you were not planning on escalating at this time.

**Melinda Riechert**

Partner

Orrick

Silicon Valley

T 650/614-7423

M 6507591929

mriechert@orrick.com



---

**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Friday, May 2, 2025 2:51 PM
**To:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>; Luo, Ashley <aluo@orrick.com>; Booms, Ryan <rbooms@orrick.com>; Mahoney, Brian <brian.mahoney@morganlewis.com>; Stolzenburg, Mark L. <mark.stolzenburg@morganlewis.com>; harry.johnson <harry.johnson@morganlewis.com>; kelcey.phillips@morganlewis.com

**Subject:** RE: Gjovik v. Apple - N.D. Cal. No. 3:23-cv-04597-EMC | Update Regarding Discovery, Productions, and Meet and Confer Agenda

[EXTERNAL]

Dear Counsel,

Thank you for meeting today to discuss the pending discovery and case management issues.

Pursuant to Judge Westmore's Standing Order, please provide a copy of the recording from our meet and confer at your earliest availability.

As noted during the call, I will be focused on my Ninth Circuit opening brief until it is filed on May 6, 2025. In the meantime, feel free to send any initial joint letter drafts, and I will review and respond starting May 7.

**Discovery Plan & Scheduling**

As discussed, I will send you on May 7:

- A draft joint letter to Judge Westmore regarding the absence of a discovery plan, and
- An alternative draft stipulated case management statement and proposed Rule 16(b) schedule for submission to Judge Chen.

If Apple is willing to stipulate to the schedule and plan, we can file those materials jointly to Judge Chen and Judge Westmore. If not, I will proceed to finalize and file the joint (or individual) letter on the discovery plan dispute by May 9, 2025, in accordance with Standing Order ¶14. Please confirm by May 9 whether you intend to join either filing.

**Interrogatories & Follow-Up**

As discussed, I will provide updated interrogatory responses next week or the week after, including:

- A corrected version with a sworn verification statement, and
- Clarifications and proposed modifications to scope and timing.

To reiterate: I have not refused to answer Apple's interrogatories. I raised objections and proposals — which we discussed today — regarding how best to respond within procedural and privacy boundaries.

**Privilege Log & Depositions**

I will send a formal challenge letter regarding specific entries in Apple's privilege log, along with requests for clarification, as a starting point for resolving disputes collaboratively.

Thank you for confirming that you are gathering further information regarding witness availability for depositions.

**Confidentiality & Protective Order**

We discussed the following:

- I asked why redactions cannot be used instead of a protective order. Apple provided only one example (document authentication) and asserted that redaction would not work for "anything."
- I asked why my existing IPA does not cover the allegedly confidential information. Apple responded that I had already violated that agreement. When I asked what a protective order provides that the IPA does not,
- Apple stated that documents are being withheld under a confidentiality claim but refused to identify which documents or how many. Apple said it is considering my request to at least disclose the number being withheld.

**Disqualification**

When I raised concerns about the need to disqualify Jessica Perry based on newly revealed privilege log entries, Apple's counsel made several unlawful threats against me. Similar to what occurred regarding the NLRB settlement, Apple's counsel implicitly threatened me with Rule 11 sanctions if I filed another motion to disqualify counsel or raise claims of fraud on the court.

For the record, I am formally objecting to multiple statements made by Apple's counsel during today's call that I believe constitute unlawful threats and coercion. Specifically, Apple's counsel made at least three separate comments that did:

- Interfere with my right to engage in protected concerted activity,
- Chill my ability to report retaliation, obstruction, and harassment to the government or courts, and
- Intimidate me with threats of legal consequences for accessing the judicial process.

Apple also again made allegations against me related to AI and citing false cases. Like I responded in my filings and emails, I again pointed out that Apple appear to be referring to five cases from one filing, in WestLaw, and which I do not have access to due to my financial distress, and I asked again for them to share some sort of proof that the cases don't exist -- such as a PDF of the WestLaw screen showing they don't exist, and counsel told me no, again.

I objected at the time and I memorialize my objection again here. When I asked counsel to clarify or explain these threats, she declined. That refusal does not diminish their seriousness or legal implications.

**<u>Disqualification</u>**

When I raised concerns about the need to disqualify Jessica Perry based on newly revealed privilege log entries, Apple's counsel responded by making several unlawful threats against me. As occurred previously regarding the NLRB settlement, Apple's counsel again implicitly threatened me with Rule 11 sanctions if I filed another motion to disqualify counsel or raised concerns regarding potential fraud on the court.

For the record, I am formally objecting to multiple statements made by Apple's counsel during today's call that I believe constitute unlawful threats and coercion. Specifically, Apple's counsel made at least three separate comments that:

- Interfered with my right to engage in protected concerted activity;
- Attempted to chill my ability to report retaliation, obstruction, and harassment to government agencies or the courts; and
- Sought to intimidate me with threats of legal consequences for accessing the judicial process and raising legitimate misconduct concerns.

