Case: 25-2028, 05/14/2025, DktEntry: 23.5, Page 1 of 4

# Exhibit 3

 Case: 25-2028, 05/14/2025, DktEntry: 23.5, Page 1 of 4

From:  **Ashley M. Gjøvik**  ashleymgjovik@protonmail.com  📎
Subject:  RE: Gjovik v. Apple - N.D. Cal. No. 3:23-cv-04597-EMC | Update Regarding Discovery, Productions, and Meet and Confer Agenda
Date:  May 13, 2025 at 10:28 AM
To:  Riechert, Melinda  mriechert@orrick.com
Cc:  Quilici, Jeffrey jquilici@orrick.com, Perry, Jessica R. jperry@orrick.com, Mantoan, Kathryn G. kmantoan@orrick.com, Luo, Ashley aluo@orrick.com, Booms, Ryan rbooms@orrick.com, Mahoney, Brian brian.mahoney@morganlewis.com, Stolzenburg, Mark L. mark.stolzenburg@morganlewis.com, harry.johnson harry.johnson@morganlewis.com, kelcey.phillips@morganlewis.com

**[EXTERNAL]**

Dear Ms. Riechert,

I am responding to your May 12 email concerning sealed appellate filings in *Gjovik v. Apple,* No. 25-2028. You were previously cc'd on my formal notice to the Court and lead counsel for Apple as Appellee, which included my Motion to File Under Seal and Certificate of Service. You chose not to respond to that message at the time. Your new message was sent via an unrelated thread — one that includes counsel from an separate matter, creating confusion about the forum, procedural context, and audience. For clarity, I've reattached the original sealing notice, related emails, and am including the correct thread inline.

If counsel for Morgan Lewis wishes to better understand the current appellate record, the full Ninth Circuit docket is available here: https://www.courtlistener.com/docket/69805803/gjovik-v-apple-inc/ ; and the U.S. District Court record is available here: https://www.courtlistener.com/docket/67772913/gjovik-v-apple-inc/?page=1

**Procedural Status of Sealed Materials**

As you are likely aware, the Ninth Circuit Rule 27-13(c) provides that sealed materials are ordinarily served on opposing counsel. However, Rule 27-13(d) permits a litigant to request that service be withheld pending the Court's determination. I made such a request explicitly in my Motion to Seal, and this request is now pending before the Court. In accordance with that rule and FRAP 25.3(b), I served the Motion and Certificate of Service properly and gave formal notice that I was withholding the sealed declaration and exhibits unless otherwise directed by the Court. Until the Ninth Circuit issues a ruling, I will not bypass that process at your informal request. If you disagree, the appropriate path is to file a motion with the Court.

**Legal Status of the Materials You Seek**

The documents you are requesting include:
- Confidential communications with federal law enforcement and regulatory agencies, relating to ongoing investigations into Apple,
- Privileged communications with legal counsel, including strategic litigation records and bar complaints,
- Financial and medical documentation, which I stated may be available in discovery, and the material info in which was detailed in the public declaration which you were served.

As of now, these materials are protected under multiple legal doctrines and statutes, including the attorney–client privilege, the law enforcement investigatory privilege, 18 USC 1512/1513/1514, RICO Act, the Crime Victims' Rights Act (CVRA), Marsy's Law, and federal whistleblower protection statutes. Some of the disclosures you are requesting would be categorically exempt from discovery, and others — particularly communications with law enforcement — could not be lawfully disclosed under federal law.

**Legal and Ethical Concerns Raised by Your Demand**

As a senior partner at your firm and the named actor in multiple retaliation and obstruction allegations within this case, your demand is concerning. Rather than engage with the Court, you issued an informal directive — on the wrong thread, to the wrong audience — seeking sealed and legally protected materials outside of judicial process.

More troublingly, your demand includes:
- Confidential victim communications with federal investigators about potential criminal acts by your client,
- Documents that would be considered core privileged matter,

And all of this done while the Ninth Circuit is actively considering the issue of whether these materials should be served at all. This is not a procedural disagreement. This is an attempt to compel a pro se crime victim to violate the law, break privilege, and undermine judicial oversight — all while bypassing formal court channels. In the case of the law enforcement materials, your demand approaches conduct that is prohibited under 18 U.S.C. § 1512(b)(3).

