No. 25-2028

IN THE
# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,

*Plaintiff-Appellant,*

*v.*

APPLE INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

## DEFENDANT-APPELLEE APPLE INC.'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO APPELLANT'S MOTION FOR INJUNCTION, DKT. 15.1, TO STRIKE, AND TO COMPEL SERVICE OF SEALED MATERIALS.

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX  78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Defendant-Appellee*

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................i

TABLE OF AUTHORITIES ...................................................................iii

INTRODUCTION .................................................................................. 1

BACKGROUND ..................................................................................... 2

ARGUMENT .......................................................................................... 8

    I.    Ms. Gjovik's Filings Are Procedurally Improper and Should be Stricken. ...................................................... 9

        A.    Ms. Gjovik's late filings and refusal to serve sealed materials deprives Apple of adequate time to respond. ................................................... 9

        B.    Even if they had been timely, Ms. Gjovik's declarations improperly inject at least 75 pages of additional briefing concerning her Motion. ................ 11

    II.    Responding To Ms. Gjovik's Improperly Overlong Motion Will Require Substantial Additional Time. ............ 13

CONCLUSION ..................................................................................... 15

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*N/S Corp. v. Liberty Mut. Ins. Co.*,
    127 F.3d 1145 (9th Cir. 1997) ................................................................. 9

**Constitutional Provisions**

Cal. Const. Art. I, § 28 ................................................................................. 4

**Statutes**

18 U.S.C. § 1512 ........................................................................................... 4

18 U.S.C. § 1513 ........................................................................................... 4

Crime Victims' Rights Act ................................................................ 4, 5, 14

National Labor Relations Act ..................................................................... 5

Racketeer Influenced and Corrupt Organizations Act ........................ 4, 5

**Rules and Regulations**

9th Cir. R. 27-1(1)(d) ............................................................................ 12, 13

9th Cir. R. 27-11(a)(1) ................................................................................. 2

9th Cir. R. 27-13(c) ...................................................................................... 9

9th Cir. R. 32-3(2) ...................................................................................... 12

Fed. R. App. P. 26(a)(1) ............................................................................... 3

Fed. R. App. P. 26(b) .................................................................................... 1

Fed. R. App. P. 27(a)(1)(B)(2) ................................................................... 11

Fed. R. App. P. 27(a)(2)(B)(1) ..................................................................... 9

Fed. R. App. P. 27(a)(2)(C)(1) ................................................................... 11

iii

Fed. R. App. P. 27(a)(3)(A) ........................................................... 3

Fed. R. App. P. 27(d)(1)(D) ......................................................... 12

Fed. R. Civ. P. 12 .................................................................. 5, 11

Fed. R. Civ. P. 54(b) ................................................................. 2, 3

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 26(b), Defendant-Appellee Apple Inc. respectfully submits this opposed[1] motion for an extension of the deadline to file its response to Appellant Ashley Gjovik's Motion for Injunction and to strike the late-filed declarations and exhibits submitted by Appellant in support of her motion. Apple's response is currently due Monday May 19, 2025. As detailed below, Ms. Gjovik's filing has consisted of a continuing stream of additional material; she submitted at least 75 pages of additional briefing (in the form of purported "declarations") supporting her motion, without authorization, as well as over 700 pages of exhibits, one week before Apple's deadline to respond. The same evening, Ms. Gjovik filed additional declarations and exhibits under seal but refuses to serve copies on Apple. The next day she submitted another 200+ pages of exhibits, including among other things a newly filed motion in the district court asserting some of the same bases she urges in her Motion.

---

[1] Apple attempted to confer with Appellant, but after several rounds of communication, Apple has been unable to obtain a yes-or-no position on the relief Apple requests, and therefore treats this motion as opposed. Riechert Decl. ¶ 14. However, Apple understands that Appellant objects to any statement that she "opposes" the motion. *Id.*

If this Court does not strike Ms. Gjovik's filings based on multiple violations of this Court's Rules, Apple will need both access to Ms. Gjovik's sealed filings and significant additional time (and likely space) to respond to her belated argument and evidence. A 30-day extension—to June 16, 2025—would provide a reasonable time for Apple's response, assuming Ms. Gjovik provides prompt access to the sealed materials.

