No. 25-2028

IN THE
# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,
         *Plaintiff-Appellant,*

*v.*

APPLE INC.,
         *Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

**DEFENDANT-APPELLEE APPLE INC.'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO APPELLANT'S MOTION FOR INJUNCTION, DKT. 15.1, TO STRIKE, AND TO COMPEL SERVICE OF SEALED MATERIALS**

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ................................................................... iii

ARGUMENT ............................................................................................ 2

    I.    Apple's Motion Is Not Moot .................................................... 2

    II.    Ms. Gjovik Mischaracterizes The Relief Requested. ............. 2

    III.    Ms. Gjovik Does Not Show Her Belated And Argumentative Supporting Materials Were Proper .............. 3

        A.    Ms. Gjovik does not deny that her supporting materials were served late or not at all ........................ 3

        B.    Ms. Gjovik does not deny that her "declarations" improperly include legal argument and conclusions. ............................................................. 6

    IV.    Ms. Gjovik's delay and continuing misuse of AI tools warrants striking her filings or providing extra time. .......... 7

CONCLUSION ...................................................................................... 10

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Billington v. Smith*,
    292 F.3d 1177 (9th Cir. 2002) ............................................................... 9

*Carver v. Lehman*,
    558 F.3d 869 (9th Cir. 2009) ............................................................. 10

*Dietz v. Bouldin.*,
    579 U.S. 40 (2016) ............................................................................ 10

*Ghazali v. Moran*,
    46 F.3d 52 (9th Cir. 1995) .............................................................. 1, 5

*Kane Cnty. Utah v. Salazar*,
    562 F.3d 1077 (10th Cir. 2009) .......................................................... 9

**Rules and Regulations**

9th Cir. R. 27-13(c) .................................................................................. 3

Fed. R. App. P. 26(b) ............................................................................... 3

Fed. R. App. P. 27 .................................................................................... 3

Fed. R. App. P. 27(a)(2)(B)(1) ................................................................. 3

Fed. R. App. P. 27(a)(2)(B)(2) ................................................................. 4

As Apple demonstrated in its Motion, Dkt. 23.1, Ms. Gjovik's motion for injunction failed to comply with this Court's rules in multiple ways. Ms. Gjovik did not submit supporting materials with her motion; she trickled them in during the week preceding Apple's deadline to respond, and even now withholds 300 pages of exhibits on which she seeks to rely. In addition, her late-filed "declarations" are filled with legal argument and conclusions, amounting to briefs that stretch to several times the permitted page limit for her motion. By themselves, these failings warrant striking the late-filed materials, or at least providing Apple its requested extension to respond. Ms. Gjovik's consistent practice of citing authority that does not exist—a practice she continues in her Opposition—only exacerbates these problems.

Ms. Gjovik does not deny these facts and scarcely acknowledges the arguments Apple raises. Instead, she argues that her pro se status, her self-imposed sense of urgency, and, oddly, her legal training should give her license to violate this Court's rules. She is incorrect. Like any litigant, pro se or not, Ms. Gjovik is "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

This Court should grant Apple's Motion.

1

# ARGUMENT

## I. Apple's Motion Is Not Moot.

Because this Court had not yet ruled on the instant Motion, Apple timely responded to Ms. Gjovik's motion for injunction on May 19, 2025. Dkt. 25.1. This does not moot the Motion because Apple reserved the right to amend its timely response if required to address arguments added in the belated "declarations." Dkt. 25.1 at 3. However, Apple notes its pending motion to dismiss this appeal for lack of jurisdiction, Dkt. 5.1, which *would* moot all pending motions.

## II. Ms. Gjovik Mischaracterizes The Relief Requested.

Ms. Gjovik argues that her opening brief on appeal (Dkt. 13) should not be struck, and even devotes a full 11-page section of her opposition to the topic. Opp. at 1, 13-24, 29. These sections are irrelevant to Apple's Motion because Apple never requested any such relief.[1] Rather, Apple's Motion asked to strike only "the late-filed declarations and exhibits" Ms. Gjovik submitted in support of her

---

[1] Ms. Gjovik also mischaracterizes the Motion as three separate motions and unilaterally expanded her response to 30 pages of briefing. Opp. at 2. Because at least 10 pages of briefing attack a supposed request to strike Ms. Gjovik's brief—relief Apple never requested—Apple does not crowd the docket with yet another a motion to strike.

2

motion for injunction, for three reasons: (1) they were filed halfway or more through Apple's window to craft its response; (2) the declarations contain non-factual legal argument and conclusions and thus amount to several times the allowed amount of briefing on her motion for injunction, and (3) Ms. Gjovik refused even to serve the sealed exhibits in Dkt. 20 on Apple.  Mot. at 1, 8-13, 15 (requesting to "strike the filings purporting to supplement the Motion (Dkt. 19, 20, 21)").  Ms. Gjovik denies none of these facts.  *See generally*, Opp.

