No. 25-2028

I<small>N</small> T<small>HE</small>

# United States Court of Appeals for the Ninth Circuit

A<small>SHLEY</small> M. G<small>JOVIK</small>,

*Plaintiff-Appellant,*

*v.*

A<small>PPLE</small> I<small>NC</small>.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

**DEFENDANT-APPELLEE APPLE INC.'S RESPONSE
TO PLAINTIFF'S MOTION TO SEAL**

| | |
|---|---|
| Jeffrey T. Quilici<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>200 West 6th Street, Suite 2250<br>Austin, TX  78701 | Jessica R. Perry<br>Melinda S. Riechert<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>(650) 614-7400<br><br>Kathryn G. Mantoan<br>O<small>RRICK</small>, H<small>ERRINGTON</small> &<br>  S<small>UTCLIFFE</small> LLP<br>405 Howard Street<br>San Francisco, CA  94105 |

*Counsel for Defendant-Appellee*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

i

## TABLE OF CONTENTS

                                                                           **Page**

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ................................................................... iii

BACKGROUND ..................................................................................... 1

ARGUMENT .......................................................................................... 2

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Progressive Sol'ns, Inc. v. Stanley*,
  No. 16-cv-04805-SK, 2018 WL 1449395 (N.D. Cal. Feb. 14, 2018) .................................................................................................2

**Rules and Regulations**

9th Cir. R. 27-13(c) ............................................................................... 1

## BACKGROUND

On May 12, 2025, Plaintiff-Appellant Ashley Gjovik filed a motion Dkt. 20.1 ("Motion") seeking to seal a declaration and a number of exhibits, all apparently in support of her separate motion for injunction filed five days earlier. Despite this Court's Rule requiring service of sealed materials on opposing counsel, Ms. Gjovik never served her declaration or exhibits on Apple's counsel and refused to provide them when requested, even though Apple consented to email service. 9th Cir. R. 27-13(c) ("any notice or motion submitted under seal and any document associated with such notice or motion shall be served on opposing counsel in paper form or, with consent, by email"); Dkt. 23.2 ¶ 8; Dkt. 23.5. Ms. Gjovik also did not consult with Apple nor seek its position on the Motion before filing it.

On May 15, 2025, Ms. Gjovik filed what she represents as unilaterally redacted copies of some, but not all, of her sealed materials. *See* Dkt. 24.2. However, that filing does not include any version of approximately 300 pages of sealed exhibits. *Id.* at 17. Apple still has not received any version of those materials, nor has it received unredacted copies of the remainder.

## ARGUMENT

Apple does not oppose *sealing* of Ms. Gjovik's communications with government agencies, communications with her former counsel in an unrelated matter, or her personal information such as bank statements, credit reports, or medical bills.[1]

However, Apple opposes Ms. Gjovik's reliance on statements or materials that she has never served on Apple, in defiance of this Court's Rules, to support her separate request for injunctive relief or a broad stay of all proceedings in the district court. By unilaterally redacting her declaration and withholding many exhibits entirely, Ms. Gjovik has effectively engaged in improper *ex parte* communication with this Court, without showing that *in camera* review is appropriate. District courts in this circuit have struck such documents, even where they were merely served late, rather than not at all. *See, e.g.*, *Progressive Sol'ns, Inc. v. Stanley*, No. 16-cv-04805-SK, 2018 WL 1449395, at *1 (N.D. Cal. Feb. 14, 2018) (striking sealed declaration served less than two days after corresponding summary-judgment motion, as sanction for delay

---

[1] Apple does not concede that such materials are legally relevant to the injunction or stay analysis.

2

and "as an attempt to cure any prejudice to Defendants"). As Apple demonstrated in its separate motion, Dkt. 23.1, this court should do likewise.

May 22, 2025

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701

Respectfully submitted,

*/s/ Melinda S. Riechert*
Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendant-Appellee Apple Inc.*

3

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Fed. R. App. P. 32(g), this response complies with the type-volume limitation of 9th Cir. R. 27-1, because this response contains 3 pages, excluding the parts of the response exempted by 9th Cir. R. 27-1.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*
