CASE NO. 25-2028

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**ASHLEY M. GJØVIK**, *an individual*,

*Plaintiff-Appellant*

v.

**APPLE INC.**, *a corporation*,

*Defendant-Appellee.*

On Appeal from the United States District Court

for the Northern District of California

No. 3:23-CV-04597

The Honorable Judge Edward M. Chen

---

# APPELLANT'S NOTICE AND REQUEST
# REGARDING DOCKET MANAGEMENT

---

**Ashley M. Gjøvik, JD**
*In Propria Persona*
2108 N. St. Ste. 4553
Sacramento, CA, 95816
(408) 883-4428
legal@ashleygjovik.com

# TABLE OF CONTENTS

**APPELLANT'S NOTICE AND REQUEST REGARDING**

**DOCKET MANAGEMENT**      **I**

**NOTICE AND REQUEST REGARDING DOCKET**

**MANAGEMENT**      **1**

I.    PROCEDURAL (DOCKET) HISTORY      **1**

II.    REQUEST THAT MOTIONS BE REFILED SEPARATELY      **3**

III.   REQUEST FOR CLARIFICATION AND DOCKET

MANAGEMENT      **5**

IV. APPLE'S COMBINATION TACTICS HAVE COMPRESSED PLAINTIFF'S

DUE PROCESS RIGHTS      **5**

V. UNOPPOSED REQUEST FOR LEAVE TO FILE A REVISED

OPENING BRIEF      **7**

**CONCLUSION**      **8**

**EXHIBITS**      **9**

## NOTICE AND REQUEST
## REGARDING DOCKET MANAGEMENT

Appellant, Ashley M. Gjovik, respectfully submits this *Notice and Request* to clarify and streamline docket management in light of recent overlapping and procedurally irregular filings by Defendant Apple. As part of this request, Gjovik respectfully requests the Court of Appeals for leave to file a revised opening brief, contingent upon the lifting of the current stay.

## I.  PROCEDURAL (DOCKET) HISTORY

Gjovik filed her first request for an Appeal for District Court Case No. 3:23-cv-04597 on Oct. 1 2024. The court docketed **Case No. 24-6058** on Oct. 4 2024 (Dkt. 1) and a scheduling notice was posted on Oct. 4 2024 (Dkt. 2) with the *Opening Brief* due Nov. 13 2025. Gjovik filed a notice of a pending *Motion to Stay District Court Proceedings* in the District Court on Oct. 24 2025. (Dkt. 6).

Apple filed a *Motion to Dismiss* on Oct. 24 2024. (Dkt. 5). The court dismissed the appeal on Oct. 25 2024. (Dkt. 7). Gjovik was not allowed to respond to the *Motion to Dismiss* prior to dismissal, so Gjovik filed a *Motion for Reconsideration* on Oct. 25 2024 (Dkt. 8).

Gjovik filed her second request for an Appeal on March 25 2025. On March 27 2025, the court docketed **Case No. 25-2028** and issued a briefing schedule with the *Opening Brief* due May 6 and *Answering Brief* due June 5. (Dkt. 1). On March 28 2025, Gjovik filed a *Motion to Clarify* and a *Motion to Consolidate* with Case No. 24-6058. (Dkts. 4 - 5).

On April 7 2025, Apple filed a *Motion to Stay Appellate Proceedings* (or asking,

in the alternative, to *Dismiss* the Appeal) with sixteen exhibits consisting of over a thousand pages. (Dkt. 5). The same day, April 7 2025, Apple also responded separately to each of Gjovik's *Motion to Clarify* and her *Motion to Consolidate* and included fourteen additional exhibits. (Dkt. 6-7).

On April 8 2025, Plaintiff filed an *Opposition to Stay Appellate Proceedings*. (Dkt. 10). On April 15, Apple filed a *Reply* in support of Apple's *Motion to Stay Appellate Proceedings*. (Dkt. 12). The *Motion for Reconsideration* of **Case No. 24-6058 w**as denied on May 2 2025 (Dkt. 10) and a *Mandate* was issued on May 12 2025 (Dkt. 11).

On May 6 2025, Gjovik filed her opening *Brief*. (Dkt. 13). On May 7, Gjovik filed a *Motion for Injunctive Relief.* (Dkt. 14). On May 9, Gjovik filed the *Excerpts of Record* (Apple refused to cooperate on the process). (Dkt. 17).