In addition, Apple again made vague allegations against me regarding AI usage and citation of "fake cases." As I previously explained in filings and correspondence, I believe Apple is referring to five cases cited from a single Westlaw search, which I no longer have access to due to my financial hardship. I asked Apple's counsel once again to provide some proof — such as a screenshot or PDF from Westlaw showing the cases were invalid — and again, Apple's counsel refused.

I objected at the time on the record and I am memorializing those objections here. When I asked counsel to clarify or explain the basis for these threats, she declined. That refusal does not reduce the seriousness or legal consequences of the statements.

I will follow up with additional notes and next steps as time permits after my appellate deadline.

Thank you again,

Ashley M. Gjovik

Pro Se Plaintiff

May 2, 2025

On Friday, May 2nd, 2025 at 3:37 PM, Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com> wrote:

Dear Counsel,

Attached is a detailed outline of discovery planning items that must be addressed in our May 2, 2025 meet and confer. This checklist is structured to track Apple's specific positions on each issue relevant under FRCP 26(f), 16(b), and Judge Westmore's Standing Order ¶14, and will serve as the basis for joint letter drafting on any unresolved disputes.

We can walk through the questions live during today's meeting, and I am requesting written confirmation of Apple's position on each item no later than close of business on May 6, 2025, to facilitate timely drafting of joint discovery letters by the required deadline of Friday, May 9, 2025.

**Proposed Outline: Discovery Planning Discussion (Meet & Confer)**

**Gjovik v. Apple – May 2, 2025**

As part of our meet and confer scheduled for May 2, 2025, Plaintiff requests that Apple provide specific positions on each of the following discovery planning items. These questions reflect requirements under FRCP 26(f), FRCP 16(b), and the standing orders of the assigned judges. This outline will also form the basis for joint letter drafting, potential scheduling stipulations, and further motion practice if necessary.

**<u>Purpose of This Planning Discussion</u>**

Confirm we are fulfilling obligations under FRCP 26(f), FRCP 16(b), and local standing orders.

Clarify that this discussion will form the basis for a joint discovery letter and/or a proposed Rule 16(b) scheduling order.

**>> Status of Discovery Plan and Case Management Obligations**

Has Apple completed its 26(f) obligations?

Has Apple ever proposed a full Rule 26(f) discovery plan?

Has Apple drafted or agreed to a Rule 26(f) discovery plan?

☐ Yes ☐ No

Will Apple now agree to jointly prepare a full discovery plan by May 9?

☐ Yes ☐ No

If not, why does Apple believe one is not required?

Will Apple consider the Westlaw/Nexis guides I circulated showing a standard plan includes deadlines, ESI, and privilege framework?

☐ Yes ☐ No

Why has Apple refused to stipulate to scheduling, deadlines, or custodians?

## >> Initial Disclosures

Have both sides served complete FRCP 26(a)(1) initial disclosures?

Has Apple served full and final Rule 26(a)(1) disclosures?

☐ Yes ☐ No

Will Apple supplement its disclosures to identify:

Individuals involved in Plaintiff's termination? ☐ Yes ☐ No

Those with knowledge of whistleblower, labor, and other protected activity events? ☐ Yes ☐ No

**Ashley M. Gjovik, JD**
*In Propria Persona*
2108 N St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **ASHLEY GJOVIK,** | **Case No. 3:23-CV-04597-EMC** |
| *an individual*, | |
| Plaintiff, | **NOTICE OF** |
| v. | **PROTECTIVE DISCOVERY** |
| **APPLE INC,** | **PAUSE PENDING APPEAL &** |
| *a corporation*, | **REQUEST FOR INJUNCTION** |
| Defendant. | |

# I.  NOTICE OF PROTECTIVE DISCOVERY PAUSE PENDING APPEAL

1.      Plaintiff-Appellant Ashley Gjovik respectfully submits this updated discovery notice in light of her pending appeal and motion for injunctive relief currently before the United States Court of Appeals for the Ninth Circuit in *Gjovik v. Apple Inc.*, No. 25-2028. That motion, filed under Federal Rule of Appellate Procedure 8(a)(2) and Federal Rule of Civil Procedure 62(c), seeks to preserve the status quo while the appellate court considers legal questions that implicate core statutory protections for crime victims, whistleblowers, and parties subjected to retaliatory litigation conduct.

## A. Legal Basis for Requested Discovery Pause

2.      As outlined in the pending motion, the discovery currently directed at Plaintiff—including deposition demands, privilege and confidentiality assertions, interrogatories, and coercive procedural tactics—poses a direct and irreparable threat to Plaintiff's statutory rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, Marsy's Law (Cal. Const. art. I, § 28), and whistleblower protections under federal and California law (e.g., 18 U.S.C. §§ 1512, 1513; Cal. Lab. Code §§ 1102.5, 230(e)).