In some cases, compliance with your request would expose me to legal jeopardy, and in others, disclosure would be categorically prohibited. The legal authorities implicated include:
- Federal Criminal Law – Witness Tampering 18 U.S.C. § 1512(b)(3); Prohibits knowingly attempting to obtain or influence the disclosure of information to or from law enforcement relating to a potential federal offense. Your request for sealed law enforcement communications related to ongoing federal investigations into Apple likely falls within this statute. Disclosure of such materials without proper judicial or agency authorization would itself be unlawful.
- Victim Rights Statutes 18 U.S.C. § 3771 (CVRA). Guarantees crime victims the right to dignity, privacy, and protection from intimidation, harassment, and unwarranted disclosure.
- California Constitution, Article I, Section 28 (Marsy's Law) - Extends similar protections under state constitutional law, including rights against coercive or retaliatory demands for sensitive information.
- Whistleblower and Public Interest Protections
- Federal Whistleblower Laws (e.g., 5 U.S.C. § 2302, SEC, EPA, OSHA frameworks), Prohibit retaliation and unauthorized disclosure of complaints, agency correspondence, and investigative referrals made in the public interest.
- Labor Code § 1102.5 and § 230(e) (California) - Specifically protects employees who disclose information about unlawful conduct to law enforcement or government agencies.
- Attorney–Client Privilege Your request also seeks privileged communications with legal counsel, including bar complaints and internal litigation materials. These are categorically protected under:
- Federal common law privilege doctrine,
- California Evidence Code § 950 et seq and California common law,

1

- New York CPLR § 4503 and New York common law,
- Massachusetts Guide to Evidence § 502 and Massachusetts common law, and
- Work product doctrine (Fed. R. Civ. P. 26(b)(3)).

These materials are not subject to disclosure in civil discovery and certainly not through informal email requests. Further, communications with the DOJ, FBI, EPA, SEC, and other federal enforcement bodies may only be disclosed with agency authorization. If you file a motion to the US Court of Appeals with your concerns, and if the Ninth Circuit were to grant your request, I would be required to notify the DOJ and potentially initiate a formal authorization process before any release

Unless the Ninth Circuit directs otherwise, I will await the Court's ruling. Collectively, your demand circumvents the judicial process and improperly seeks access to categories of documents that are either privileged, statutorily protected, or currently before the Court under seal. It is not an appropriate procedural inquiry; it is a demand for materials that I am legally prohibited from producing and/or have a codified right to withhold.

Sincerely,
Ashley M. Gjøvik
Pro Se Appellant

—
**Ashley M. Gjøvik**
**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, May 12th, 2025 at 9:16 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley
>
>
> In response to your email below about your filing sealed documents in the Ninth Circuit, I note you did not serve us with those documents as you are required to do under the Federal Rules of Appellate Procedure and under the 9th Circuit Rules. Under the Federal Rules of Appellate Procedure, "[a]ny affidavit or other paper necessary to support a motion **must be served and filed** with the motion.  Fed. R. App. P. 27(a)(2)(B)(1) (emphasis added). Ninth Circuit rules confirm that this applies to documents filed under seal: "any notice or motion submitted under seal **and any document associated with such notice or motion shall be served on opposing counsel** in paper form or, with consent, via email."  9th Cir. R. 27-13(c) (emphasis added). We consent to email service of sealed papers, rather than your having to serve them in paper form.  In short even though documents filed under seal are not downloadable through PACER and not automatically served by the CM/ECF system,  9th Circuit. R. 27-13(b), (c), they must be served on us.  Please immediately email us the documents you filed under seal today as required by the Court's rules.
>
>
> **Melinda Riechert**
> Partner
>
> Orrick
> Silicon Valley   Ⓥ
> T 650/614-7423
> M 6507591929
> mriechert@orrick.com
>
> 