This request is based on the declaration of Melinda S. Riechert attached hereto, and is Apple's first request for extension.

## BACKGROUND

This appeal concerns Ms. Gjovik's second attempt in a year to challenge a non-final order dismissing some, but not all, of her claims in the district court. Accordingly, Apple filed a motion seeking dismissal of this appeal. Dkt. 5.1.[2] Although Apple's motion automatically stayed the briefing schedule in this appeal under 9th Cir. Rule 27-11(a)(1), Apple also sought, in the alternative, a stay of briefing pending a decision on Ms. Gjovik's then-pending Rule 54(b) motion in the district

---

[2] Within this motion, references to "Dkt.__" are to this Court's docket for the present appeal, No. 25-2028. References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

court.  *See* Dkt. 5.1 at 1 n.2, 17-19; Dkt. 7.1.  The district court denied

the Rule 54(b) motion on the same day Apple's reply in support of its

motion to dismiss was due, mooting the stay request but leaving the

request for dismissal unaffected.  Dkt. 12.1 at 1-4, 10.  Despite the

automatic schedule suspension, Ms. Gjovik chose to file an opening brief

on May 6, 2025, and Excerpts of the Record on May 9, 2025. Dkt. 13.1,

17.1-7.

On May 7, 2025, Ms. Gjovik filed a document entitled "Motion for

Injunction."  Dkt. 15.1 ("Motion").  Apple's response to the Motion is due

10 days after the Motion itself unless this Court extends that time.

Fed. R. App. P. 27(a)(3)(A).  After accounting for the weekend, Apple's

response is due on Monday, May 19, 2025.  *See* Fed. R. App. P. 26(a)(1).

Despite its title, the Motion does not merely request an injunction.

It appears to request, in addition to a "preliminary injunction," that this

Court "reverse" interlocutory rulings of the district court, impose a

protective order and other discovery orders (including, for example,

"bar[ring] any discovery that seeks to reframe, reduce, or deny the

nature of Gjovik's trauma"), stay all proceedings in the district court

pending appeal, "[r]estore the status quo ante as it existed immediately

prior to the commencement of discovery," and refer Apple for criminal investigation. Mot. 11, 19-20; *see generally* Mot. The Motion appears to rely on an equally broad range of supposed authorization for these requests, including among others the Racketeer Influenced and Corrupt Organizations Act (RICO), the Crime Victims' Rights Act (CVRA), Marsy's Law (Cal. Const. Art. I, § 28), and allegations of witness tampering in violation of 18 U.S.C. §§ 1512-1513. *See* Mot. 1.

Ms. Gjovik did not file any supporting exhibits or a declaration with her Motion, nor does it cite to any exhibits. The Motion does assert that the motion "will be concurrently filed with the Experts from the Record [sic], a Request for Judicial Notice, and a Declaration" but also asserts that Ms. Gjovik was "targeting all by 5/8." Mot. 1. Regardless, Ms. Gjovik did not file any supporting materials on May 8.

Instead, on May 12, 2025—five days into Apple's 10-day period to respond to the motion—Ms. Gjovik filed a pair of "declarations" purportedly supporting her Motion. The first, which contains approximately 54 substantive pages, is entitled "Appellant's Declaration I." Dkt. 19.2. The second contains another 21 substantive pages and is entitled "Appellant's Declaration II: Success and Balancing

of Equities."  As the latter title suggests, both "declarations" include significant amounts of argument and legal conclusions scattered throughout their pages.  *See, e.g.*, Dkt. 19.2 at 12-13 (arguments concerning Apple's privilege log), 18 (arguments concerning discovery rules and opposing the district court's model protective order), 25-26 (arguments concerning Apple's defenses to certain claims), 27 (arguing that the district court "essentially approve [sic] the corporate tactic of witness intimidation"), 31-32 (arguments about alleged predicate acts for her dismissed RICO claim), 33 (alleging retaliation under the NLRA), 49 (arguments about the propriety of Rule 12 motions in the district court); Dkt. 19.1 at 3 (acknowledging that Declaration II "is submitted … to address the likelihood that Appellants [sic] will succeed on the merits of their [sic] claims"), 5 (arguments about alleged "causation and agency reliance" on her EPA reports), 7 (further arguments about Apple's privilege log), 9-11 (arguments about alleged retaliatory motive and corroboration); 11-13 (legal conclusions about victim status under CVRA); 16-17 (arguing judicial conflicts and due process violations in connection with a separate state proceeding in Washington); 17-21 (arguments about regulatory capture).