Ms. Gjovik also misrepresents Apple's Motion as an emergency motion.  *See, e.g.*, Opp. at 2, 4, 8.  It is not.  Apple filed a conventional motion under Rule 27 and 26(b).  *See* Mot. at 1.

### III. Ms. Gjovik Does Not Show Her Belated And Argumentative Supporting Materials Were Proper.

#### A. Ms. Gjovik does not deny that her supporting materials were served late or not at all.

As Apple showed, this circuit's rules required Ms. Gjovik to file any supporting declarations or materials, sealed or not, alongside her motion.  Mot. at 9-10 (citing Fed. R. App. P. 27(a)(2)(B)(1) and 9th Cir. R. 27-13(c)). Ms. Gjovik concedes that she filed her belated declarations and exhibits in the belief that they supported her motion for injunction.

3

Opp. at 11-12. Yet, as Apple pointed out, Ms. Gjovik not only failed to comply with this Court's rules, she filed her materials halfway or more through Apple's already-short 10-day window to respond to her motion. Mot. at 9-10. Furthermore, she refused to serve her sealed supporting materials on Apple at all. *Id.* at 10. Her defiance of the rules thus made it impossible for Apple to respond fully and near-impossible to respond to even her unsealed (and argumentative) declarations. *Id.*[2]

Ms. Gjovik's responses are without merit. To begin, she asserts that, to her knowledge, "neither the Federal Rules of Appellate Procedure nor the Ninth Circuit local rules require that supporting declarations be filed concurrently with the related motion or brief." Opp. at 10. Yet Apple cited the relevant federal and circuit rules directly in the opening sentences of its argument, and again in two separate emails to Ms. Gjovik before she filed her Opposition. Mot. at 9; Dkt. 24.1 at 58 (citing Fed. R. App. P. 27(a)(2)(B)(2)); Dkt. 23.5 at 3.

---

[2] Apple's objections to her sealed materials are not "moot" as Ms. Gjovik claims. Opp. at 24-29. While Ms. Gjovik filed redacted versions of some materials, she continues to withhold approximately 300 pages of materials entirely. Dkt. 24.2 at 17. Apple still objects to Ms. Gjovik relying on materials she never served on Apple, without a finding that *in camera* review is warranted. This Court should strike them.

4

Ms. Gjovik also inexplicably argues that her law-school training somehow justifies her failure to abide by this Court's rules, and protests that she filed "within a reasonable timeframe," without identifying any authority authorizing her to delay. Opp. at 11-13; *see also* Opp. at 17-23.

Neither her professed ignorance of the rules nor her training in legal "ideas – not litigation," Opp. at 13, can justify her delay. Although this Court "construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54. Ms. Gjovik's legal training does not relax those rules.

Separately, Ms. Gjovik attempts to lay blame at Apple's feet. *See* Opp. at 8 (accusing Apple of "obstructionism" and suggesting Apple should have objected or "engaged in a stipulation on May 7-8"). She is mistaken. When Ms. Gjovik expressed her intent to file materials supporting her motion late, Apple reminded her that separate filing of exhibits or declarations was improper under the rules. *See* Dkt. 24.1 at 57-59 (emails between parties dated May 7-8).[3] She responded only

---

[3] Ms. Gjovik also mischaracterizes this exchange in other respects. For example, she asserts that Apple told her "nothing is due" in relation to her motion for injunction. Opp. at 4. But that portion of the email responded to Ms. Gjovik's questions about what to include in the

5

with an inaccurate summary of Apple's email (which speaks for itself). *Id.* at 56-57. It was only when Ms. Gjovik nevertheless filed her supporting materials on May 12 and 13—halfway or more through Apple's 10-day response window—that Apple's Motion became necessary. Similarly, Ms. Gjovik never expressed any intent to file sealed materials *and withhold service* until she did so on May 12. *See* Dkt. 24.1 at 59-60 (May 7 email listing only *public* materials Ms. Gjovik planned to file—late—in support of her motion for injunction); *id.* at 55 (May 12 service email noting refusal to serve sealed exhibits). The delay here is of Ms. Gjovik's making, not Apple's.

**B. Ms. Gjovik does not deny that her "declarations" improperly include legal argument and conclusions.**

As Apple demonstrated, Ms. Gjovik's declarations were not only late, they were laced throughout with legal arguments and conclusions. Mot. at 11-13. As a result, they amount to 75 extra pages of separate briefing added to Ms. Gjovik's overlong motion for injunction. *Id.*

---

Excerpts of Record, and accurately described the automatic suspension of the briefing schedule due to Apple's motion requesting dismissal. Dkt. 24.1 at 57-58. Counsel also *agreed* with Ms. Gjovik that as a pro se filer, she was not responsible for filing Excerpts at all. *Id.* at 57.