On May 12 2025, Gjovik filed *Declarations* in support of her *Motion for Injunctive Relief* and filed a *Motion to Seal* a supplementary *Declaration* in Case **No. 25-2028**. (Dkt. 19-20). Gjovik notified Apple on May 12 2025 of her *Motion to Seal* and provided them notice of the content and her legal basis for the request. On May 14 2025, Gjovik also filed a *Motion to Stay Lower Court Order.* (Dkt. 21-22).

Apple's Response to Gjovik's *Motion for Injunctive Relief* was due on May 19. However, late at night on May 14, Apple filed an *Omnibus* administrative motion requesting an extension of thirty days to respond. (Dkt. 23). Plaintiff timely filed her *Opposition* to their request on May 15. (Dkt. 24). The Court did not rule on the extension request. Apple's *Omnibus* midnight-motion also included a *Motion to Strike* and *Motion to Compel* nested within the *Motion for an Extension.*

Apple subsequently filed its *Opposition* to Gjovik's *Motion for Injunction* on the

2

original deadline of May 19. (Dkt. 25). This effectively mooted Apple's extension request in the *Omnibus* motion at Dkt. 23.

On May 20, Plaintiff filed her *Reply* in support of the *Motion for Injunctive Relief* (Dkt. 26). On May 22, Apple filed a document styled as a "*Reply*" (Dkt. 28), in further support of its earlier, now mooted, *Omnibus* motion (Dkt. 23). This *Reply* also included arguments in support of a *Motion to Compel* and *Motion to Strike*. (Dkt. 28). Then, on May 22, Apple also proceeded to file an *Opposition* to Gjovik's *Motion to Seal* (Dkt. 29).

Gjovik now files this request regarding docket management, in response to Apple's filings.

## II.   REQUEST THAT MOTIONS BE REFILED SEPARATELY

Gjovik requests that the Court direct Apple to refile any *Motion to Strike* or *Motion to Compel* as a standalone motion, in accordance with Local Rules and established due process principles including Ninth Circuit Rule 27-1 and the Circuit Advisory Committee Note. The Ninth Circuit ACMS "New Filing" webpage also expressly instructs:

> IMPORTANT: Each request for relief must be submitted as a separate filing. Do not combine multiple requests for relief into one PDF or one filing. For example, a motion to extend time to respond to a motion and a motion to dismiss for lack jurisdiction must be submitted as two separate motions, each with their own filing type. Similarly, do not submit a response to a motion and a motion in one filing. For example, a response to a stay motion and a motion to dismiss for lack jurisdiction must be submitted as two separate filings, each with their own filing type.

See Exhibit B for a screenshot.

Further, a *Motion to Strike* is a significant procedural mechanism that can result

3

in the exclusion of evidence, impairment of a party's claims or defenses, or lay the groundwork for sanctions. As such, it deserves full and fair briefing. Apple's current request to strike multiple declarations and exhibits is embedded within a broader *Omnibus* filing and not presented with the particularity, notice, or procedural protections afforded by a stand-alone motion. Gjovik was not given an adequate opportunity to respond to the striking request as an independent matter. Apple's May 14 filing was styled as a combined submission that also included:

- A premature motion to compel sealed materials (despite a pending *Motion to Seal,* which effectively functioned as an early supplementary opposition to Gjovik's *Motion to Seal*).
- A *Motion to Strike* several *Declarations* and exhibits.
- And a request for the Court to sanction Gjovik.

All of these requests were combined in an *Omnibus* motion requesting a response from the Court within forty-eight hours (prior to their deadline). The requests, as presented, are substantively extensive and includes:

- Complex and abstract legal arguments disconnected from applicable case law.
- Assertions of sanctionable misconduct by Gjovik, made without foundation.
- Numerous erratic factual allegations and unsupported denials, which require careful factual and evidentiary rebuttal.

Because of its potential severity and the accusations it contains, Gjovik respectfully requests that any *Motion to Strike*, *Motion to Compel,* or *Motion for Sanctions* be refiled separately, with proper notice, and subject to ordinary briefing timelines so that Gjovik may fully respond in a manner consistent with due process.

4

## III. Request for Clarification and Docket Management

In the interest of judicial efficiency, fairness, and clarity, Gjovik respectfully requests the Court:

1. **Deem the May 14 *Motion to Extend Time* moot** based on Apple's timely filing of its *Opposition* on May 19. (Dkt. 23).

2. **Disregard the May 22 "*Reply*"** to the mooted extension motion, as procedurally unnecessary and functionally duplicative. (Dkt. 28).