3.      The CVRA provides crime victims the right "*to be reasonably protected from the accused*" and "*to be treated with fairness and with respect for the victim's dignity and privacy.*" See 18 U.S.C. § 3771(a)(1), (8). These protections are enforceable via mandamus or interlocutory relief. Courts lose jurisdiction over CVRA issues once an appeal is filed about the issue. Rule 62(c) authorizes the district court to preserve the status quo during an appeal of an injunction denial, and courts regularly stay discovery under this rule to prevent abuse and safeguard pending appellate rights.

## B. Apple's Misconduct and the Necessity of a Temporary Pause

4.      The plaintiff has asserted in sworn filings and agency disclosures that Apple's litigation conduct has included post-employment retaliation, reputational interference, attempted sextortion,

witness intimidation, surveillance, and SWATing. These actions—combined with pending discovery demands for trauma records, private communications, and retaliation-linked interrogatories—present serious risks of further harm and retaliation.

**ACCORDINGLY, PLAINTIFF ISSUES THE FOLLOWING NOTICES AND CLARIFICATIONS:**

- **1. Withdrawal of Discovery Planning Proposal**: Plaintiff previously urged the parties to develop a coordinated discovery plan and, more recently, offered to initiate a written proposal, with the intent of escalating to the Magistrate Judge if agreement could not be reached by the upcoming Friday deadline. The plaintiff hereby withdraws that deadline due to the pending request for injunctive relief. Instead, Plaintiff requests that the parties revisit and establish a discovery plan promptly after the Ninth Circuit issues a ruling on the pending motion for injunctive relief.

- **2. Privilege Log Follow-up**: Plaintiff intends to send Apple a letter further detailing concerns with Apple's privilege log. However, Plaintiff does not currently plan to escalate the issue to Magistrate Judge Westmore unless there is an additional meet and confer discussion and/or a ruling from the Court of Appeals. Plaintiff continues to object to Apple's assertions of privilege, particularly where they appear to reflect litigation strategy to obscure misconduct rather than genuine attorney-client communications.

- **3. Protective Order Letter**: If Apple intends to pursue a protective order concerning confidentiality, Plaintiff maintains that any letter to Magistrate Judge Westmore must be submitted jointly and in compliance with the Judge's standing order. To date, Apple has not provided Plaintiff with a draft for review. Plaintiff will consider joint submission upon receipt of a draft. If no draft is provided by 2:00 p.m. Eastern Time (ET) on May 9, 2025, further meet

and confer will be necessary before any letter may be filed, consistent with Judge Westmore's procedures.

- **4. Deposition of Plaintiff (Scheduled for May 30, 2025)**: Plaintiff objects to the deposition currently scheduled for May 30, 2025, for the reasons set forth in the appellate briefing and pending motion for injunctive relief. The deposition must be cancelled pending resolution of the injunction request and issuance of a protective order safeguarding Plaintiff's statutory rights. If Apple refuses, Plaintiff will request urgent judicial intervention following a good-faith meet and confer.

- **5. Interrogatory Deadlines**: Plaintiff requests that Apple agree to pause all deadlines for interrogatory responses until the Ninth Circuit rules on the pending motion for injunctive relief. Following the Court's decision, Plaintiff further requests that Apple redraft and re-serve its interrogatories in accordance with any resulting protective order or guidance. If Apple declines to pause, Plaintiff will initiate an expedited meet and confer and, if necessary, seek protective relief from the Court.

- **6. Ongoing Production**: Plaintiff is continuing to produce responsive documents in good faith and expects Apple to do the same. Plaintiff is not seeking a protective pause of document production at this time and expects reciprocal compliance from Apple.

- **7. Requests for Admission**: Plaintiff agrees to pause service of the previously contemplated Requests for Admission, contingent upon Apple's agreement to the protective pause. If Defendant agrees to the proposed protective pause of deposition and interrogatories, Plaintiff will likewise pause submission of the Requests for Admission she previously indicated would be filed imminently.

- **8. Meet and Confer Deadline**: If Apple does not agree to voluntarily pause the deposition and interrogatory deadlines, Plaintiff requests that the parties meet and confer no later than **Friday, May 16, 2025**, and, if necessary, prepare joint discovery dispute letters for submission to Magistrate Judge Westmore in accordance with her standing order. Plaintiff anticipates immediate joint submission if no resolution is reached.

5.      This request is necessitated by Apple's ongoing litigation conduct, and by Plaintiff's statutory right to be free from coercive and retaliatory discovery while her appellate motion is pending. Plaintiff respectfully declines to participate in deposition, interrogatory, or similarly invasive discovery until the Ninth Circuit has ruled on her request for judicial protection.

6.      Plaintiff respectfully declines to participate in deposition, interrogatory, or other personally invasive discovery while the Ninth Circuit is considering her request for judicial protection due to the ongoing irreparable harm, the additional irreparable harm about to occur, and Apple's position as a a repeat litigant previously sanctioned in this District for similar misconduct (see *Epic Games v. Apple*, *Lopez v. Apple*, etc.).

**Dated: May 7 2025**

Signature:

_____

**/s/ Ashley M. Gjovik**
*Pro Se Plaintiff*

- 5 -