On Monday, May 12th, 2025 at 6:58 PM, Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> *Subject: Filing of Motion to Seal – Gjovik v. Apple, No. 25-2028*
>
> Hi Mr. Quilici,
>
> I hope this message finds you well. I'm writing to serve my Motion to File a Declaration and Exhibit Under Seal and the accompanying Certificate of Service in compliance with the Ninth Circuit's sealed filing procedures.
>
> As outlined in the motion, I am not serving the sealed declaration or exhibits on Appellee at this time. This is consistent with Ninth Circuit Rule 27-13, which allows litigants to request that sensitive documents remain nonpublic and unserved pending the Court's review. The materials submitted under seal include personal financial information, privileged attorney–client records, and communications with federal law enforcement agencies regarding potential criminal violations. Given the nature of these filings — including public safety risks and potential prejudicial disclosures — I have requested that they not be served unless and until the Court orders otherwise.
>
> Regarding the financial documents (Category Three), I am open to providing redacted versions upon request, if necessary for discussion.

However, these materials would likely be exchanged in discovery in the ordinary course of litigation.

Please let me know if you have any questions or wish to discuss a service protocol contingent on the Court's ruling.

Sincerely,
**Ashley M. Gjøvik**
Pro Se Appellant-Plaintiff
BS, JD, PMP

Sent with Proton Mail secure email.

On Friday, May 9th, 2025 at 5:13 PM, Quilici, Jeffrey <jquilici@orrick.com> wrote:

Ms. Gjovik,

We disagree with your inaccurate statements and characterization of our conduct. However, it appears that further dialogue is likely to be unproductive so I will not continue to engage with you regarding this topic.

Sincerely,
Jeff Q.

**Jeff Quilici**
Of Counsel

Orrick
Austin

T +1-512-582-6916
jquilici@orrick.com

Orrick
[?]

Confidential. May contain privileged or work-product information.

---

**From:** "Ashley M. Gjøvik" <ashleymgjovik@protonmail.com>
**Date:** Thursday, May 8, 2025 at 7:21 PM
**To:** "Quilici, Jeffrey" <jquilici@orrick.com>
**Cc:** "Perry, Jessica R." <jperry@orrick.com>, "Riechert, Melinda" <mriechert@orrick.com>, "Mantoan, Kathryn G." <kmantoan@orrick.com>
**Subject:** Re: Gjovik v. Apple Inc. 25-2028 - 013 - Opening Brief Submitted for Filing

[EXTERNAL]

Hi Mr. Quilici,

Please see the attached letter memorandum, which I am also filing with the Ninth Circuit in support of my Motion for Injunction Pending Appeal.

As reflected in the record, I contacted you on May 7 2025 in a good-faith effort to coordinate on the Excerpts of Record and supporting exhibits, consistent with Ninth Circuit guidance encouraging cooperation to reduce the burden on the Court. You declined to collaborate, refused to provide any examples of materials you believed appropriate or necessary for the record, and expressly stated that you would not participate further in the process.

You also acknowledged my same-day notice that the exhibits would be filed separately, and substantively engaged with that plan—confirming receipt and stating you believed no additional materials were needed. This demonstrates both timely notice and your opportunity to raise any objections, which you declined.

Separately, I requested clarification regarding who should be included on communications, after Melinda informed me she was not involved in the appeal. You responded that I should include "everyone who has noticed an appearance," but then selectively copied three attorneys—excluding Ryan Booms, who has in fact filed a notice of appearance and remains listed on the docket. Meanwhile, you included Melinda, despite her earlier refusal to confer. Please clarify which counsel are actively involved and in what capacity.

As for the pending filings before the Ninth Circuit, I understand that you have declined further engagement, and I will proceed independently from this point forward.

Respectfully,
Ashley M. Gjovik
Pro Se Appellant

—
**Ashley M. Gjøvik**
BS, JD, PMP

Sent with Proton Mail secure email.

On Thursday, May 8th, 2025 at 4:14 PM, Quilici, Jeffrey <jquilici@orrick.com> wrote:

3