In addition, the declarations include allegations of which Ms. Gjovik does not even claim to have personal knowledge. *See, e.g.*, Dkt. 19.2 at 43 ("I believe [an app] likely captured many other intimate images of me"), 57 ("I believe Apple's lawyers used some sort of jammer in the US District Court" to disrupt her attendance at a Zoom hearing); Dkt. 19.1 at 15, 19-20 (alleging that a certain EEOC official "likely handled [her] complaint").

Neither declaration claims to authenticate any documents, yet Ms. Gjovik filed over 700 pages of exhibits with them. *See generally* Dkt. 19.1-19.3.

On the evening of May 12, 2025, Ms. Gjovik also filed, under seal, what she described to counsel as a different version of her declaration, along with 11 additional exhibits and a motion to seal. Dkt. 20; Ex. 3 at 2-3. Ms. Gjovik did not seek Apple's position on sealing prior to filing, and did not serve either her sealed declaration or her exhibits on Apple. Riechert Decl. ¶ 8. When Apple's counsel pointed out this Court's rules requiring service, Ms. Gjovik insisted she was not required to provide her sealed declaration or exhibits to Apple. Ex. 3 at 1-2. As of this

6

writing, Apple still does not know the contents of Ms. Gjovik's sealed

filings, or how large they might be.  Riechert Decl. ¶ 8.

On the evening of May 13, Ms. Gjovik filed a purported

"supplement," consisting of over 200 additional pages of exhibits that

Ms. Gjovik represents are material to her Motion for Injunction.  Dkt.

21.1.  In addition to a cover document asserting that the exhibits

"underscore the irreparable harm and chilling effect" she asserts in her

Motion here, Dkt. 21.1 includes at least the following:

- Ms. Gjovik's 24-page "motion to quash" discovery orders in the district court, including the district court's directive to confer on a protective order and submit related disputes to a magistrate judge through a joint discovery letter.  Dkt. 21.1 at 6-35.[3]

- A newly-filed NLRB complaint dated May 13, 2025, alleging among other things that Apple's discovery requests in the district court litigation and its request for entry of the district court's model protective order constitute retaliation. Dkt. 21.1 at 38-57.

- An email chain in which, among other things, Ms. Gjovik characterizes Apple's counsel's efforts to finalize the joint discovery letter as directed by the district court as "threats," "witness intimidation," and "retaliation."  Dkt. 21.1 at 59-141.

---

[3] The district court denied the motion to quash *sua sponte* the next day as "clearly lack[ing] merit."  ECF 213 at 1.

- The discovery dispute letter Apple attempted to finalize for submission to the magistrate judge, along with the parties' exhibits.  Dkt. 21.1 at 143-202.

## ARGUMENT

A motion to this court is required to present its legal arguments and conclusions in a single paper of a limited length, accompanied by supporting evidence filed at the same time.  Yet Ms. Gjovik withheld her supporting exhibits for most of a week, laced her belated submissions with several times the permitted amount of legal argument and conclusions, and even now refuses to serve some of her supporting materials on Apple at all.  In short, Ms. Gjovik's filings shatter this Court's rules, making it impossible to properly respond to the Motion within the ordinary ten-day limit.  Furthermore, the wide-ranging and eclectic nature of Ms. Gjovik's asserted bases for relief, coupled with her practice of incomplete or inaccurate citation and reliance on nonexistent authority, necessitates additional time to evaluate and respond.

The violations of this Court's rules would justify striking Ms. Gjovik's late-filed additional briefing and supporting materials entirely.[4]  At the least, an extension to Apple's deadline is appropriate.