6

Again, Ms. Gjovik offers no defense. She does not address the numerous examples of non-factual matter Apple identified in her lengthy declarations. *See* Mot. at 5-8. Instead, she spends six pages defending the volume and contents of her late-filed *exhibits*, and then reiterates argument that she presented *only* in her declarations, referencing those exhibits. *See, e.g.*, Opp. at 7-8 (discussing the le Bonniec declaration); *see also generally*, Opp. at 4-10.

## IV. Ms. Gjovik's delay and continuing misuse of AI tools warrants striking her filings or providing extra time.

Apple also showed that responding to effectively 100 or more pages of briefing would require more than the 4-5 days remaining before Apple's deadline, at the time Ms. Gjovik belatedly filed her declarations. Mot. at 13. Again, Ms. Gjovik does not engage with this argument and offers no defense of her overlong and argumentative briefs. *See* Opp. at 4-13. She argues only that some of her late-filed exhibits were already on the district court docket or otherwise available to Apple. Opp. at 4-10. But that does not alter the fact that she presented improper argument in her "declarations," based in part on those exhibits. As the Motion noted—and Ms. Gjovik did not deny—

7

"[r]esponding to such lengthy and convoluted *argument* in less than a week is at best extremely challenging." Mot. at 13 (emphasis added).

Ms. Gjovik also completely ignores the substantial extra burden she continues to place on Apple by relying on fictitious holdings and cases in making her arguments. Apple provided several examples from her motion for injunction alone. Mot. at 14-15. Apple has also documented numerous other examples in separate filings. *See, e.g.*, Dkt. 6.1 at 8-10; ECF 199 at 3-10. As a result, the district court has now expressly admonished Ms. Gjovik that she is responsible for verifying that the authority she cites is correct, and that "failure to do so may lead to sanctions, including but not limited to a finding of contempt and/or [loss of] the ability to proceed pro se." Ex. 4 at 11-12, ECF 215. Striking briefing—or at a minimum providing extra time to address such materials—is warranted here.

Ms. Gjovik does not respond. *See generally*, Opp. Indeed, she doubles down, again citing multiple cases for propositions they do not contain, and citing others that simply do not exist.

For example, in her Opposition, Ms. Gjovik cites the fictitious case "*Baldwin v. County of San Diego*, 562 F.3d 1080 (9th Cir. 2009)" at least

8

four times (and pincites page 1081 twice), for propositions concerning leniency given to pro se filers and filings and "her duty to support her claims with a clear factual background." Opp. at 4, 13, 16, 18. The citation in fact leads to the middle of *Kane Cnty. Utah v. Salazar*, 562 F.3d 1077 (10th Cir. 2009), where pages 1080-81 recount the Department of the Interior's management plan for the Grand Staircase–Escalante National Monument, as part of a dispute with various Utah public entities over water rights and rights-of-way. Nothing in that case involves pro se filers or filings.

The same is true of the citation to "*Meyers v. Rickenbacker Group*, 292 F.3d 1179, 1183 (9th Cir. 2002)," which Ms. Gjovik also represents as supporting "procedural leniency" toward pro se filings. Opp. at 16. But the citation leads instead to *Billington v. Smith*, a case about "qualified immunity for shooting and killing a motorist" that once again involves only represented parties and never discusses pro se filings. *See* 292 F.3d 1177, 1179 (9th Cir. 2002).

As another example, Ms. Gjovik's Opposition includes the following passage: "This Court has broad discretion to manage motions and responses in the interests of fairness and judicial economy. *See*

9

*Carver v. Lehman*, 558 F.3d 869, 876 (9th Cir. 2009) ('District courts and appellate panels are entitled to manage their dockets with a view toward the efficient and expeditious resolution of cases.')." Opp. at 3. To be sure, *Carver* exists, but it does not stand for the proposition that Ms. Gjovik attributes to it. The pincited page concerns principles of statutory interpretation and the Washington State Department of Corrections' criteria for transferring an inmate to community custody. Meanwhile, the quotation Ms. Gjovik attributes to *Carver* does not appear in any federal case that counsel has located, though a similar statement does appear in *Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016).

These examples do not exhaust the supply, but they amply demonstrate that addressing Ms. Gjovik's misleading briefs takes far more than the normal amount of time, even aside from their overlong nature. If this Court does not strike Ms. Gjovik's belated materials, it should at least give Apple extra time to respond.

## CONCLUSION

This Court should grant Apple's Motion.

10

May 22, 2025

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Respectfully submitted,

/s/ *Melinda S. Riechert*

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee Apple Inc.*

11

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. P. 32(g), this reply complies with the type-volume limitation of 9th Cir. R. 27-1, because this motion contains 10 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*