3. **Decline to treat Apple's premature *Motion to Compel* and its follow-up "*Reply*" as operative filings**, as they overlap in substance with Apple's timely *Opposition* to Plaintiff's *Motion to Seal* and were filed outside the expected procedural track.

4. **Request Apple to re-file any *Opposition* to the *Motion to Seal* as a self-contained Opposition,** as now Gjovik's ten-page *Reply* in support of her *Motion to Seal* must respond not only to Apple's formal *Opposition* (Dkt. 29) but also arguments embedded in Dkts. 23 and 28 – which violates Local Rules.

5. **Request that Apple file any *Motion to Strike* or *Motion to Dismiss* as a stand-alone, noticed motion,** subject to ordinary briefing deadlines and page limits, rather than embedded within omnibus or administrative filings.

## IV. Apple's Combination Tactics Have Compressed Plaintiff's Due Process Rights

Apple has repeatedly filed *Omnibus* motions combining two or more distinct issues, including motions with different deadlines or procedural tracks, into a single filing. This practice is discouraged under the Local Rules and undermines fair briefing. By bundling time-sensitive motions with unrelated or less urgent matters,

5

Apple forces Gjovik to respond to entire filings within compressed timelines (sometimes overnight) to protect her rights, even where the Local Rules would otherwise permit a ten-day response window.

For example, Gjovik has been compelled to respond to a *Motion to Strike*, an adversarial and potentially sanctioning motion, on the same timeline as an emergency administrative motion, as a result of Apple's tactical bundling. Gjovik was effectively forced to respond to all components of the *Omnibus* motion within 24 hours, out of concern the Court might issue a combined ruling. This deprives Gjovik of the full and fair opportunity to respond to each motion on its own terms, as contemplated by Local Rules which provide a standard opposition period for noticed substantive motions.

These tactics undermine orderly process, increase risk of waiver or prejudice, and contradict the spirit and letter of the local rules. Gjovik respectfully asks the Court to clarify that all motions, particularly dispositive or evidentiary ones, should be filed individually, and each must follow the applicable briefing schedule without artificial compression caused by tactical bundling. Otherwise, this pattern imposes undue procedural pressure on Gjovik, creates docket confusion, and deprives the Court of orderly motion practice.

Additionally, it's worth noting that while Apple has repeatedly urged both the District Court and the Court of Appeals to sanction Gjovik and/or deny her rights based on technical errors or procedural missteps, Apple itself failed to comply with fundamental filing standards. Apple has submitted motions improperly combining multiple, distinct forms of relief; filed premature or procedurally moot documents;

6

and circumvented briefing schedules that Gjovik has worked diligently to follow.

## V.  Unopposed Request for Leave to File a Revised Opening Brief

On March 27, 2025, the Court set a briefing schedule for the appeal. Appellant timely filed an opening brief on May 20, 2025. However, a pending motion filed by Apple—which was docketed as a "*Motion to Stay Appeal Pending Rule 54(b) Determination*" (Dkt. 5), but was another *Omnibus* combined motion, was interpreted by the Clerk's Office on May 19, 2025 (following an off-docket inquiry initiated by Apple) as triggering a stay under Circuit Rule 27-11 due to its inclusion of alternative dismissal relief. (See Exhibit A, emails with Apple, Gjovik, and the Clerk's Office).

There was no notice on the docket that briefing was stayed, and the Motion was not docketed as a *Motion to Dismiss*. Gjovik filed her opening brief before learning that briefing was deemed stayed. In her *Reply* to Apple's *Motion to Stay*, Gjovik stated that, if the Court were to consider the Motion a *Motion to Dismiss,* she asked for notification of that decision, and an opportunity to be provided for her to respond to that Motion as a *Motion to Dismiss*.

Plaintiff-Appellant Ashley Gjovik respectfully moves the Court of Appeals for leave to file a revised opening brief, contingent upon the lifting of the current stay of briefing. Gjovik was unaware of the automatic stay at the time of filing and without prior notice of the Clerk's interpretation. The current *Brief* was prepared under constrained circumstances, exceeds the length limit, and includes typographical errors that Appellant seeks to correct. Apple has confirmed it does not oppose this

request. (See Exhibit A, email from Melinda Riechert, May 21, 2025).