## I.  Ms. Gjovik's Filings Are Procedurally Improper and Should be Stricken.

### A.  Ms. Gjovik's late filings and refusal to serve sealed materials deprives Apple of adequate time to respond.

"Any paper or affidavit necessary to support a motion must be served and filed with the motion." Fed. R. App. P. 27(a)(2)(B)(1).  This requirement applies equally to sealed materials.  9th Cir. R. 27-13(c) ("Because documents submitted under seal will not be viewable to the parties … [they] shall be served on opposing counsel in paper form or, with consent, via email.").  As a result, Ms. Gjovik was required to provide factual declarations and exhibits to this Court and to Apple when she filed and served her Motion on May 7, 2025.

However, Ms. Gjovik did not do so.  Instead, she filed 75 pages of unsealed declarations and over 700 pages of unsealed exhibits on May

---

[4] This Court may strike materials filed in violation of court rules.  *See, e.g.*, *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145 (9th Cir. 1997). Apple reserves the right to move this Court to strike these materials in its opposition or a separate motion, once its analysis is complete.

12, halfway through Apple's 10-day response period. *Supra* 4-6. Ms. Gjovik also filed an unknown (to Apple) number of pages of sealed declarations and exhibits the same day, and she still refuses to serve or provide copies to Apple as of this writing, despite Apple's express consent to service via email. *Supra* 6; Ex. 3 at 1-2. Ms. Gjovik filed another 200 pages of supporting materials, including a 24-page argumentative filing, on May 13. *Supra* 7.

Even if she files no further supplements, Ms. Gjovik has already unilaterally deprived Apple of at least half of the already-short 10-day period allowed for its response to her Motion. And she appears poised to deprive Apple of *any* access to her sealed materials prior to Apple's current deadline. Under such circumstances, it is impossible for Apple to fully respond to all of Ms. Gjovik's materials, and unreasonable to expect Apple to respond to even the unsealed portions in less than a week.[5] An extension is warranted, at minimum.

---

[5] For similar reasons, Ms. Gjovik's late filings which justify this extension request made it impossible to present the request at an earlier time.

10

**B.    Even if they had been timely, Ms. Gjovik's declarations improperly inject at least 75 pages of additional briefing concerning her Motion.**

Ms. Gjovik's supporting filings are also improper because they are not exclusively factual, but are instead laced with legal arguments, purported authorities, and conclusions.  As a result, they far exceed the amount of briefing permitted on the Motion without this court's permission.

The rules are clear.  An affidavit supporting a motion "must contain only factual material, *not legal argument.*"  Fed. R. App. P. 27(a)(1)(B)(2) (emphasis added).  The Rules also expressly prohibit filing separate briefing supporting a motion.  Fed. R. App. P. 27(a)(2)(C)(1).

Here, Ms. Gjovik's filings violate both rules.  For example, Ms. Gjovik's Declaration I includes a host of legal arguments and conclusions, ranging from attacks on the district court's model protective order, to analysis of Apple's legal defenses, to attacks on the propriety of Rule 12 motions.  *Supra* 4-5.  Similarly, Declaration II is largely devoted to legal arguments concerning, among other things, Ms. Gjovik's perceived likelihood of success in her main appeal, her asserted

11

victim status under federal and state law, alleged judicial conflicts of interest, due process concerns, and regulatory capture. *Supra* 5. Thus, neither declaration is confined to factual material as required; both amount to lengthy additional briefing allegedly supporting the Motion, provided in separate papers and amounting to several times the permitted length of a motion.

Even Ms. Gjovik's initial Motion exceeds the permissible length of a motion on its own. Although nominally confined to 20 pages, the Motion is not double-spaced as required by this Court's Rules. Fed. R. App. P. 27(d)(1)(D) (motions "must be double-spaced"). Counsel estimates that the Motion contains at least 1000 words more than permitted for a motion under the page/word count conversion rule. *See* 9th Cir. R. 27-1(1)(d), 32-3(2) (allowing 280 words per page); Riechert Decl. ¶ 3 (estimating that the Motion contains over 6700 words). Ms. Gjovik cannot credibly claim to be unaware of her responsibility to adhere to page and formatting limits: the district court has already struck one of her pleadings as a result of similar gamesmanship and directly admonished Ms. Gjovik in connection with a separate filing

that the court's "rules are going to be enforced."  Riechert Decl. ¶ 4; ECF

137, Ex. 1; Tr. of Feb. 21, 2025 Hr'g at 26:14-27:12, Ex. 2.