## CONCLUSION

Pursuant to Ninth Circuit Rule 27-1 and the accompanying Circuit Advisory Committee Note, Gjovik respectfully requests that the Court direct Apple to refile any *Motion to Strike* or *Motion to Compel* as standalone motions, and to require Apple's *Opposition* to Gjovik's *Motion to Seal* be submitted as a standalone, procedurally proper filing. Combining multiple requests into a single omnibus motion undermines the clarity and efficiency of the appellate process and impairs Appellant's ability to respond effectively to each distinct request.

Apple's pattern of motion practice—combining multiple requests into "omnibus" filings, timing submissions to compress Plaintiff's response windows, and embedding high-stakes motions within procedural ones—reflects a litigation strategy not aimed at resolving legal issues efficiently but rather at overwhelming both Plaintiff and the Court with procedural entanglement. This resembles tactics commonly referred to as "*papering the opponent,*" "*shotgun motion practice,*" and "*flood-the-zone*" litigation, which courts disfavor because they burden the orderly administration of justice and erode fair access to process. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Gjovik makes these requests without seeking to escalate or multiply motion practice, but to facilitate the orderly adjudication of the pending motions in the Court and ensure clean, procedurally appropriate appellate briefing. Gjovik respectfully requests the Court take appropriate steps to ensure both parties follow clearly

8

delineated procedures and refrain from bundling multiple motions in a way that prejudices the opposing party or undermines judicial clarity.

Dated: May 23 2025

**Ashley M. Gjøvik**
/s/ Ashley M. Gjovik
Pro Se Appellant

# EXHIBITS

| Exhibit | Description |
|---------|-------------|
| **Exhibit A** | Email from Apple Counsel, Melinda Riechert, on May 21, 2025, with email history between Apple Counsel and the Ninth Circuit Clerk's office. |
| **Exhibit B** | Screenshot of the Ninth Circuit ACMS "New Filing" landing page with warning about combined filings. |

# Exhibit A

 Outlook

---

**RE: No. 25-2028 Gjovik v. Apple – confirming briefing schedule suspension**

**From** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>

**Date** Thu 5/22/2025 1:04 AM

**To** Riechert; Melinda <mriechert@orrick.com>

**Cc** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>; Mantoan; Kathryn G. <kmantoan@orrick.com>; Perry; Jessica R. <jperry@orrick.com>; Quilici; Jeffrey <jquilici@orrick.com>

Thanks, Apple.

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Wednesday, May 21st, 2025 at 3:14 PM, Riechert, Melinda <mriechert@orrick.com> wrote:

> Ashley,
>
> Apple does not oppose your request to file a replacement opening brief.
>
>
>
> **Melinda Riechert**
>
> Partner
>
>
> Orrick
>
> Silicon Valley  Ⓥ
>
> T 650/614-7423
>
> M 6507591929
>
> mriechert@orrick.com



**From:** Ashley M. Gjøvik <ashleymgjovik@protonmail.com>
**Sent:** Monday, May 19, 2025 4:51 PM
**To:** Mantoan, Kathryn G. <kmantoan@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Quilici, Jeffrey <jquilici@orrick.com>; Riechert, Melinda <mriechert@orrick.com>
**Cc:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Subject:** RE: No. 25-2028 Gjovik v. Apple – confirming briefing schedule suspension

[EXTERNAL]

Hello,

Considering these new developments, I intend to file a motion to the court asking for formal confirmation and asking for permission to file a replacement brief.

Would Apple agree to let me file a revised replacement brief that complies with all formatting rules, or do I need to say the request is opposed?

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with Proton Mail secure email.

On Monday, May 19th, 2025 at 3:38 PM, Questions CA09Operation <questions@ca9.uscourts.gov> wrote:

> Hello,
>
> Because the motion to stay proceedings filed at Docket Entry No. 5 also asks to dismiss the appeal as an alternative option, the briefing schedule in the appeal is stayed while the motion is pending, per Ninth Circuit Rule 27-11. The court

will consider all reliefs requested and make its decision on all motions that are pending in the case in due course.

Even though the briefing schedule is stayed, the court may file briefs that are submitted during that time. The briefs just aren't *due* yet. Since the opening brief has already been filed, if you wish to file a replacement opening brief, you must file a motion asking to file a replacement brief.

Thank you.

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, May 19, 2025 11:52 AM
**To:** Questions CA09Operation <questions@ca9.uscourts.gov>
**Cc:** Riechert, Melinda <mriechert@orrick.com>; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Quilici, Jeffrey <jquilici@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>
**Subject:** RE: No. 25-2028 Gjovik v. Apple – confirming briefing schedule suspension

**CAUTION - EXTERNAL:**

Dear Clerk's Office,

I received your response to Apple's inquiry about the status and schedule of our appellate case, *Gjovik v. Apple Inc.*, No. 25-2028. The unsigned message from the Clerk's office stated that DktEntry 5-1 is a "combination motion" and that "the motion to dismiss relief vacates the briefing schedule per Rule 27-11." I would be grateful for clarification on the following points.