Taken together, Ms. Gjovik's Motion and "declarations" amount to

nearly 100 pages of briefing—approximately four to five times the 20-

page limit under this Court's rules—without accounting for the sealed

materials that Ms. Gjovik refuses to provide to Apple.  *See* 9th Cir. R.

27-1(1)(d).  Ms. Gjovik's subsequent submission of her now-denied

district court motion adds another 24 pages of argument that overlaps

the same issues and raises new ones.  *Supra* 7.

## II.    Responding To Ms. Gjovik's Improperly Overlong Motion Will Require Substantial Additional Time.

If this Court does not strike Ms. Gjovik's belated filings for the

reasons noted above, their sheer volume will require Apple to devote

substantial additional time to responding to the Motion.  As detailed

above, the Motion and Ms. Gjovik's purported declarations contain

approximately four to five times the permitted pages of briefing and

assert an unusually wide variety of alleged factual and legal bases for

relief.  *Supra* 9-12.  Responding to such lengthy and convoluted

argument in less than a week is at best extremely challenging, and it is

impossible for Apple to respond to the sealed materials that Ms. Gjovik

13

continues to withhold.  Riechert Decl. ¶ 11.  At the least, an extension is needed to permit Apple to analyze and respond to the portions of Ms. Gjovik's materials that it can even see.

These challenges are exacerbated by Ms. Gjovik's continuing practice of offering this Court incomplete citations, or worse, citing entirely nonexistent authority.  As Apple pointed out in prior filings, Ms. Gjovik had already submitted fictitious authority and misrepresented the contents of cases to this Court in her initial spate of motions.  *See* Dkt. 6.1 at 8-10; *cf.* Dkt. 12.1 at 6 n.3 (noting *supra* citations to otherwise unidentified sources).  The Motion continues this practice.  As one example, the Motion cites "*United States v. Nichols*, 504 F.3d 1221 (9th Cir. 2007)" as support for Ms. Gjovik's contentions concerning the CVRA.  Mot. at 6.  However, that citation in fact leads to *Scarbrough v. Bd. of Trs. Fla. A&M Univ.*, an Eleventh-Circuit case concerning Title VII of the Civil Rights Act of 1964 that does not discuss crime victims or the CVRA at all. Other examples of inaccurate or incomplete citations include the Motion's references to "*Kaiser Foundation Health Plan, Inc. v. The California Nurses Association* (9th Cir. 2005)" with no citation whatsoever, Mot. at 10, and to "*In re Grand*

14

*Jury Subpoenas Dated March 2, 2015*, 816 F.3d 1179 (9th Cir. 2016),"

Mot. at 14, which in fact leads to the middle of *Beaver v. Tarsadia*

*Hotels*, 816 F.3d 1170 (9th Cir. 2016). The need to locate accurate

citations, if any such exist, complicates any analysis and response to

Ms. Gjovik's arguments and therefore requires additional time.

## CONCLUSION

Apple respectfully requests that this Court either strike the filings

purporting to supplement the Motion (Dkt. 19, 20, 21) entirely or grant

a 30-day extension—to June 16, 2025—of Apple's deadline to file its

opposition to Ms. Gjovik's Motion for Injunction and direct Ms. Gjovik to

immediately provide access to her sealed filings in support of the

Motion.

May 14, 2025                    Respectfully submitted,

                               /s/ Melinda S. Riechert
Jeffrey T. Quilici             Jessica R. Perry
ORRICK, HERRINGTON &           Melinda S. Riechert
    SUTCLIFFE LLP              ORRICK, HERRINGTON &
200 West 6th Street, Suite 2250     SUTCLIFFE LLP
Austin, TX  78701              1000 Marsh Road
                               Menlo Park, CA  94025
                               (650) 614-7400

                               Kathryn G. Mantoan
                               ORRICK, HERRINGTON &
                                   SUTCLIFFE LLP
                               405 Howard Street
                               San Francisco, CA  94105

            *Counsel for Defendant-Appellee Apple Inc.*

                               16

## CERTIFICATE OF COMPLIANCE

1.  Pursuant to Fed. R. App. 32(g), this motion complies with the type-volume limitation of 9th Cir. R. 27-1, because this motion contains 15 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*