Apologies, but I'm confused. DktEntry 5-1 is still docketed as "Motion to Stay Appeal Pending Rule 54(b) Determination." I do not see any docket entry—even text-only—re-characterising that filing as a motion to dismiss, nor any order altering the briefing schedule issued on 27 March 2025. Could you kindly confirm whether any such order has issued but has not yet appeared on the public docket?

Relying on the 27 March schedule, I filed my Opening Brief, Excerpts of Record, and supporting declarations on the stated deadline, and CM/ECF and docket text reflects that each was

accepted. If merits briefing is now stayed under Rule 27-11(a)(1), does court procedure allow for me to submit a corrected-length brief and revised excerpts/declarations at this stage, and what is the proper procedure? May I do so without approval of the court? If I have more time, I'd like to revise it to comply with all formatting rules -- I was rushed thinking the court order deadline still applied. Apple had recently moved to strike my brief (Dkt 23), which is again confusing me because why would they move to strike a brief if they thought briefing was stayed?

Because DktEntry 5-1 is docketed only as a motion to stay, my opposition at DktEntry 10 addressed the stay request and expressly asked that, if the Court were to treat the filing as a motion to dismiss, I be notified and given an opportunity to respond. The Court did not respond on this topic until your email today. If the Court is now construing DktEntry 5-1 as including a dismissal request, will I receive an opportunity to file a separate opposition, and what deadline would govern? I'm struggling to find guidance on this in the court procedures documents.

Finally, I also have made several statements to and about Apple, which they are responding to in a filing to this Court due today, where they are now likely to include a copy of your email as an exhibit, to claim I was being unreasonable or I was incorrect, and thus my Motion for Injunction due to irreparable harm should be denied, and my brief stricken, and case dismissed -- and their arguments now made with evidentiary support of the Clerk's office via anonymous email. This appears to be a clever workaround of Rule 25-2 by Apple. Accordingly, I wish to ensure that all parties' filings, including my own, remain in compliance with Rule 25-2, which states that staff communications *"are not orders and may not be cited as legal authority."*

Thanks!

Respectfully,

-Ashley



—

**Ashley M. Gjøvik**

**BS, JD, PMP**



Sent with Proton Mail secure email.


On Monday, May 19th, 2025 at 1:32 PM, Questions CA09Operation <questions@ca9.uscourts.gov> wrote:

The motion is a combination motion, both reliefs in the document are pending with the Court. The motion to dismiss relief vacates the briefing schedule per 9th Circuit Rule 27-11.

Any request must be made by written motion to be filed electronically on the docket.

---

**From:** Ashley M. Gjovik (Legal Matters) <legal@ashleygjovik.com>
**Sent:** Monday, May 19, 2025 9:37 AM
**To:** Riechert, Melinda <mriechert@orrick.com>
**Cc:** Questions CA09Operation <questions@ca9.uscourts.gov>; Ashley M. Gjøvik <ashleymgjovik@protonmail.com>; Quilici, Jeffrey <jquilici@orrick.com>; Perry, Jessica R. <jperry@orrick.com>; Mantoan, Kathryn G. <kmantoan@orrick.com>
**Subject:** Re: No. 25-2028 Gjovik v. Apple – confirming briefing schedule suspension

 **CAUTION - EXTERNAL:**

Dear Clerk's Office and Counsel:

I write in response to the below email from Apple's counsel requesting an advisory statement from the Clerk's Office that the briefing schedule in the above-captioned matter is suspended pursuant to Ninth Circuit Rule 27-11. Specifically, Apple appears to seek a confirmation from the Court that briefing is stayed based on its filing at Dkt. 5.1.

As a threshold matter, Dkt. 5.1 was filed and docketed as a ***motion to stay appellate proceedings*** (see attached PACER docket report), not as a motion to dismiss the appeal. Rule 27-11(a) of the Ninth Circuit Rules is explicit: briefing is stayed pending disposition of certain enumerated motions — including motions to dismiss — but not motions to stay. Further, the basis of that Motion to Stay is no longer applicable, and thus the motion is likely moot.

It is my understanding that unless and until Apple files a motion expressly requesting dismissal, or the Court enters an order construing Dkt. 5.1 as such, Rule 27-11(a) does not apply, and the briefing schedule remains in full effect. There is no such motion to dismiss reflected on the docket, and no order from the Court staying briefing, that I am aware of.

Despite this, Apple appears to be attempting to obtain an informal communication from the Clerk's Office in lieu of a court order, and probably to later rely on that communication to justify noncompliance with a mandatory deadline. This approach is procedurally improper and places the Clerk's Office in an untenable position — being asked to issue a *de facto* legal determination outside of formal judicial process. If Apple fails to file its response brief on time, any adverse consequences would flow from its own strategic choices, and not from any ambiguity in the record. An informal or off-the-record communication from court staff would not and cannot absolve a party of its obligations under the applicable rules — nor should it be sought for that purpose.

I must respectfully object to the procedural posture of counsel's inquiry. As the Court is well aware, communications with Clerk's Office personnel are not a substitute for judicial orders, and such inquiries should not be used to obtain what is, in substance, an advisory ruling on a contested issue. Circuit Rule 25-2 is clear that "[n]o inquiry will be considered by a judge or Court staff as a substitute for a motion or brief," and that court personnel will not provide legal advice. I also note that the same Apple counsel made a similar request to the Clerk's Office of the U.S. District Court for the Northern District of California on Friday evening, also without notice to the Court. I objected to that inquiry at the time (correspondence attached here as well).

This is now the second instance in four days in which Apple's counsel has sought off-docket confirmation from court administrative staff regarding the legal effect of appellate filings. Its my understanding that wen such issues touch on jurisdiction, calendaring, or briefing control, they are properly raised via motion or other formal mechanism on the docket, not through informal communications.

To preserve the clarity and integrity of these proceedings, I respectfully request that the Clerk's Office decline to respond substantively to counsel's inquiry and instead advise that any relief related to the briefing schedule must be requested through appropriate motion practice.

Thank you for your attention to this matter.

-Ashley

—

**Ashley M. Gjøvik**

**BS, JD, PMP**

Sent with [Proton Mail](#) secure email.

On Monday, May 19th, 2025 at 11:37 AM, Riechert, Melinda <[mriechert@orrick.com](#)> wrote:

> Dear Clerk of the Court,
>
> I represent Apple Inc. in the matter *Gjovik v. Apple Inc.*, No. 25-2028, and I write to confirm our understanding that the briefing schedule initially issued by the court (see Dkt. 2.1 at 2) was automatically suspended under 9th Cir. Rule 27-11 by the filing of Apple's motion at Dkt. 5.1, which requested dismissal of the appeal. In particular, could you please confirm that the June 5 deadline for Apple's answering brief is suspended?
>
> Thank you,
>
> **Melinda Riechert**
>
> Partner
>
> Orrick
> Silicon Valley ⊗
>
> T 650/614-7423
> M 6507591929

mriechert@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit B

Home (/)  >  Case Details (/casedetails/?id=f3138983-8df4-4361-97d4-4aafb99aa85c)  >  **New Filing**

0%

This page provides three filing options depending on existing filings in your case:

- Click **Respond to a Court Order, Court Notice or a Party Filing** to file a response. The system shows you a list of the filings you can respond to. If there are no filings that you can respond to in the case, this option does not appear.
- Click **Supplement or Correct My Filing** to supplement or correct one of your earlier filings in the case. If there are no filings that you can supplement or correct, this option does not appear.
- Click **New Filing** to enter a new filing that is not a response or a supplement/correction. This option always appears. When you click **New Filing**, you must select a Filing Category, then select a Filing Type. To search for and select a Filing Category and then a Filing Type, you must first click the magnifying glass icon. You can use an asterisk as a wildcard to search for filing categories and filing types.

**IMPORTANT:** Each request for relief must be submitted as a separate filing. Do not combine multiple requests for relief into one PDF or one filing. For example, a motion to extend time to respond to a motion and a motion to dismiss for lack jurisdiction must be submitted as two separate motions, each with their own filing type. Similarly, do not submit a response to a motion and a motion in one filing. For example, a response to a stay motion and a motion to dismiss for lack jurisdiction must be submitted as two separate filings, each with their own filing type.

+ Respond to a Court Order, Court Notice, or Party Filing

+ Supplement or Correct My Filing

– New Filing

**Filing Category**

| | ⌕ |
|---|---|

**Filing Type**

| | ⌕ |
|---|---|